UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bryon Stafford,<br><br>                               Plaintiff,<br>v.<br>Rite Aid Corporation,<br>                             Defendant. | Case No.: 3:17-cv-1340-AJB-JLB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY PENDING THE COURT'S RESOLUTION OF THE MOTION TO COMPEL ARBITRATION**<br><br>**(Doc. No. 82)** |

Before the Court is Rite Aid's motion to stay the case pending the Court's resolution on the currently-pending motion to compel arbitration. (Doc. No. 82.) Because Rite Aid's motion was filed two years into litigation and after extensive discovery has already been done, the Court finds a delay now would be prejudicial to the parties, the Court, and the Court's efficiency to run its docket. Accordingly, the Court **DENIES** Rite Aid's motion to stay.

## I. BACKGROUND

The case's facts are detailed in two orders denying dismissal. (Docs. No. 29, 41.) Relevant to this motion is Rite Aid's currently-pending motion to compel arbitration, which is set for hearing on September 26, 2019. (Docs. No. 78, 91.) In the meantime, Stafford's motion for class certification is due in December, thus he has been conducting class and merits discovery. (Doc. No. 82-1 at 6.)

## II. LEGAL STANDARDS

A court's power to stay proceedings is incidental to the inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and

litigants. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). A stay may be granted pending the outcome of other legal proceedings related to the case in the interests of judicial economy. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the court, thereby substantially simplifying the issues presented. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).

In determining whether a stay is appropriate, a district court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. "[I]f there is even a fair possibility that the stay . . . will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citation and internal quotation marks omitted). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864.

### III. DISCUSSION

Rite Aid argues the Court should grant the stay because if it is "required to proceed with pre-trial obligations relating to the merits of the underlying dispute, including discovery and class certification, before the Court decides whether to compel arbitration, 'the advantages of arbitration—speed and economy—are lost forever,' a loss the Ninth Circuit describes as 'serious, perhaps, irreparable.'" (Doc. No. 82-1 at 9 (quoting *Alascom, Inc. v. ITT N. Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984)).) Rite Aid also asserts that the same argument applies to its discovery and pre-trial obligations as well. (*Id.*) Rite Aid finally notes Stafford will not be prejudiced by such a stay. (*Id.*)

Stafford opposes the motion, arguing because it was filed so far into litigation after the parties have already conducted extensive discovery at considerable expense. (Doc. No. 87 at 6–7.) Stafford cites to a district court case denying a stay in similar circumstances as here where the motion to compel arbitration was brought so late in litigation. *See Jones v.*

*Deutsche Bank AG, et al.*, No. C 04 5357 JW (RS), 2007 WL 951811, at *1–2 (N.D. Cal. Mar. 28, 2007). In that case, the Court relied on these precise reasons in denying the defendant's motion to stay. *Id.*

Here, the balance weighs on Stafford's side. Rite Aid has brought two dismissal motions and, as admitted in Rite Aid's own motion, has already produced significant discovery. (Doc. No. 82-1 at 6–7.) In fact, Rite Aid benefited from this very discovery when it focused on whether "arbitration agreements in contracts between itself and relevant pharmacy benefits managers [ ] and third party payors [ ] are enforceable to require arbitration of Stafford's claims under the equitable estoppel doctrine." (*Id.* at 6.) This led to Rite Aid's revelation that "Stafford's claims are inextricably intertwined with the contracts between itself" and those "who adjudicated Stafford's prescription purchases at the heart of his claims." (*Id.*) This, Rite Aid argues, is why it is now seeking a motion to compel. (*Id.*)

Although Rite Aid may prevail on its arbitration motion, the Court finds granting a stay two years into litigation merely months before Plaintiff's class certification is due will prejudice the parties, the Court, and insert inefficiency into these proceedings. Based on the parties' representations, hundreds of thousands of documents have already been produced, (*id.*), thus it appears the lion share of the work may be over. Further, the Court finds it unjust to allow Rite Aid to benefit from the discovery process just enough to then use information discovered during that process as a sword to cut down Stafford's case and further delay the Court's schedule.

## IV.   CONCLUSION

Accordingly, the Court **DENIES** Rite Aid's motion to stay the case pending the outcome of the motion to compel. (Doc. No. 82.)

**IT IS SO ORDERED.**

Dated: August 14, 2019

Hon. Anthony J. Battaglia
United States District Judge