UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Bryon Stafford, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Rite Aid Corporation,<br><br>Defendant. | Case No.: 17-cv-1340-AJB-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL (Doc. No. 79)** |

Before the Court is Rite Aid's motion to file documents under seal in support of their motion to compel arbitration. (Doc. No. 79.) Defendants seek to keep parts of their motion under seal that reveal Plaintiff's personal health information or private contractual information between Rite and third-party payors regarding claims. (Doc. No. 79 at 2–3.) Because Rite Aid overcomes the strong presumption to public access and shows compelling reasons for sealing, the Court **GRANTS** Rite Aid's motion.

## I.  LEGAL STANDARDS

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v.*

*State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.' " *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

## II. DISCUSSION

The first category of information Rite Aid seeks to keep sealed is Plaintiff's protected health information and other personal information. Leave to file personal and confidential identification information under seal is properly granted because it "could become a vehicle for improper purposes." *McMillan v. Chaker*, 2017 WL 4417686, at *2 (S.D. Cal. 2017) (quoting *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). Indeed, Federal Rule of Civil Procedure 5.2 requires redaction of such information from public filings. Here, the information Rite Aid seeks to redact matches the personal and confidential information contemplated by these rules. Accordingly, the Court **GRANTS** its sealing.

The second category of information Rite Aid seeks to keep sealed is information between Rite Aid and its third-party payor parties which is subject to confidentiality provisions. Confidential contracts are properly sealed where disclosure "might harm [the] litigants' competitive standing." *See Golden Boy Promotions, Inc. v. Top Rank, Inc.*, No. 2:10-cv-01619-RLH-RJJ, 2011 WL 686362, at *2 (D. Nev. Feb. 17, 2011). Such harm

2

17-cv-1340-AJB-JLB

includes the divulgence of "trade secret information regarding [the] claim administration process which could be used by business competitors to circumvent the considerable time and resources necessary to develop such guidelines" and gain other unfair advantages through knowledge of such matters as the "internal decision-making process," the "approach to claim administration" and "pricing structure" that would otherwise remain confidential. *Watts v. Metropolitan Life Insurance Company*, No. 09cv829 WQH (WVG), 2010 WL 11508844, at *3 (S.D. Cal. Oct. 7, 2010). The secretive nature of such information and the resulting harm is further evidenced by the inclusion of a "confidentiality provision" in such contracts. *Golden Boy Promotions*, 2011 WL 686362, at *2; *see also In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, No. 11md2258 AJB (MDD), 2015 WL 13653885, at *1 (S.D. Cal. Jan. 20, 2015) (permitting sealing records where the records were "subject to a contractual duty of confidentiality"). In such cases, "compelling reasons outweigh the public's interest in disclosure" justifying filing the contracts under seal. *Watts*, 2010 WL 11508844, at *4.

Upon review, the Court agrees the information is the type that ought to be sealed and **GRANTS** Rite Aid's motion to seal it.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Rite Aid's motion to seal. (Doc. No. 79.)

**IT IS SO ORDERED.**

Dated: August 14, 2019

Hon. Anthony J. Battaglia
United States District Judge