MORGAN, LEWIS & BOCKIUS LLP
J. Warren Rissier (SBN 197939)
warren.rissier@morganlewis.com
Joseph Bias (SBN 257127)
joseph.bias@morganlewis.com
Alyssa D. O'Donnell (SBN 312662)
alyssa.odonnell@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   (213) 612-2500
Fax:  (213) 612-2501

Attorneys for Defendants,
Rite Aid Corporation and
Rite Aid Hdqtrs. Corp.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON STAFFORD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION,<br><br>Defendant. | Lead Case No. 3:17-cv-01340-TWR-AHG (Consolidated with Case No. 3:18-cv-00152-TWR-AHG)<br><br>Applicable to: 3:17-cv-01340-TWR-AHG; 3:18-cv-00152-TWR-AHG<br><br>**DEFENDANTS RITE AID CORPORATION'S AND RITE AID HDQTRS. CORP.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO STAY PENDING RESOLUTION OF NINTH CIRCUIT APPEAL IN *WASHINGTON v. CVS PHARMACY, INC.***<br><br>Date:         November 10, 2022<br>Time:        1:30 p.m.<br>Courtroom: 3A/Third Floor<br>Judge:       Hon. Todd W. Robinson |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

RITE AID'S REPLY BRIEF ISO
MOTION TO STAY PENDING APPEAL
3:17-cv-01340-TWR-AHG

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................4

II. ARGUMENT .........................................................................................................5

    A. Staying This Case Will Serve the Orderly Course of Justice. ...............6

    B. Denying the Stay Motion Would Impose Substantial Hardships. .......12

    C. A Stay Will Not Cause Plaintiffs Undue Hardship. ............................13

III. CONCLUSION ....................................................................................................13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

RITE AID'S REPLY BRIEF ISO
MOTION TO STAY PENDING APPEAL
3:17-cv-01340-TWR-AHG

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brown v. United States*,
2017 WL 1354850 (E.D. Cal. Jan. 20, 2017) .................................................. 5, 6

*County of Monmouth v. Rite Aid Corp.*,
No. 2:20-cv-02024-MSG (E.D. Pa.) ............................................................. 12, 13

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*,
498 F.3d 1059 (9th Cir. 2007) ............................................................................ 5

*Karoun Dairies, Inc. v. Karlacti, Inc.*,
2013 WL 4716202 (S.D. Cal. Sept. 3, 2013) ..................................................... 5

*Landis v. North American Co.*,
299 U.S. 248 (1936) ........................................................................................... 5

*Negron v. Cigna Health & Life Ins. Co.*,
2021 WL 2010788 (D. Conn. May 20, 2021) .................................................. 10

*Stafford v. Rite Aid Corp.*,
998 F.3d 862 (9th Cir. 2021) ..................................................................... *passim*

*Yong v. I.N.S.*,
208 F.3d 1116 (9th Cir. 2000) ............................................................................ 5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

RITE AID'S REPLY BRIEF ISO
MOTION TO STAY PENDING APPEAL
3:17-cv-01340-TWR-AHG

## I. INTRODUCTION

Plaintiffs' opposition reveals little material disagreement among the parties. The parties agree that the Court should weigh three factors in exercising its discretion to stay this case. They further agree that the primary factor here is whether a decision in the Appeal[1] may materially impact this case by simplifying issues of law or proof. They agree that the Appeal presents four questions, the first of which squarely addresses whether a pharmacy can be held liable for failing to disclose pricing information to consumers, and that this is a theory of liability underlying each of Plaintiffs' claims. While this alone would warrant a stay, Plaintiffs also do not dispute that the Appeal is poised to resolve other critical questions, including whether the putative class members' insurance plans are material to determining whether they paid an excessive copayment, whether PBM contracts govern U&C reporting and copayment collection, and the application (if any) of *Stafford v. Rite Aid Corp.*, 998 F.3d 862 (9th Cir. 2021) to this question.

Nevertheless, Plaintiffs insist a stay is not warranted. Plaintiffs' primary argument is to erect a strawman. They contend Rite Aid's motion depends on Plaintiffs asserting the same liability theory tried in *Washington*, which they disavow, saying their claims depend on "industry standards," not the PBM contracts. Rite Aid, however, made no such argument. Rather, the *Washington* plaintiffs' appeal rests, in part, on their contention that they tried claims based on the same theory Plaintiffs assert here. Plaintiffs' other argument is to surmise how the Ninth Circuit will rule and assert that such a forecasted ruling would be irrelevant here. Such merits determinations, however, are for the Ninth Circuit, not Plaintiffs. This motion turns on how issues presented in the Appeal may impact this case—not Plaintiffs' unilateral prognostications.

Because the Appeal presents critical issues, including those that may be dispositive of claims and class certification, and given Plaintiffs' inability to identify

---

[1] Capitalized terms have the same meaning as in Rite Aid's opening brief.

Morgan, Lewis & Bockius LLP
Attorneys at Law
Los Angeles

4

RITE AID'S REPLY BRIEF ISO
MOTION TO STAY PENDING APPEAL
3:17-cv-01340-TWR-AHG

hardships from a stay, Rite Aid's motion should be granted.

## II.  ARGUMENT

The parties agree that the Court has the inherent power to stay this case until the Appeal is resolved by the Ninth Circuit.  *See* Mot. (ECF No. 230-1) at 15; Opp. (ECF No. 233) at 9.  Purporting to quote *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007), Plaintiffs contend that a stay must be denied if there is "'even a fair possibility that [a] stay . . . will work damage' to another party."  Opp. at 9.  Plaintiff's partial quote distorts the truth; the full quote is: "*Landis* cautions that 'if there is even a fair possibility that the stay ... will work damage to some one else,' the stay may be inappropriate **absent a showing by the moving party of 'hardship or inequity.'**"  *Dependable Highway*, 498 F.3d at 1066 (emphasis added).  Thus, courts weigh "competing interests," which, on balance, may favor granting the motion even if a stay would cause Plaintiffs some damage.  *Karoun Dairies, Inc. v. Karlacti, Inc.*, 2013 WL 4716202, at *2 (S.D. Cal. Sept. 3, 2013) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

The parties agree that those competing interests are: (1) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the possible damage which may result from the granting of a stay."  Mot. at 16, Opp. at 9.  Plaintiffs, however, argue that Rite Aid must make a strong showing because it seeks an "indefinite stay."  Opp. at 9, 20-21 (citing *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000).  Not so.

Rite Aid seeks a stay only until the Ninth Circuit resolves the Appeal—not through any further appeals.  Mot. at 1.  This is not an indefinite stay.  *See Brown v. United States*, 2017 WL 1354850, at *3 (E.D. Cal. Jan. 20, 2017) (distinguishing *Yong* and finding a stay was not indefinite pending ruling on an appeal).  Plaintiffs appear to concede this but argue that Rite Aid still must make a strong showing because it filed other motions to stay, evincing an intent to "filibuster the litigation."

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Los Angeles

5

RITE AID'S REPLY BRIEF ISO
MOTION TO STAY PENDING APPEAL
3:17-cv-01340-TWR-AHG

Opp. at 21. This is fiction. Rite Aid filed a motion to stay pending a ruling on the motion to compel arbitration and another, in this Court and before the Ninth Circuit, to stay the case pending the subsequent appeal. These motions were filed to preserve the efficacy of arbitration. The parties then filed a joint motion to stay. These motions were appropriate on their merits evidenced by the fact that this Court granted the stay pending the arbitration appeal and in response to the joint stay motion. Rite Aid now files this motion to appropriately avoid wasting the Court's, the parties' and non-parties' resources.

On balance, the competing interests weigh in favor of a stay.

### A. Staying This Case Will Serve the Orderly Course of Justice.

Plaintiffs recognize that the critical question here is whether the Appeal may materially impact this case. Mot. at 17, 21-22; Opp. at 2, 10, 18-20. Plaintiffs do not dispute that the Appeal raises the following four issues:

1) Whether a pharmacy may be held liable for not disclosing to consumers its U&C price and the existence of lower membership program prices;

2) Whether these U&C claims require proof of the copayment terms in each class member's insurance plan;

3) Whether these U&C claims require plaintiffs to be third-party beneficiaries of the PBM contracts; and

4) What evidence is admissible to establish the industry understanding of U&C and the relevance of such evidence to proving liability.

The resolution of these issues may, and likely will, materially impact this case, and Plaintiffs fail to show otherwise.

<u>Omissions claim</u>. As explained in the motion: (1) the Appeal is poised to resolve whether a pharmacy may be liable for not disclosing to consumers U&C and/or discount program prices; and (2) the Appeal decision will impact this case because Plaintiffs assert that claim here. Mot. at 13, 19-20; Bias Decl. Ex. A at 34-36, 43-47. Plaintiffs do not dispute that they assert this claim or that a pharmacy's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

RITE AID'S REPLY BRIEF ISO
MOTION TO STAY PENDING APPEAL
3:17-cv-01340-TWR-AHG

duty to disclose such information is the pivotal question in the Appeal.

Nevertheless, Plaintiffs erroneously argue the Appeal will not impact this case because their "omission-based claims . . . have already been sustained . . . by this Court." Opp. at 18. If anything, this Court's prior orders reflect a belief that Plaintiffs are not asserting omission claims. Order on MTD (ECF No. 41) at 4-5. The Ninth Circuit, however, found otherwise, and Plaintiffs' brief confirms this. Mot. at 19 (quoting *Stafford v. Rite Aid*, 998 F.3d at 866); Opp. at 18. Regardless, even if this Court had "sustained" an omission claim (it has not), that decision would be subject to reconsideration in light of a decision in the Appeal.

Plaintiffs next argue that as "masters of their complaint," they are not required to amend to strike their omission-based claims, regardless of the Appeal's outcome. Opp. at 18. To an extent, Plaintiffs are correct. Rite Aid assumed that Plaintiffs would amend to conform to the Ninth Circuit's decision, but if necessary, Rite Aid could address this by dispositive motion. Either way, the Appeal's outcome is important.

Plaintiffs' last argument attempts to distinguish their claims from those in the Appeal, arguing that their omission claims here turn not on what was disclosed to PBMs, but rather on what was disclosed "to consumers" "about the price of RSP drugs." *Id.* But this precise claim is at issue in the Appeal, and Rite Aid never argued otherwise.[2] Plaintiffs' consumer disclosure claim spotlights a conclusive reason this case should be stayed. The Ninth Circuit is determining whether one of Plaintiffs' two liability theories is legally viable. Neither the Court nor the parties should expend resources on these claims during that review.

<u>Insurance Plans' Copayment Terms</u>. The Appeal is also poised to resolve whether these U&C claims turn on the terms of the class members' insurance plans

---

[2] Plaintiffs take issue with whether they asserted an affirmative misrepresentation claim that the pharmacies allegedly reported false U&C prices to PBMs and/or insurance companies. Opp. at 18. This, however, was the Ninth Circuit's characterization of their claim. *See Stafford*, 998 F.3d at 866.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

RITE AID'S REPLY BRIEF ISO
MOTION TO STAY PENDING APPEAL
3:17-cv-01340-TWR-AHG

that dictate the amount of the copayment. Mot. at 20. The answer will either demonstrate the need for extensive discovery and litigation regarding tens of thousands of different insurance plans or provide invaluable guidance on what evidence satisfies the burden of proving a copayment was inflated. *Id*. at 20-21.

Plaintiffs argue that the Ninth Circuit's resolution of this issue is irrelevant here because they intend to "prove causation on a classwide basis" through transactional records, which "will show whether Rite Aid actually charged consumers an amount higher than the U&C price . . . resulting in an overcharge." Opp. at 19. They further argue that this motion rests on a false assertion—i.e., that Plaintiffs, like the *Washington* plaintiffs, are pursuing a theory of liability that depends on Rite Aid's obligations under the PBM contracts. Plaintiffs contend the Ninth Circuit in *Stafford*, 998 F.3d 862, held that contracts are irrelevant here because Plaintiffs are pursuing claims based on "industry standards" that allegedly define U&C and require an insured be charged no more than the U&C price, amounting to a "price ceiling." Opp. at 3, 10, 12-16, 19. Indeed, Plaintiffs rely on this purported distinction as the sole basis for arguing that the numerous decisions Rite Aid cited in its Motion are inapplicable. Opp. at 15, 16-17.

Plaintiffs' arguments miss their mark. Plaintiffs' intent to rely on transactional records presupposes the existence of a "price ceiling" capping the copayment at the U&C price. This simply begs the question, what authority imposes this price cap? Contracts between the pharmacy and the PBM? Insurance plan terms? Industry standards? This is precisely the issue before the Ninth Circuit in the Appeal. *Compare* Bias Decl. Ex. B at 65-66 (CVS arguing that the "insurance policy determines whether the copayment is capped at a U&C price") *with* Ex. C at 27-28 (plaintiffs arguing "the industry standard" caps the copayment amount at the U&C price and transaction data sufficed to establish overcharges).

Contrary to Plaintiffs' characterization, Rite Aid's motion does not depend on this Court determining that Plaintiffs allege contract-based claims. <u>Just the opposite</u>.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

RITE AID'S REPLY BRIEF ISO
MOTION TO STAY PENDING APPEAL
3:17-cv-01340-TWR-AHG

Rite Aid accepts Plaintiffs' representation that their claims are premised on violations of "industry standards"—not the PBM contracts. Indeed, it would seem that they are estopped from arguing otherwise, given the decision in *Stafford*, 998 F.3d 862. What Plaintiffs ignore, however, is that the plaintiffs in the Appeal argue that they tried their claims on the same theory—i.e., that "industry standards," not contracts, define and prohibit collecting copayments in excess of the U&C price. Bias Decl. Ex. A at 44; Ex. C at 27-28. Trying to set themselves apart, Plaintiffs here echo CVS's arguments, asserting that the *Washington* plaintiffs brought claims based on the PBM contracts and are estopped from arguing otherwise now. Opp. at 8, 13-15; Bias Decl. Ex. B at 47-51. While Plaintiffs may believe that CVS has the better of the argument, this is an issue for the Ninth Circuit to decide, not Plaintiffs.

Moreover, Plaintiffs wrongly rely on *Stafford*, 998 F.3d 862, to argue the Appeal's resolution of this issue is irrelevant. In *Stafford*, the court recognized that the terms of "insurance plans" dictate "the amount that the plan participant must pay for the prescription drug." *Id*. at 864. While the court assumed that "many" plans dictate that amount to be "a percentage of the [U&C] price," it did so at the pleadings stage without supporting authority and this assumption does not hold true for most plans, as explained in CVS's briefing and Rite Aid's motion. The court then determined that equitable estoppel would not apply to compel arbitration of a nonsignatory's claims seeking damages for the breach of a common law and/or a statutory duty. *Id*. at 866-67. Applying this interpretation, the court held that Plaintiffs' claims—as pled—did not seek damages for breaches of the PBM contracts, did not depend on those contracts, and thus were not subject to arbitration. *Id*. at 867. While the interpretation of *Stafford* and its application in these U&C cases is an issue in the Appeal (Mot. at 13-14, 21), the opinion plainly did not establish that the insurance plans are irrelevant here.

As Plaintiffs admit, it "is anyone's guess" how the Ninth Circuit will rule on this issue. Opp. at 19. But its ruling likely will materially impact this case. For

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

RITE AID'S REPLY BRIEF ISO
MOTION TO STAY PENDING APPEAL
3:17-cv-01340-TWR-AHG

example, if the insurance plans are material to whether a copayment was actually inflated or a putative class member harmed, individualized issues necessary to resolve the meaning of copayment terms in tens of thousands of plans will overwhelm common issue preventing class certification—a reality illustrated in *Negron v. Cigna Health & Life Ins. Co.*, 2021 WL 2010788, at *1 (D. Conn. May 20, 2021) (denying class certification given differences in thousands of plans).

<u>Third-Party Beneficiary Status</u>.  Plaintiffs in the Appeal also contend the trial court erred in instructing the jury "to consider" whether plaintiffs are third-party beneficiaries of CVS's PBM contracts.  The *Washington* parties disagree about the impact of *Stafford*, 998 F.3d 862, on the propriety of that instruction.  Mot. at 21-22. As further explained in the Motion, how the Ninth Circuit resolves this issue is of pivotal importance here where the proper interpretation and application of *Stafford* as well as the relationship between the PBM contracts and the claims will arise in a number of contexts from dispositive motions and class certification to discovery disputes (*id*.), a reality confirmed by Plaintiffs' many subpoenas demanding documents and depositions regarding Rite Aid's PBM contracts (Opp. at 23, n.13).

Once again, Plaintiffs disagree based on their prediction of the Appeal's results.  Opp. at 19-20.  Specifically, they predict first that the *Washington* plaintiffs are correct: the *Stafford* opinion determined that the U&C claims depended on industry standards, not the PBM contracts, and that the instruction was improper as a matter of law.  They then predict that CVS is also correct: the *Washington* plaintiffs are judicially estopped from challenging the instruction given their purported prior position on the third-party beneficiary issue.  *Id*. at 19.  Based on their predictions, Plaintiffs surmise that a decision in the Appeal can only either hold the instruction was improper or affirm based on estoppel.  *Id*.  Either way, Plaintiffs say the decision will have "no impact on this case," because they are not pursuing a contract-based theory of liability.  *Id*. at 19-20.

Plaintiffs' arguments illustrate the need for a stay.  First, Plaintiffs ignore that,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

RITE AID'S REPLY BRIEF ISO
MOTION TO STAY PENDING APPEAL
3:17-cv-01340-TWR-AHG

even under their predictions, the Ninth Circuit could decide that the instruction was erroneous and clarify the relationship between the claims and the PBM contracts. Such a ruling would be instructive here as the Court and the parties contend with the same issues. Second, Plaintiffs ignore: (1) the *Washington* plaintiffs' argument against estoppel, and (2) CVS's arguments that (a) the instruction was legally proper, irrespective of the estoppel issue, and (b) the *Stafford* decision is irrelevant because it addressed a distinct issue and confined its assessment to the claims as pled without analysis of how the claims would be proven, whereas the propriety of the jury instruction depends on the evidence presented at trial. Bias Decl. Ex. C at 191-92 and Ex. B at 52-53, 144-45. The Ninth Circuit's decision here could take a number of different paths—including agreeing with the arguments Plaintiffs ignore. The impact of such a decision here would be material (Mot. at 21-22), and Plaintiffs fail to show otherwise.

Industry Understanding Evidence. The Appeal raises questions concerning the relevance and admissibility of industry understanding evidence, and the resolution of these questions may materially impact this litigation, given that Plaintiffs' claims are premised on the same assertion that an industry understanding dictates a pharmacy's U&C price and the amount it may be paid for filling prescriptions. Mot. at 22. Plaintiffs do not dispute this. However, they predict that the Ninth Circuit's decision will only be relevant to the admissibility of a narrow category of evidence: other U&C lawsuits against pharmacies. Opp. at 20. Through this lens, Plaintiffs argue that a stay is unwarranted as they have other types of industry understanding evidence. *Id*.

Plaintiffs ignore the likely impact of the reasoning the Ninth Circuit will employ in resolving this issue on the admissibility other types of industry understanding evidence. Their prediction that the decision will not provide such insight cannot be accepted, given that the issue is for the Ninth Circuit—not Plaintiffs—to decide, and is illogical given the need to address relevance to determine

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

RITE AID'S REPLY BRIEF ISO
MOTION TO STAY PENDING APPEAL
3:17-cv-01340-TWR-AHG

admissibility. Moreover, plaintiffs do not dispute that they seek to admit comparable evidence of other lawsuits. Thus, even under Plaintiffs' prediction, the decision would address the admissibility of a category of evidence on a critical liability topic. As explained in CVS's briefing, the resolution of this issue has material impacts on both litigation and discovery, for if such evidence were admissible, substantial discovery and litigation would be needed regarding those lawsuits, the plaintiffs, their representation, and their facts. Bias Decl. Ex. B at 148.

Given the importance of these issues, the decision in *Washington* may, and likely will, simplify several critical questions of law and proof, materially impacting litigation and discovery in this case. The orderly course of justice, therefore, weighs in favor of staying this case until that decision is rendered, and Plaintiffs have not identified any reason to conclude otherwise.

### B. Denying the Stay Motion Would Impose Substantial Hardships.

Plaintiffs do not dispute that this factor weighs in favor of a stay where pressing forward leaves the court without clear answers to legal questions that are pending before the Ninth Circuit (like those described above), which may result in other hardships, including relitigating of issues and pursuing unnecessary discovery. Mot. at 22-24. Instead, Plaintiffs argue the Appeal merely involves "jury instructions and the admissibility of evidence at trial," the resolution of which will not have any clear impact on this case. Opp. at 22-24. In support, Plaintiffs cite the decision in *County of Monmouth v. Rite Aid Corp.*, No. 2:20-cv-02024-MSG (E.D. Pa.) to stay that case until resolution of the pending dispositive motions but not until the resolution of the Appeal. Notice of Supp. Auth. (ECF No. 237).

As illustrated above, the decision in the Appeal may, and likely will, materially affect this case in a number of ways, including the validity of Plaintiffs' omissions claims, the need to resolve the copayment terms of each class member's insurance plan to determine the connection (if any) to a pharmacy's U&C price, and the impact (if any) of the *Stafford* decision on the evidence required to prove these U&C claims.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

RITE AID'S REPLY BRIEF ISO
MOTION TO STAY PENDING APPEAL
3:17-cv-01340-TWR-AHG

These issues will arise in the coming months as Rite Aid seeks dismissal of certain claims and the parties conduct discovery. The fact that these issues arise in the Appeal from jury instructions and evidentiary rulings does not affect their potential to impact this case but rather reflects the fact that the Appeal was taken from a post-trial judgment. The *Monmouth* court's decision was made without the benefit of any stay motion, let alone the fulsome briefing now before this Court that indisputably demonstrates the significance of the Appeal.

### C. A Stay Will Not Cause Plaintiffs Undue Hardship.

Plaintiffs do not dispute that mere delay in expected monetary recovery or general assertions of aging witnesses and fading memories fails to establish prejudice. Mot. at 24; Opp. at 21-22. Plaintiffs instead argue: (1) Rite Aid could resurrect the Rx Savings Program, which was terminated in 2020, and (2) any delay increases the risk that Rite Aid may file for bankruptcy before Plaintiffs obtain a judgment, given Rite Aid's financial distress. Opp. at 21-22.

Neither constitute prejudice that would support denying the motion. First, Plaintiffs do not even attempt to draw a connection between a stay and any risk of the Rx Savings Program's resurrection; nor is any apparent. Second, Rite Aid's financial distress is not a reason to deny the motion. Just the opposite. The motion seeks to save precious resources from waste caused by pressing ahead without the Ninth Circuit's direction on the critical issues discussed above.

### III. CONCLUSION

Rite Aid respectfully requests that the Court grant its motion and stay this case pending the Ninth Circuit's decision in the Appeal.

Dated: November 3, 2022          MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *J. Warren Rissier*
      J. Warren Rissier

Attorneys for Defendants, Rite Aid Corporation and Rite Aid Hdqtrs. Corp.