UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON STAFFORD, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>RITE AID CORPORATION,<br><br>              Defendant. | Lead Case No.: 17-CV-1340 TWR (JLB) (consolidated with No. 18-CV-152 TWR (JLB))<br><br>**ORDER (1) VACATING HEARING, AND (2) DENYING DEFENDANTS' MOTION TO STAY**<br><br>(ECF No. 230) |

Presently before the Court is the Motion to Stay Pending Resolution of Ninth Circuit Appeal in *Washington v. CVS Pharmacy, Inc.*, No. 21-16162 (9th Cir. filed July 12, 2021) (the "*Washington* appeal") ("Mot.," ECF No. 230), filed by Defendants Rite Aid Corporation and Rite Aid Hdqtrs. Corp., as well as Plaintiffs Bryon Stafford and Robert Josten's Response in Opposition to the Motion ("Opp'n," ECF No. 233), Defendants' Reply in Support of the Motion ("Reply," ECF No. 238), and Plaintiffs' Notice of Supplemental Authority. (*See* ECF No. 237-1 (Order, *County of Monmouth v. Rite Aid Corp.*, No. 20-cv-2024 (E.D. Pa. filed Oct. 19, 2022)) (the "*Monmouth* Order".) The Court **VACATES** the hearing scheduled for November 10, 2022, and takes the Motion under submission on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

Having carefully considered Defendant's Motion, the *Washington* appeal, the Parties' arguments, and the relevant law, the Court **DENIES** Defendant's Motion.

**BACKGROUND**

Plaintiff Bryon Stafford initiated this putative class action on June 30, 2017, alleging causes of action against Rite Aid Corporation for violations of the California Unfair Competition Law ("UCL"), violations of the California Consumer Legal Remedies Act ("CLRA"), unjust enrichment, and negligent misrepresentation.  (*See generally* ECF No. 1.)  Specifically, Plaintiff alleged that, "[a]t bottom, this action concerns Rite Aid's illegal practice of overcharging customers enrolled in public or private health care plans for generic prescription drugs by submitting to third-party payors claims for payment at prices that Rite Aid has knowingly and intentionally inflated about its 'usual and customary' prices." (*See id.* ¶ 8.)

Plaintiff Stafford amended his Complaint on July 28, 2017, (*see generally* ECF No. 18), and Rite Aid Corporation moved to dismiss.  (*See generally* ECF No. 19.)  On December 19, 2017, the Honorable Anthony J. Battaglia granted Rite Aid Corporation's motion to dismiss, dismissing without prejudice Plaintiff Stafford's claims as time-barred. (*See generally* ECF No. 29.)  Plaintiff Stafford filed a further amended complaint on January 9, 2018, adding allegations to support equitable tolling on the statute of limitations. (*See generally* ECF No. 30.)  Defendant Rite Aid Corporation against moved to dismiss on January 23, 2018.  (*See* ECF No. 32.)

Plaintiff Robert Josten also filed his own putative class action on January 23, 2018, alleging similar causes of action for negligent misrepresentation, unjust enrichment, violation of the unfair and unlawful prongs of the UCL, violation of the CLRA, and declaratory and injunctive relief.  (*See generally* No. 18-CV-152, ECF No. 1.)  Rite Aid Corporation moved to dismiss the *Josten* action on March 16, 2018.  (*See generally* No. 18-CV-152, ECF No. 15.)

On September 28, 2018, Judge Battaglia denied Rite Aid Corporation's motion to dismiss the *Stafford* action, concluding that Plaintiff Stafford had adequately alleged his

causes of action.   (*See generally* ECF No. 41.)   Rite Aid Corporation subsequently answered Stafford's Second Amended Complaint, (*see generally* ECF No. 42), and the case proceeded to discovery.   (*See generally* Docket.)   Rite Aid Corporation moved to compel arbitration as to Plaintiff Stafford on June 17, 2019.   (*See generally* ECF No. 78.)

Meanwhile, Judge Battaglia granted Rite Aid Corporation's motion to dismiss the *Josten* action for failure adequately to plead tolling of the statute of limitations on November 20, 2018.   (*See generally* No. 18-CV-152, ECF No. 25.)   Plaintiff Josten filed an amended complaint on December 11, 2018, (*see generally* No. 18-CV-152, ECF No. 27), which Rite Aid Corporation moved to dismiss on December 21, 2018.   (*See generally* No. 18-CV-152, ECF No. 28.)   Judge Battaglia denied the motion on August 7, 2019, concluding that Plaintiff Josten had "appropriately allege[d] tolling" and that "Josten's claims do not arise under The Medicare Act and are thus not subject to its exhaustion requirements."   (*See generally* No. 18-CV-152, ECF No. 38.)

At the Parties' request, (*see* ECF No. 100; No. 18-CV-152, ECF No. 57), the *Stafford* and *Josten* actions were consolidated on October 24, 2019.   (*See* ECF No. 101; No. 18-CV-152, ECF No. 58.)   Rite Aid filed a motion to compel arbitration as to Plaintiff Josten on December 30, 2019.   (*See generally* ECF No. 114.)   Judge Battaglia denied the motion to compel arbitration as to Plaintiff Stafford on February 25, 2020, (*see* ECF No. 134), and granted the Parties' joint motion to add Rite Aid Hdqtrs. Corp. as a Defendant on March 4, 2020.   (*See* ECF No. 138.)   Plaintiffs filed their respective operative complaints on March 6, 2020.   (*See* ECF Nos. 145 ("Stafford TAC"), 146 ("Josten SAC").)

On March 24, 2020, Defendant Rite Aid Corporation appealed Judge Battaglia's denial of its motion to compel arbitration as to Plaintiff Stafford.   (*See* ECF No. 148.)   The Parties then proceeded to discovery, (*see, e.g.*, ECF No. 152), and Defendant Rite Aid Hdqtrs. Corp. moved to compel arbitration as to Plaintiff Stafford, (*see* ECF No. 163), and Plaintiff Josten.   (*See* ECF No. 166.)   On June 10, 2020, Defendants moved *ex parte* to stay the consolidated actions in light of their then-pending appeal of the arbitration issue, (*see*

/ / /

ECF No. 183), which request Judge Battaglia granted on July 30, 2020.  (*See* ECF No. 196.)

These consolidated actions were then transferred to the undersigned on October 6, 2020, (*see* ECF No. 201), at which time the Court denied without prejudice the pending motion to compel arbitration as to Plaintiff Josten.  (*See* ECF No. 202.)  On May 21, 2021, the Ninth Circuit affirmed Judge Battaglia's denial of Defendant Rite Aid Corporation's motion to compel arbitration as to Plaintiff Stafford.  *See Stafford v. Rite Aid Corp.*, 998 F.3d 862 (9th Cir. 2021).  The Court therefore lifted the stay on July 20, 2021.  (*See* ECF No. 209).

On August 3, 2021, however, the Parties jointly moved to stay these proceedings pending mediation.   (*See* ECF No. 211.) These consolidated actions remained stayed pending mediation for over a year until the Court lifted the stay on September 1, 2022, (*see* ECF No. 227), following an "impasse" in the Parties' settlement negotiations.  (*See* ECF No. 226.)  As intimated in the Parties' August 31, 2022 Joint Status Report, the instant Motion followed on September 15, 2022.  (*See generally* ECF No. 230.)

## LEGAL STANDARD

The court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants."  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The court must consider three factors in determining whether to issue a stay: (1) the possible damage which may result from granting a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.  *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).  "The proponent of a stay bears the burden of establishing its need."  *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citation omitted).  If the opposing party can show "even a fair possibility" of harm due to the stay, the party requesting the stay "must make out a clear case of hardship or inequity."  *See*

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 255).

## ANALYSIS

Rite Aid requests that the Court stay this action "until the resolution of the appeal in *Washington v. CVS Pharmacy, Inc.*, No. 21-16162 (9th Cir., filed July 9, 2021)." (*See* Mot. at 2.) According to Rite Aid, "[t]he *Washington* appeal is poised to resolve several questions that are critical for efficient discovery and resolution of discovery disputes, class certification, summary judgment and, if necessary, trial of this action" because, "[a]s in this case, *Washington* involves consumers asserting that the pharmacy violated a duty to not collect a copayment from them that exceeded its 'usual and customary' ("U&C") price, which the consumers allege was the special discounted price offered to members of the pharmacy's membership discount program." (*See id.*) Plaintiffs respond that "[n]either the substance nor pendency of *Washington* impact proceedings in this action" because "Plaintiffs here are not proceeding on the same contract-based theories of liability as in *Washington*." (*See* Opp'n at 1.)

The Court agrees with Plaintiffs. In *Washington*, the plaintiffs-appellants argue that the district court erred when it instructed the jury "as to third-party beneficiary status under the contracts between CVS and the pharmacy benefit managers" because the plaintiffs did not advance a breach-of-contract claim at trial. (*See* ECF No. 230-2 ("Ex. A") at 24.) Here, by contrast, Judge Battaglia has determined, (*see* ECF No. 41 at 14 n.1), and reaffirmed, (*see* ECF No. 134 at 6)—and the Ninth Circuit has affirmed, *see Stafford*, 998 F.3d at 867–68—that Plaintiffs' claims do not depend on the contracts between Defendants and their pharmacy benefit managers. Further, as the Honorable Mitchell S. Goldberg recently determined in *County of Monmouth v. Rite Aid Corporation*, "the issues on appeal [in *Washington*] are mostly evidentiary, and there is therefore no reason to stay discovery while the appeal proceeds." (*See Monmouth* Order at 2.) Defendants have therefore failed to demonstrate that awaiting a decision from the Ninth Circuit in *Washington* will further the "orderly course of justice" by simplifying issues in these consolidated proceedings.

Indeed, *Stafford*—which was filed over five years ago, (*see generally* ECF No. 1)— is the second oldest case on the Court's docket (*Josten* is the third). These consolidated actions have essentially been stayed since July 30, 2020, pending appeal and then mediation. (*See* ECF Nos. 196, 212.) As early as August 3, 2021, the Parties represented to the Court that "[t]he stay requested should not materially delay trial." (*See, e.g.*, ECF No. 211 at 2.) The Court extended the stay pending mediation several times based on its understanding that the Parties were working diligently and in good faith toward settlement. (*See* ECF Nos. 219, 221, 223, 225; *see also, e.g.*, ECF No. 224 ¶ 4 ("Since the last joint status report was filed, the parties have made progress towards a potential resolution, and have agreed to continue discussions in the coming weeks.").) The Court was therefore surprised when the Parties reported on August 31, 2022, that their settlement negotiations had failed, (*see* ECF No. 226), leaving these relatively ancient consolidated proceedings in their nascency and in the midst of discovery. Given these circumstances, all of the *Landis* factors—the possible damage from granting a stay, the hardship in requiring Defendants to go forward, and the orderly course of justice—weigh against the granting of a further stay in this action. *See, e.g.*, *Reyes v. Educ. Credit Mgmt. Corp.*, No. 15-CV-00628-BAS-AGS, 2017 WL 4640418, at *5 (S.D. Cal. Oct. 17, 2017) (concluding that "the public interest does not warrant a stay of all proceedings given the length of time this case has been pending and the underlying allegations" where "[t]his case is over two and a half years old"). The Court therefore **DENIES** Defendants' Motion.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Defendant's Motion to Stay (ECF No. 230). Accordingly, the Parties **SHALL CONTACT** Magistrate Judge Goddard's

/ / /

/ / /

/ / /

/ / /

/ / /

chambers within <u>three (3) court days</u> of the electronic docketing of this Order to obtain an updated Scheduling Order.

**IT IS SO ORDERED.**

Dated: November 3, 2022

Honorable Todd W. Robinson
United States District Judge