UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON STAFFORD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RITE AID CORPORATION,<br><br>Defendant. | Lead Case No.:  3:17-cv-1340-TWR-AHG<br>Consolidated with: 3:18-cv-152-TWR-AHG<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS IN A CLASS ACTION CASE** |

Following the Court's denial of Defendants' Motion to Stay on November 3, 2022 (ECF No. 239), and in accordance with that Order, the parties contacted the chambers of Magistrate Judge Allison H. Goddard to obtain an updated Scheduling Order. Thereafter, on November 10, 2022, counsel filed an updated proposed case schedule pursuant to Judge Goddard's instructions. ECF No. 241. After reviewing the case schedule proposed by the parties and conferring with the presiding District Judge in this matter, and good cause appearing, the Court **HEREBY ORDERS** as follows:

1. Any motion for judgment on the pleadings must be filed by **January 9, 2023**.
2. Class discovery must be completed by **April 7, 2023**.

3. Plaintiff's class certification motion must be filed by **June 12, 2023**. Plaintiff's counsel must obtain a motion hearing date in accordance with the chambers rules of the district judge.

4. All fact discovery shall be completed by all parties by **October 6, 2023**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each party's position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

5. The Parties shall designate their respective experts in writing by **November 10, 2023**. The Parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts

shall be by **December 8, 2023**. The written designations shall include the name, address, and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

6. By **November 10, 2023**, each Party shall comply with the disclosure provisions in Rules 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the Party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any Party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).**

7. Any Party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rule of Civil Procedure 26(a)(2)(D) by **December 8, 2023**.

8. All expert discovery shall be completed by all Parties by **January 12, 2024**. The Parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

9. Failure to comply with this section or any other discovery Order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

10. All other pretrial motions must be filed by **February 16, 2024**. Counsel for the moving Party must obtain a motion hearing date from the law clerk of the Judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one District Judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions *in limine* are to be filed as directed in the Civil Local Rules or as otherwise set by the District Judge.

| | |
|---|---|
| 1 | 11. A Mandatory Settlement Conference shall be conducted on **April 26, 2024** at |
| 2 | **9:30 a.m.** in the chambers of **Magistrate Judge Allison H. Goddard**. Plaintiff must serve |
| 3 | on Defendant a **written** settlement proposal, which must include a specific demand |
| 4 | amount, no later than **April 5, 2024**. The defendant must respond to the plaintiff **in writing** |
| 5 | with a specific offer amount prior to the Meet and Confer discussion. The parties should |
| 6 | not file or otherwise copy the Court on these exchanges. Rather, the parties must include |
| 7 | their written settlement proposals in their respective Settlement Conference Statements to |
| 8 | the Court. Counsel for the parties must meet and confer in person or by phone no later |
| 9 | than **April 12, 2024**. |
| 10 | Each party must prepare a Settlement Conference Statement, which will be served |
| 11 | on opposing counsel and lodged with the Court no later than **April 19, 2024**. The Statement |
| 12 | must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). |
| 13 | The substance of the Settlement Conference Statement must comply fully with Judge |
| 14 | Goddard's Mandatory Settlement Conference Rules (located at |
| 15 | https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlem |
| 16 | ent%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential |
| 17 | Settlement Letter for the Court's review only, to be lodged with the Court no later than |
| 18 | **April 19, 2024**. The Letter must be lodged in .pdf format via email to |
| 19 | efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, |
| 20 | the substance of the Settlement Conference Letter must comply fully with Judge Goddard's |
| 21 | Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully** |
| 22 | **comply with the Chambers Rules and Mandatory Settlement Conference Rules of** |
| 23 | **Magistrate Judge Allison H. Goddard.** |
| 24 | 12. Counsel shall file their Memoranda of Contentions of Fact and Law and take |
| 25 | any other action required by Civil Local Rule 16.1(f)(2) by **May 22, 2024**. |
| 26 | 13. Counsel shall comply with the pretrial disclosure requirements of Federal |
| 27 | Rule of Civil Procedure 26(a)(3) by **May 22, 2024**. Failure to comply with these disclosure |
| 28 | requirements could result in evidence preclusion or other sanctions under Federal Rule of |

Civil Procedure 37.

14. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **May 29, 2024**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in the simplification of triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other Party's Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the Proposed Pretrial Conference Order.

15. Counsel for Plaintiff will be responsible for preparing the Proposed Pretrial Order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **June 5, 2024**, Plaintiff's counsel must provide opposing counsel with the Proposed Pretrial Order for review and approval. Opposing counsel must communicate promptly with Plaintiff's attorney concerning any objections to form or content of the Proposed Pretrial Order, and both Parties shall attempt promptly to resolve their differences, if any, concerning the Proposed Pretrial Order.

16. The Proposed Final Pretrial Conference Order, including objections to any other Party's Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures shall be prepared, served, and lodged with the assigned District Judge by **June 12, 2024**, and shall be in the form prescribed by and comply with Civil Local Rule 16.1(f)(6).

17. The final Pretrial Conference is scheduled on the calendar of the **Honorable Todd W. Robinson** on **June 19, 2024** at **1:30 p.m.**

18. The Parties must review the Chambers' Rules for the assigned District Judge and Magistrate Judge.

19. A post-trial settlement conference before a Magistrate Judge may be held within thirty (30) days of verdict in the case.

20. The dates and times set forth herein will not be modified except for good cause shown.

21. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a District Judge. No reply memorandum shall exceed ten (10) pages without leave of a District Judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

22. Plaintiff's counsel shall serve a copy of this Order on all Parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: November 15, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge