| | |
|---|---|
| 1 | **HUNTON ANDREWS KURTH LLP** |
| 2 | Ann Marie Mortimer (Bar No. 169077) |
|   | amortimer@HuntonAK.com |
| 3 | Kirk A. Hornbeck (Bar No. 241708) |
|   | khornbeck@HuntonAK.com |
| 4 | 550 South Hope Street, Suite 2000 |
| 5 | Los Angeles, CA 90071 |
|   | Telephone: (213) 532-2000 |
| 6 |   |
| 7 | Attorneys for Defendants |
|   | RITE AID CORPORATION and |
| 8 | RITE AID HDQTRS. CORP. |
| 9 | *[Additional Counsel Listed On Next Page]* |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BYRON STAFFORD, Individually and on Behalf of All Others Similarly Situated, | Lead Case No.: 3:17-cv-01340-TWR-AHG (Consolidated with No. 3:18-cv-00152-TWR-AHG) |
| Plaintiff, | Applicable to both *Stafford v. Rite Aid Corp.,* Case No. 3:17-cv-01340-TWR-AHG and *Josten v. Rite Aid Corp.*, Case No. 3:18-cv-00152-TWR-AHG. |
| vs. | |
| RITE AID CORPORATION and RITE AID HDQTRS. CORP., | **DEFENDANTS' MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANTS' PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS** |
| Defendants. | |
| | Date: March 23, 2023 |
| | Time: 3:00 p.m. |
| | Judge: Hon. Todd W. Robinson |
| | Stafford Third Amended Complaint and Josten Second Amended Complaint filed Mar. 6, 2020 |
| | Trial Dates: None Set |

1 Neil K. Gilman (*pro hac vice*)
District of Columbia Bar No. 449226
2 ngilman@HuntonAK.com
3 Christopher J. Dufek (*pro hac vice*)
District of Columbia Bar No. 1020954
4 cdufek@HuntonAK.com
5 Brianne Reese (*pro hac vice*)
District of Columbia Bar No. 1672902
6 breese@HuntonAK.com
7 **HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Ave., N.W.
8 Washington, D.C. 20037
Telephone: (202) 955-1500
9
10 John B. Shely (*pro hac vice*)
jshely@HuntonAK.com
11 Texas Bar No. 18215300
12 Courtney B. Glaser (*pro hac vice*)
Texas Bar No. 24059824
13 cglaser@HuntonAK.com
14 Kelsey J. Hope (*pro hac vice*)
Texas Bar No. 24092538
15 khope@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
16 600 Travis Street
Houston, TX 77002
17 Telephone: (713) 220-42003
18
Attorneys for Defendants
19 RITE AID CORPORATION and
RITE AID HDQTRS. CORP.
20

21

22

23

24

25

26

27

28

DEFENDANTS' MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS
Lead Case No. 3:17-cv-01340-TWR-AHG

# TABLE OF CONTENTS

STATEMENT OF FACTS AND PROCEDURAL HISTORY ................................ 1

ARGUMENT .......................................................................................................... 2

    I.    Legal Standard ................................................................................... 2

    II.   Plaintiffs' Equitable Relief Claims Fail Because They Cannot Show They Lack An Adequate Legal Remedy ............................................... 3

CONCLUSION ....................................................................................................... 7

DEFENDANTS' MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF
DEFENDANTS' PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS
Lead Case No. 3:17-cv-01340-TWR-AHG

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Clapper v. Amnesty Int'l USA*
568 U.S. 398 (2013) .................................................................................................. 6

*Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*
887 F.2d 228 (9th Cir. 1989) .................................................................................... 2

*Guzman v. Polaris Indus. Inc.*
49 F.4th 1308 (9th Cir. 2022) ............................................................................. 3, 6

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*
896 F.2d 1542 (9th Cir. 1990) .................................................................................. 2

*Klaehn v. Cali Bamboo, LLC*
No. 19-CV-1498 TWR (KSC), 2021 WL 3044166 (S.D. Cal. June 14, 2021) ...................................................................................................................... 4

*Rivera v. Jeld-Wen, Inc.*
No. 21-CV-01816-AJB-AHG, 2022 WL 3702934 (S.D. Cal. Feb. 4, 2022) ......................................................................................................................... 4

*Shay v. Apple Inc.*
No. 20CV1629-GPC(BLM), 2021 WL 1733385 (S.D. Cal. May 3, 2021) ......................................................................................................................... 3

*Sonner v. Premier Nutrition Corp.*
971 F.3d 834 (9th Cir. 2020) .................................................................................... 3

*Zaback v. Kellogg Sales Co.*
No. 320CV00268(BEN)(MSB), 2020 WL 6381987 (S.D. Cal. Oct. 29, 2020) ................................................................................................................ 3, 6

*Zeller et al. v. Optavia, LLC et al.*
No. 22-cv-434-DMS-MSB, 2022 WL 17858032 (S.D. Cal. Dec. 22, 2022) ................................................................................................................... 3, 6

**FEDERAL STATUTES**

California's Consumer Legal Remedies Act ....................................................... *passim*

California's Unfair Competition Law .............................................................. *passim*

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(c) ................................................................ 1, 2

Federal Rule of Civil Procedure 12(b)(6) ............................................................... 2

Defendants Rite Corporation and Rite Aid Hdqtrs. Corp. (collectively, "Rite Aid") submit the following Memorandum of Points and Authorities in support of the Partial Motion for Judgment on the Pleadings against equitable claims asserted in Plaintiff Byron Stafford's Corrected Third Amended Complaint ("Stafford Complaint"), ECF 145, and Plaintiff Robert Josten's Corrected Second Amended Complaint ("Josten Complaint"), ECF 146.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The Stafford Complaint and the Josten Complaint (collectively, "Plaintiffs' Complaints") each allege the same basic harm: they paid too much for purchases of generic prescription drugs. Plaintiffs' theory is that the copayments they paid for prescriptions—that are set by agreements with their respective insurers—were inflated because Rite Aid allegedly was obligated to, but did not, account for the prices it charged to its cash paying customers for generic drugs under its Rx Saving Program ("RSP") when it calculated and reported usual and customary prices. Plaintiffs believe that the usual and customary prices reported by Rite Aid would have been lower if Rite Aid accounted for RSP prices and, in turn, that their copayments would be lower.

Plaintiffs' Complaints seek *both* the classic legal remedy of monetary damages through counts for negligent misrepresentation (Count I in the Josten Complaint and Count IV in the Stafford Complaint) and violations of California's Consumer Legal Remedies Act (Count II of the Stafford Complaint), as well as claims for equitable relief, including restitution and injunctive relief under the doctrines of unjust enrichment and California's Unfair Competition Law ("UCL") and the Consumer's Legal Remedies Act ("CLRA"). The Stafford Complaint asserts three counts seeking equitable relief for violations of California's UCL (Count I), violations of California's CLRA (Count II), and for unjust enrichment (Count III). The Josten Complaint, meanwhile, asserts five counts seeking equitable relief for unjust enrichment (Count II), violations of California's UCL (Counts III and IV), violation

of California's CLRA (Count V), and declaratory and injunctive relief (Count VI).

Rite Aid seeks judgment on the pleadings with respect to Plaintiffs' equitable relief claims because they each fail to allege that Plaintiffs lack an adequate remedy at law to justify such relief. While the Court has previously ruled on multiple motions to dismiss which have resulted in the Third Amended Complaint for Stafford and the Second Amended Complaint for Josten, none of those prior decisions discussed the arguments raised herein. The arguments raised in this Motion are informed by two recent Ninth Circuit opinions that were issued in 2020 and 2022—after the Court's most recent motion to dismiss orders—that have direct application to the validity of Plaintiffs' equitable claims.

## ARGUMENT

### I. LEGAL STANDARD

Rule 12(c) provides that a party may move for judgment on the pleadings "after the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12 (c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). Like a Rule 12(b)(6) motion, the court must assume the truthfulness of the material facts alleged in the complaint and all inferences reasonably drawn from the allegations must be construed in favor of the responding party. *See Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989); *Hal Roach Studios, Inc.*, 896 F.2d at 1550. A defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact, which, if proved, would support the Plaintiffs' legal theories. *See id.*

/ / /
/ / /
/ / /

## II. PLAINTIFFS' EQUITABLE RELIEF CLAIMS FAIL BECAUSE THEY CANNOT SHOW THEY LACK AN ADEQUATE LEGAL REMEDY

Since the Court last ruled on Rite Aid's motions to dismiss prior versions of Plaintiffs' Complaints, the Ninth Circuit has issued two new opinions that directly address the merits of Plaintiffs' equitable claims. In *Sonner v. Premier Nutrition Corp.*, the Ninth Circuit held that in a diversity action, "traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL or CLRA." *Sonner*, 971 F.3d 834, 844 (9th Cir. 2020). *Sonner* held that Plaintiffs can only seek equitable remedies if they lack an adequate legal remedy, i.e., monetary damages. *Id.* at 837. The Ninth Circuit then reaffirmed this decision in *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1312 (9th Cir. 2022). *Guzman* clarified that "*Sonner*'s holding applies to equitable UCL claims when there is a viable CLRA damages claim, regardless of whether the plaintiff has tried to avoid the bar to equitable jurisdiction through gamesmanship." *Id.* at 1313. Ultimately, a federal court "must apply traditional equitable principles before awarding restitution under the UCL and CLRA." *Sonner*, 971 F.3d at 841; *see also Guzman*, 49 F.4th at 1311.

Courts in this district, including an opinion authored by Chief Judge Sabraw, have applied *Sonner* and *Guzman* to not only bar claims for restitution under the UCL and CLRA, but to also bar claims for injunctive relief under the UCL and CLRA as well as claims for restitution under the unjust enrichment doctrine. *See Zeller et al. v. Optavia, LLC et al.*, No. 22-cv-434-DMS-MSB, 2022 WL 17858032, at *7 (S.D. Cal. Dec. 22, 2022) (J. Sabraw) (dismissing UCL, CLRA, and unjust enrichment claims seeking restitution and injunctive relief); *Zaback v. Kellogg Sales Co.*, No. 320CV00268(BEN)(MSB), 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020) (following *Sonner* and dismissing equitable claims brought under the UCL, CLRA, FAL and for "Quasi Contract/Unjust Enrichment/Restitution" as they "likewise sound in equity"); *Shay v. Apple Inc.*, No. 20CV1629-GPC(BLM), 2021 WL

1733385, at *3 (S.D. Cal. May 3, 2021) (holding "a plaintiff must allege that [it] 'lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA'"); *Rivera v. Jeld-Wen, Inc.*, No. 21-CV-01816-AJB-AHG, 2022 WL 3702934, at *12 (S.D. Cal. Feb. 4, 2022); *Klaehn v. Cali Bamboo, LLC*, No. 19-CV-1498 TWR (KSC), 2021 WL 3044166, at *15 (S.D. Cal. June 14, 2021), *aff'd*, No. 21-55738, 2022 WL 1830685 (9th Cir. June 3, 2022).

Throughout Plaintiffs' Complaints, Plaintiffs allege that they are entitled to money damages and fail to explain how those monetary damages would be an inadequate remedy. The Stafford Complaint asserts the following allegations for monetary relief:

- ¶ 16: alleging class members have suffered "significant monetary damages";
- ¶¶ 72(e) and (f): paragraph 72(e) asserts a common question exists as to whether the class have suffered damages, and, if so, the appropriate measure of damages, while paragraph 72(f) asserts a common question of whether the class is entitled to "injunctive, equitable, and/or other relief";
- ¶ 103(a) and (b): paragraph 103(a) asserts Plaintiffs are entitled to receive "actual damages under CLRA section 1780(a)(1)", while paragraph 103(b) asserts Plaintiffs are entitled to receive "restitution of property under CLRA section 1780(a)(3)";
- ¶ 122: asserting the class is entitled to monetary damages due to Rite Aid's negligent misrepresentation.

The Stafford Complaint's "Prayer for Relief" further affirms Plaintiffs' desire for monetary damages, where it asks the Court to award "compensatory, consequential, and general damages in an amount to be determined at trial, including under the CLRA section 1780(a)(1)" as well as "statutory treble damages, and punitive or exemplary damages, to the extent permitted by law, including under CLRA section

1780(a)(4)." Stafford Compl., Prayer for Relief, ¶¶ C and F.

The Josten Complaint contains similar allegations for monetary damages:

- ¶ 15: "Plaintiff seeks to recover restitution, *monetary damages*, and injunctive relief, and equitable or other remedies" (emphasis added);
- ¶ 76(e): asserting the common question for the class of whether class members "have to seek restitution *and damages*, and, if so, the amount of restitution and *damages*" (emphases added);
- ¶ 106: alleging as part of its negligent misrepresentation count that "Plaintiff and the Class have been damaged because they paid for RSP Generics at amounts that were far higher than the prices they would have paid but for Rite Aid's misconduct";
- ¶ 107: asserting Rite Aid is liable for negligent misrepresentation and Plaintiffs are entitled to "damages they sustained";
- ¶ 159: admitting that "monetary damages *will compensate Plaintiff for Rite Aid's past misconduct*" (emphasis added).

The Stafford Complaint's "Prayer for Relief" further affirms Plaintiffs' desire for monetary damages, where it asks the Court to "award compensatory, consequential, and general damages in an amount to be determined at trial," including "statutory treble damages and punitive or exemplary damages, to the extent permitted by law." Josten Compl., Prayer for Relief, ¶¶ D and F.

Though Plaintiffs also use the word restitution in multiple places in their Complaints, what they really seek is a refund of the money they were overcharged by Rite Aid allegedly without their knowledge or consent. In other words, they seek "the difference between their paid copayments and the 'usual and customary' price to the general public for all prescriptions purchased during the life of the RSP." Stafford Compl., Prayer for Relief, ¶ A; *see also* Josten Compl., Prayer for Relief, ¶ A (seeking same). Indeed, the phrase "inadequate remedy at law" does not appear in the Stafford Complaint. The Josten Complaint meanwhile only alleges that "[l]egal

remedies are inadequate to address the substantial likelihood of *future harm*" with respect to its request for injunctive relief. Josten Compl. ¶ 159 (emphasis added). Notably, Josten concedes that "monetary damages *will* compensate Plaintiff for Rite Aid's past misconduct." *Id.* (emphasis added).[1]

Plainly, and as Josten admits, monetary damages with respect to their counts for negligent misrepresentation and/or CLRA counts would make Plaintiffs (and the entire class) whole, if any of those claims survive and they are able to prove liability. Under *Sonner*, *Guzman*, and their progeny, the fact that Plaintiffs admittedly have an adequate remedy at law is fatal to their equitable claims under the UCL, CLRA, and for Unjust Enrichment/Quasi-Contract, as well as their claim for injunctive relief. *Zeller*, No. 22-cv-434-DMS-MSB, 2022 WL 17858032, at *7 (J. Sabraw); *Zaback*, 2020 WL 6381987, at *4.[2]

///
///
///
///
///

---

[1] Plaintiffs' requests for injunctive relief should also fail for the independent reason that Rite Aid discontinued the RSP in October 2020. Each of Plaintiffs' claims seeking injunctive relief are based entirely on the alleged damages they suffered by Rite Aid not reporting its RSP prices as its U&C. With Rite Aid having discontinued the RSP, there is simply nothing left for Plaintiffs to enjoin. Plaintiffs thus cannot demonstrate standing to pursue injunctive relief because there is no impending, certain future injury to be avoided. Thus, their claims seeking future injunctive relief must be dismissed. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). Allegations of "possible" future injury, or an "objectively reasonable likelihood" of future injury, are insufficient. *Id.* at 409–10.

[2] Unlike Stafford's Complaint, Josten's Complaint does not seek monetary damages under its CLRA count. But this choice by Josten not to pursue such damages does not mean Josten could not have made such allegations. Nor does Josten allege that they are not available under the CLRA. As the Ninth Circuit found in *Sonner*, a plaintiff's choice not to pursue a claim for monetary damages does not mean that it was not available or that choice somehow entitles plaintiff to pursue equitable relief in its place. *Sonner*, 971 F.3d at 844.

# CONCLUSION

For the foregoing reasons, the Court should enter judgment against Counts I, II, and III of the Stafford Complaint and Counts II, III, IV, V, and VI of the Josten Complaint.

Dated: January 9, 2023

**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer
Kirk A. Hornbeck

By: */s/ Kirk A. Hornbeck*
      Kirk A. Hornbeck

Neil K. Gilman (*pro hac vice*)
District of Columbia Bar No. 449226
ngilman@HuntonAK.com
Christopher J. Dufek (*pro hac vice*)
District of Columbia Bar No. 1020954
cdufek@HuntonAK.com
Brianne Reese (*pro hac vice*)
District of Columbia Bar No. 1672902
breese@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Ave., N.W.
Washington, D.C. 20037
Telephone: (202) 955-1500

John B. Shely (*pro hac vice*)
jshely@HuntonAK.com
Texas Bar No. 18215300
Courtney B. Glaser (*pro hac vice*)
Texas Bar No. 24059824
cglaser@HuntonAK.com
Kelsey J. Hope (*pro hac vice*)
Texas Bar No. 24092538
khope@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
600 Travis Street
Houston, TX 77002
Telephone: (713) 220-4200

Attorneys for Defendants
RITE AID CORPORATION and
RITE AID HDQTRS. CORP.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2023, I caused the attached document to be electronically transmitted the Clerk's office using the CM/ECF System for filing and transmittal of a Note of Electronic Filing to the CM/ECF registrants on record.

By: */s/ Kirk A. Hornbeck*
Kirk A. Hornbeck