ROBBINS GELLER RUDMAN
  & DOWD LLP
DAVID W. MITCHELL (199706)
ROBERT R. HENSSLER JR. (216165)
ARTHUR L. SHINGLER III (181719)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
davidm@rgrdlaw.com
bhenssler@rgrdlaw.com
ashingler@rgrdlaw.com

ROBBINS LLP
GEORGE C. AGUILAR (126535)
GREGORY E. DEL GAIZO (247319)
5060 Shoreham Place, Suite 300
San Diego, CA  92122
Telephone:  619/525-3990
619/525-3991 (fax)
gaguilar@robbinsllp.com
gdelgaizo@robbinsllp.com

Attorneys for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BRYON STAFFORD, Individually and
on Behalf of All Others Similarly
Situated,

                              Plaintiffs,

          vs.

RITE AID CORPORATION,

                              Defendant.

) Lead Case No. 3:17-cv-01340-TWR-AHG
) (Consolidated with No. 3:18-cv-00152-
) TWR-AHG)
)
) CLASS ACTION
)
) PLAINTIFFS' MEMORANDUM OF
) LAW IN OPPOSITION TO
) DEFENDANTS' PARTIAL MOTION
) FOR JUDGMENT ON THE
) PLEADINGS

DATE:        March 23, 2023
TIME:        3:00 p.m.
CTRM:        3A/Third Floor
JUDGE:       Hon. Todd W. Robinson

4875-1628-7826.v1

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................ 1

II.     BACKGROUND ........................................................................................ 2

III.    LEGAL STANDARD ................................................................................ 4

IV.     ARGUMENT ............................................................................................. 6

        A.      Pleading in the Alternative Is Appropriate ........................................ 6

        B.      Plaintiffs' Equitable Claims for Restitution Are More Certain,
                Prompt, or Efficient than Damages ...................................................... 8

        C.      Damages Are an Inadequate Remedy for Future Harm ...................... 9

        D.      Equitable Relief Under the Declaratory Judgment Act Can Be
                Sought Regardless of Whether Another Adequate Remedy
                Exists ................................................................................................ 12

        E.      Rite Aid's Cited Cases Are Not Persuasive ...................................... 12

        F.      Rite Aid Should Not Be Allowed to File Successive Motions
                Testing Whether Plaintiffs Have Stated a Claim for Equitable
                Relief ................................................................................................ 14

        G.      Rule 12(g) Was Designed as a Tool to Mitigate Exactly This
                Type of Attempt to Relitigate Issues that Closed at the Pleading
                Stage ................................................................................................ 15

        H.      The Law-of-the-Case Doctrine Bars Rite Aid's Motion .................. 15

V.      CONCLUSION ....................................................................................... 17

# TABLE OF AUTHORITIES

**Page**

## CASES

*Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*,
    855 F.2d 1470 (9th Cir. 1988) .......................................................................... 14

*Am. Life Ins. Co. v. Stewart*,
    300 U.S. 203 (1937) ................................................................................... 1, 8, 9

*Andino v. Apple, Inc.*,
    2021 WL 1549667 (E.D. Cal. Apr. 20, 2021) ................................................. 10

*Arizona v. California*,
    460 U.S. 605 (1983) ......................................................................................... 15

*Austad v. United States*,
    386 F.2d 147 (9th Cir. 1967) ....................................................................... 5, 11

*Brecher v. Citigroup Glob. Mkts., Inc.*,
    2013 WL 12205124 (S.D. Cal. Mar. 27, 2013) ............................................... 15

*Brooks v. Thomson Reuters Corp.*,
    2021 WL 3621837 (N.D. Cal. Aug. 16, 2021) ................................................. 10

*Carroll v. Myriad Genetics, Inc.*,
    2022 WL 16860013 (N.D. Cal. Nov. 9, 2022) ................................................... 6

*Casiano v. Deutsche Bank Nat. Trust Co.*,
    2011 WL 836659 (C.D. Cal. Feb. 28, 2011) ...................................................... 5

*Cepelak v. HP Inc.*,
    2021 WL 5298022 (N.D. Cal. Nov. 15, 2021) ................................................... 7

*Christianson v. Colt Indus. Operating Corp.*,
    486 U.S. 800 (1988) ......................................................................................... 16

*Coleman v. Mondelez Int'l Inc.*,
    554 F. Supp. 3d 1055 (C.D. Cal. 2021) ............................................................. 9

*Covert v. City of San Diego*,
    2016 WL 7117364 (S.D. Cal. Dec. 6, 2016) ...................................................... 5

4875-1628-7826.v1

**Page**

*Dairy Queen, Inc. v. Wood*,
  369 U.S. 469 (1962) ............................................................................. 7

*Dekker v. Vivint Solar, Inc.*,
  2022 WL 827246 (N.D. Cal. Mar. 18, 2022) ...................................... 10

*Doleman v. Meiji Mut. Life Ins. Co.*,
  727 F.2d 1480 (9th Cir. 1984) ............................................................ 5

*Eason v. Roman Cath. Bishop of San Diego*,
  414 F. Supp. 3d 1276 (S.D. Cal. 2019) ............................................. 8

*Edleson v. Travel Insured Int'l, Inc.*,
  2021 WL 4334075 (S.D. Cal. Sept. 23, 2021) ............................... 6, 7

*Elgindy v. AGA Serv. Co.*,
  2021 WL 1176535 (N.D. Cal. Mar. 29, 2021) ................................... 9

*Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*,
  132 F.3d 526 (9th Cir. 1997) .............................................................. 5

*Gamez v. Summit Nats. Inc.*,
  2022 WL 17886027 (C.D. Cal. Oct. 24, 2022) .................................. 8

*Gross v. Vilore Foods Co., Inc.*,
  2020 WL 6319131 (S.D. Cal. Oct. 28, 2020)................................... 10

*Guzman v. Polaris Indus. Inc.*,
  49 F.4th 1308 (9th Cir. 2022)........................................... 1, 8, 16, 17

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
  896 F.2d 1542 (9th Cir. 1989)........................................................... 11

*Jeffries v. Wood*,
  114 F.3d 1484 (9th Cir. 1997) ......................................................... 15

*Jeong v. Nexo Fin. LLC*,
  2022 WL 174236 (N.D. Cal. Jan. 19, 2022) ..................................... 7

4875-1628-7826.v1

1
2                                                                        **Page**
3
4   *Johnson v. Trumpet Behav. Health, LLC*,
       2022 WL 74163 (N.D. Cal. Jan. 7, 2022) ............................................................. 6
5
6   *Johnson-Jack v. Health-Ade LLC*,
       2022 WL 562827 (N.D. Cal. Feb. 24, 2022)....................................................... 8
7
8   *Josten v. Rite Aid Corp.*,
       2018 WL 6062415 (S.D. Cal. Nov. 20, 2018) ........................................ 4, 11, 14
9
10  *Josten v. Rite Aid Corp.*,
       2019 WL 3718739 (S.D. Cal. Aug. 7, 2019) ............................................*passim*
11
    *Josten v. Rite Aid Corp.*,
12     3:18-cv-00152 (S.D. Cal) ................................................................................. 4
13  *Kimball v. Callahan*,
       590 F.2d 768 (9th Cir. 1979) ......................................................................... 15
14
15  *Klaehn v. Cali Bamboo, LLC*,
       2020 WL 3971518 (S.D. Cal. July 13, 2020)................................................. 13
16
17  *Lonberg v. City of Riverside*,
       300 F. Supp. 2d 942 (C.D. Cal. 2004)............................................................. 5
18
19  *Maisel v. S.C. Johnson & Son, Inc.*,
       2021 WL 1788397 (N.D. Cal. May 5, 2021) .................................................... 6
20
21  *McGlinchy v. Shell Chem. Co.*,
       845 F.2d 802 (9th Cir. 1988)............................................................................ 4
22
23  *MedImmune, Inc. v. Genentech, Inc.*,
       549 U.S. 118 (2007) ...................................................................................... 12
24
25  *Milliken v. Bradley*,
       433 U.S. 267 (1977) ...................................................................................... 10
26
    *Nacarino v. Chobani, LLC*,
27     2022 WL 344966 (N.D. Cal. Feb. 4, 2022).................................................. 5, 6
28

Page

*Oddo v. United Techs. Corp.*,
 2022 WL 577663 (C.D. Cal. Jan. 3, 2022)..........................................................7

*Perlmutter v. Lehigh Hanson, Inc.*,
 2021 WL 4033029 (N.D. Cal. Sept. 3, 2021)........................................................8

*Rivera v. Jeld-Wen, Inc.*,
 2022 WL 3219411 (S.D. Cal. Aug. 9, 2022) ......................................................13

*Rivera v. Jeld-Wen, Inc.*,
 2022 WL 3702934 (S.D. Cal. Feb. 4, 2022) ..................................................12, 13

*Shay v. Apple Inc.*,
 2021 WL 1733385 (S.D. Cal. May 3, 2021) ..................................................12, 13

*Sonner v. Premier Nutrition Corp.*,
 971 F.3d 834 (9th Cir. 2020)................................................................*passim*

*Sprint Telephony PCS, L.P. v. Cnty. of San Diego*,
 311 F. Supp. 2d 898 (S.D. Cal. 2004) ...........................................................5, 14

*Stafford v. Rite Aid Corp.*,
 2018 WL 4680043 (S.D. Cal. Sept. 28, 2018) ..........................................*passim*

*Steen v. Am. Nat'l Ins. Co.*,
 2022 WL 2358464 (C.D. Cal. June 30, 2022)....................................................12

*United States ex rel. Godecke v. Kinetic Concepts, Inc.*,
 2016 WL 11673222 (C.D. Cal. Nov. 16, 2016) .................................................16

*United States v. Alexander*,
 106 F.3d 874 (9th Cir. 1997) ..............................................................................16

*Yeomans v. World Fin. Grp. Ins. Agency, Inc.*,
 2022 WL 844152 (N.D. Cal. Mar. 22, 2022) ......................................................6

*Yoon v. Lopez*,
 2007 WL 1755957 (S.D. Cal. June 15, 2007) ....................................................16

4875-1628-7826.v1

**Page**

*Zaback v. Kellogg Sales Co.*,
2020 WL 6381987 (S.D. Cal. Oct. 29, 2020)...............................................13, 14

*Zeiger v. WellPet LLC*,
526 F. Supp. 3d 652 (N.D. Cal. 2021)...............................................10

*Zeller v. Optavia, LLC*,
2022 WL 17858032 (S.D. Cal. Dec. 22, 2022)...............................................14

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§45(a)(1) ...............................................

28 U.S.C.
§2201 ...............................................1, 12

31 U.S.C.
§3729, *et seq.*...............................................9

42 U.S.C.
§1320a-7(b)(6)...............................................9
§1320c-5(a)(1)...............................................9

California Business & Professions Code
§17200, *et seq.*...............................................9

California Civil Code
§1572 ...............................................9
§1573 ...............................................9
§1709 ...............................................9
§1710 ...............................................9
§1711 ...............................................9
§1770 ...............................................9

California Penal Code
§550 ...............................................9

California Welfare and Institutions Code
§14105.455 ...............................................9

4875-1628-7826.v1

1
2                                                                          **Page**
3
Federal Rules of Civil Procedure
4    Rule 8.........................................................................................1, 5, 6, 7
5    Rule 8(a)(3).......................................................................................5, 6, 7
     Rule 12(b)(6) ........................................................................................1, 4
6    Rule 12(c) .....................................................................................1, 8, 11
7    Rule 12(g) .......................................................................................14, 15
     Rule 18(b)...................................................................................................6
8    Rule 57......................................................................................................12
9
10   42 C.F.R.
     §423.505(i)(4)(iv) ......................................................................................9
11   §423.505(k)(3) ...........................................................................................9
     §447.512(b)..................................................................................................9
12   §447.512(b)(2) ...........................................................................................9
13   **SECONDARY AUTHORITIES**
14
15   18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice
        and Procedure*
16      §4478 (1981)............................................................................................15
17   5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil*
        §1282 (3d ed. 2004)..................................................................................5
18
19   3 Moore's Manual – *Federal Practice and Procedure*
        §30.31 (2022)..........................................................................................16
20
21
22
23
24
25
26
27
28

4875-1628-7826.v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.    INTRODUCTION

Rite Aid Corporation and Rite Aid Hdqtrs. Corp. (collectively, "Rite Aid") are not entitled to judgment on Plaintiffs' equitable claims under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020).  As numerous courts have recognized since *Sonner*, Rule 8 of the Federal Rules of Civil Procedure permits plaintiffs to plead legal and equitable claims in the alternative, as Plaintiffs Bryon Stafford ("Stafford") and Robert Josten ("Josten") (collectively, "Plaintiffs") have done here.  While Plaintiffs may not be entitled to a final, simultaneous award of both equitable and legal relief predicated on the same facts, that is a question for the end of the case, not now.

Rite Aid's motion fails for additional reasons as well.  First, a Rule 12(c) motion seeks ***judgment*** against Plaintiffs, but, if the Court finds it has no equitable jurisdiction, the only permissible remedy, under *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308 (9th Cir. 2022), is dismissal without prejudice.  Second, *Sonner* held that a "'remedy at law does not exclude one in equity unless it is equally prompt and certain and in other ways efficient.'"  *Sonner*, 971 F.3d at 844 n.8 (quoting *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 214 (1937)).  As explained below, a remedy at law is not equally as prompt or efficient as equitable relief.  Third, Rite Aid seeks judgment on Plaintiffs' request for injunctive relief, but damages are an inadequate remedy for ***future*** harm.  Fourth, Rite Aid seeks judgment on Plaintiffs' request for declaratory relief under the Declaratory Judgment Act ("DJA").  This federal statutory right to equitable relief does not require legal remedies to be inadequate.  *See* 28 U.S.C. §2201.  Lastly, the Court already sustained Plaintiffs' equitable claims, after Rite Aid challenged them under Rule 12(b)(6), on the same grounds that Plaintiffs have pleaded an adequate remedy at law.  Rite Aid should not be permitted to further delay this case by repeating these same arguments again that it lost, especially when, even if Rite Aid prevails (it should not), this case will not end on the merits.

1    Rite Aid's motion should be denied.

2  **II.    BACKGROUND**

3    Plaintiffs Stafford and Josten are consumers who bring a putative class action
4  alleging that Rite Aid engaged in a deceptive and unfair dual-pricing scheme in
5  violation of industry standards and California law that overcharged them and other
6  Rite Aid customers for generic prescription drugs.  Third Amended Class Action
7  Complaint (Stafford), ECF 145, ¶¶1-16; Corrected Second Amended Class Action
8  Complaint (Josten), ECF 146, ¶¶1-15; *see also Stafford v. Rite Aid Corp.*, 2018 WL
9  4680043, at *1 (S.D. Cal. Sept. 28, 2018) ("*Stafford I*") (identifying background of
10 this action); *Josten v. Rite Aid Corp.*, 2019 WL 3718739, at *1-*2 (S.D. Cal. Aug. 7,
11 2019) ("*Josten II*") (same).  As alleged, Rite Aid submitted to third-party payors
12 ("TPPs"), *i.e.*, health insurance plans, claims for payment at prices that Rite Aid
13 knowingly and intentionally inflated above its "'usual and customary'" ("U&C")
14 prices, resulting in overcharges to consumers.  *Stafford I*, 2018 WL 4680043, at *1;
15 *Josten II*, 2019 WL 3718739, at *1.

16    Plaintiff Stafford first filed this case on June 30, 2017 (Class Action Complaint,
17 ECF 1) and filed his First Amended Class Action Complaint on July 28, 2017
18 ("*Stafford* FAC") (ECF 18).  Stafford alleged causes of action for: (1) Violations of
19 the California Unfair Competition Law ("UCL"); (2) Violations of the California
20 Consumer Legal Remedies Act ("CLRA"); (3) Unjust Enrichment; and (4) Negligent
21 Misrepresentation.  *See generally id*.  Stafford's UCL claim sought equitable relief,
22 penalties, costs, and reasonable attorneys' fees to the extent provided by law.
23 Stafford's CLRA claim sought damages, restitution, punitive damages, other relief as
24 appropriate, attorneys' fees, and injunctive relief.  Stafford's unjust enrichment claim
25 sought restitution and his negligent misrepresentation claim sought damages.  In his
26 prayer for relief, Stafford requested the Court certify his action as a class action,
27 award compensatory, consequential, and general damages, grant permanent injunctive

28

1   relief, and award statutory treble, punitive, or exemplary damages, a declaratory

2   judgment, among other things.  *Id*. at 26-27.

3        On August 28, 2017, Rite Aid moved to dismiss the *Stafford* FAC, arguing that

4   Stafford had not alleged sufficient facts to state his claims and that the Court lacked

5   personal jurisdiction over Rite Aid for the claims of absent class members who are not

6   California residents.  Defendant Rite Aid Corporation's Notice of Motion and Motion

7   to Dismiss Plaintiff's First Amended Complaint, ECF 19.   Rite Aid challenged

8   Stafford's UCL claim on the basis he had pleaded an adequate remedy at law because

9   Rite Aid contended that Stafford's claims were contract claims and Stafford had

10  contract remedies.  *Id*. at 2; ECF 19-1 at 18-19.  The Court granted Rite Aid's motion

11  on statute of limitations grounds.  Order Granting Defendant's Motion to Dismiss

12  Plaintiff's First Amended Complaint, ECF 29.

13       On January 9, 2018, Stafford filed his Second Amended Class Action

14  Complaint, asserting the same causes of action and relief, which, on January 23, 2018,

15  Rite Aid again moved to dismiss on substantially the same basis it had previously

16  moved to dismiss, including adequate remedy at law.  Second Amended Class Action

17  Complaint ("*Stafford* SAC"), ECF 30; Defendant Rite Aid Corporation's Notice of

18  Motion and Motion to Dismiss Plaintiff's Second Amended Complaint, ECF 32.  The

19  Court denied Rite Aid's motion, sustaining the claims and relief requested, including

20  the equitable relief.  *See Stafford I*, 2018 WL 4680043.  The Court held that "Rite Aid

21  also argues Stafford's UCL claims should be dismissed because the remedies at law

22  are unsupported under the UCL.  However, this argument again assumes Stafford's

23  claims are grounded only in contract law – a contention the Court rejects."  *Id*. at

24  8 n.1.  Rite Aid answered the *Stafford* SAC.  Defendant Rite Aid Corporation's

25  Answer to Plaintiff Bryon Stafford's Second Amended Complaint, ECF 42.

26       The *Josten* litigation followed a similar pattern as *Stafford*, but on a later

27  timeline.  Plaintiff Josten first filed his case on January 23, 2018.  Class Action

28

4875-1628-7826.v1

Complaint and Jury Demand, *Josten*, ECF 1.[1]  Josten asserted causes of action for: (1) Negligent Misrepresentation; (2) Unjust Enrichment; (3) Violation of the UCL based on unfair acts and practices; (4) Violation of the UCL based on unlawful acts and practices; (5) Violation of the CLRA; and (6) Declaratory and Injunctive Relief. *Id.*, ¶¶92-159.  In his prayer for relief, Josten requested the Court certify his action as a class action, award compensatory, consequential, and general damages, grant permanent injunctive relief, and award statutory treble, punitive, or exemplary damages, among other things.  *Id.* at 41-42.

On March 16, 2018, Rite Aid filed its first motion to dismiss under Rule 12(b)(6), arguing that Josten failed to state a claim.  Defendant Rite Aid Corporation's Notice of Motion and Motion to Dismiss Plaintiff's Complaint, *Josten*, ECF 15.  On November 20, 2018, the Court granted Rite Aid's motion, holding that Josten had failed to plead tolling with specificity.  *Josten v. Rite Aid Corp.*, 2018 WL 6062415 (S.D. Cal. Nov. 20, 2018) ("*Josten I*").  On December 11, 2018, Josten filed his First Amended Complaint ("*Josten* FAC") (*Josten*, ECF 27).  On December 21, 2018, Rite Aid again filed a motion to dismiss, this time arguing not just that Josten's claims were time-barred, but that the Court lacked jurisdiction.  Defendant Rite Aid Corporation's Notice of Motion and Motion to Dismiss Plaintiff's First Amended Complaint, *Josten*, ECF 28.  On August 7, 2019, the Court denied Rite Aid's motion in its entirety.  *Josten II*, 2019 WL 3718739.  On August 20, 2019, Rite Aid answered the *Josten* FAC.  Defendant Rite Aid Corporation's Answer to Plaintiff Robert Josten's Amended Complaint, *Josten*, ECF 40.  On October 23, 2019, *Josten* was consolidated with *Stafford*.  Order Consolidating Related Actions, ECF 101.

## III.   LEGAL STANDARD

"[T]he motion for judgment on the pleadings faces the ***same test as a motion under Rule 12(b)(6)***."  *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir.

---

[1]   All "*Josten*, ECF" cites are to *Josten v. Rite Aid Corp.*, 3:18-cv-00152 (S.D. Cal).

4875-1628-7826.v1

1  1988); *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526,

2  529 (9th Cir. 1997).[2]  In considering a motion for judgment on the pleadings, a court

3  must accept as true all material allegations in the complaint and must construe those

4  allegations in the light most favorable to the plaintiff.  *Austad v. United States*, 386

5  F.2d 147, 149 (9th Cir. 1967).  Judgment on the pleadings is proper when the moving

6  party "'clearly establishes'" on the face of the pleadings that "'***no material issue of***

7  ***fact*** remains to be resolved and that [it] is entitled to judgment as a matter of law.'"

8  *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984).  Thus, the

9  defendant is "'not entitled to judgment on the pleadings if the complaint raises issues

10  of fact, which, if proved, would support recovery.'"  *Covert v. City of San Diego*,

11  2016 WL 7117364, at *2 (S.D. Cal. Dec. 6, 2016) (quoting *Casiano v. Deutsche Bank*

12  *Nat. Trust Co.*, 2011 WL 836659, at *2 (C.D. Cal. Feb. 28, 2011)).  If judgment on the

13  pleadings is appropriate, a court has discretion to grant the non-moving party leave to

14  amend, grant dismissal, or enter a judgment.  *See Lonberg v. City of Riverside*, 300

15  F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Sprint Telephony PCS, L.P. v. Cnty. of San*

16  *Diego*, 311 F. Supp. 2d 898, 903 (S.D. Cal. 2004).

17        Rule 8 states that a claim for relief must contain "a demand for the relief sought,

18  which may include relief in the alternative or different types of relief."  Fed. R. Civ. P.

19  8(a)(3).  The drafters of Rule 8 "realized that in a complex legal environment flexible

20  pleading was essential to a full presentation of all relevant facts and legal theories at

21  trial and the final settlement of disputes on their merits."  5 Charles Alan Wright &

22  Arthur R. Miller, *Federal Practice and Procedure: Civil* §1282, at 714 (3d ed. 2004).

23  At the pleadings stage, "'this early in the case . . . ***it is too early to determine whether***

24  ***the plaintiffs' legal remedies will ultimately be adequate***, so it makes sense to defer

25  this determination'" until later.  *Nacarino v. Chobani, LLC*, 2022 WL 344966, at *10

26

27

28  [2]  Citations are omitted and emphasis is added unless otherwise stated.

4875-1628-7826.v1

(N.D. Cal. Feb. 4, 2022) (quoting *Johnson v. Trumpet Behav. Health, LLC*, 2022 WL 74163, at *3 (N.D. Cal. Jan. 7, 2022)).

## IV.    ARGUMENT

### A.    Pleading in the Alternative Is Appropriate

Consistent with Rule 8, Plaintiffs properly plead claims for damages and equitable relief in the alternative.  Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."); *see also* Rule 18(b) ("A party may join two claims even though one of them is contingent on the disposition of the other; but the court may grant relief only in accordance with the parties' relative substantive rights.").   Numerous district courts have correctly recognized that *Sonner*'s holding applies to **securing** equitable remedies, not to **pleading** them.  *See, e.g.*, *Edelson v. Travel Insured Int'l, Inc.*, 2021 WL 4334075, at *6 (S.D. Cal. Sept. 23, 2021) ("no controlling authority prevents a plaintiff from asserting alternative legal remedies at the pleading stage") (citing *Sonner*, 971 F.3d at 844-45; *Maisel v. S.C. Johnson & Son, Inc.*, 2021 WL 1788397, at *12 (N.D. Cal. May 5, 2021) (refusing to dismiss UCL, False Advertising Law, and unjust enrichment claims challenged under *Sonner* and "follow[ing] other courts in this district that find no bar to the pursuit of alternative remedies at the pleadings stage"); *Carroll v. Myriad Genetics, Inc.*, 2022 WL 16860013, at *6 (N.D. Cal. Nov. 9, 2022) (collecting and agreeing with cases that "have found that plaintiffs need only allege that they lack an adequate legal remedy **or** that they plead their claims in the alternative"); *Yeomans v. World Fin. Grp. Ins. Agency, Inc.*, 2022 WL 844152, at *7 (N.D. Cal. Mar. 22, 2022) ("This Court's analysis of the issue has evolved, too. . . . [I]n its most recent examination of the issue in *Nacarino v. Chobani, LLC*, this Court joined courts that have held that *Sonner* does not preclude plaintiffs from pleading equitable remedies in the alternative."); *Chobani*, 2022 WL 344966, at *9-*10 (collecting and agreeing with cases finding pleading in the alternative permissible and noting that "[t]hese ruling[s]

4875-1628-7826.v1

are consistent with Federal Rule of Civil Procedure 8 which allows for pleading in the alternative"); *Jeong v. Nexo Fin. LLC*, 2022 WL 174236, at *27 (N.D. Cal. Jan. 19, 2022) (holding that pleading equitable remedies in the alternative is permissible at the pleading stage).

In short, it is premature to determine the adequacy of any potential legal remedies on the pleadings as "discovery may reveal that claims providing legal remedies are inadequate," *Edleson*, 2021 WL 4334075, at *6, and "there is still a question of fact as to whether the legal remedies here provide adequate recovery." *Oddo v. United Techs. Corp.*, 2022 WL 577663, at *19 (C.D. Cal. Jan. 3, 2022).

Thus, a plaintiff may plead a mix of equitable and legal remedies as alternatives but may only secure an equitable remedy after establishing that her legal remedies are inadequate. *See Sonner*, 971 F.3d at 844 (a plaintiff "must establish that she lacks an adequate remedy at law before ***securing*** equitable [relief]"); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962) ("[T]he legal claims involved in the action must be determined prior to any ***final*** court determination of respondents' equitable claims.").

Rite Aid asserts otherwise, relying principally on *Sonner* for the proposition that one can never plead damages and equitable claims in the same complaint.  But Rite Aid's position "is not the best reading [of *Sonner*]."  *Cepelak v. HP Inc*., 2021 WL 5298022, at *2 (N.D. Cal. Nov. 15, 2021).  Indeed:

> *Sonner* primarily speaks to the ability of a federal court to ***award*** equitable relief ***at the end of the case***. The ultimate holding of *Sonner* is that a plaintiff "must establish that she lacks an adequate remedy at law before ***securing***" equitable relief under the UCL and CLRA.  While *Sonner* recognized that a complaint seeking equitable relief must "plead 'the basic requisites of the issuance of equitable relief' including 'the inadequacy of remedies at law,'" ***nothing in Sonner precludes plaintiffs from doing so in the alternative to remedies at law.  Indeed, the Federal Rules of Civil Procedure permit demands for relief in the alternative***. Fed. R. Civ. P. 8(a)(3).

*Id*. (some emphasis in original).  "*Sonner*, therefore, should not be understood as a categorical bar to pleading claims for equitable relief under the UCL and damages under the CLRA in a single complaint, as plaintiffs can bring claims in the alternative

4875-1628-7826.v1

1   under different legal theories." *Id.*; *see also Perlmutter v. Lehigh Hanson, Inc.*, 2021

2   WL 4033029, at *5 n.4, *6 (N.D. Cal. Sept. 3, 2021) (applying *Sonner* and denying

3   motion to dismiss claim for injunctive relief because plaintiff "stated enough facts to

4   state a plausible claim to injunctive relief," while noting plaintiff must ***prove*** damages

5   are inadequate to later ***receive*** the injunction).

6        Another point that Rite Aid fails to recognize is that Rite Aid's Rule 12(c)

7   motion for partial judgment on the pleadings ***cannot*** be granted under *Guzman*.  The

8   Ninth Circuit in *Guzman* held that a district court cannot make a merits determination

9   on claims for equitable relief if it lacks equitable jurisdiction in the first place, and the

10  Court of Appeals reversed the district court's summary judgment in favor of the

11  defendant.  *Guzman*, 49 F.4th at 1314.  Yet with this motion, Rite Aid asks this Court

12  for the same merits decision that was reversed in *Guzman* – judgment in favor of Rite

13  Aid on Plaintiffs' claims for equitable relief on the sole ground that Plaintiffs have an

14  adequate remedy at law.  Given that a Rule 12(c) motion is not the proper procedural

15  vehicle to bring this argument, this strongly supports the idea that resolution of this

16  issue is not appropriate until later in the litigation when the facts are fully developed.

17       Put simply, "there is no controlling authority preventing plaintiffs from

18  pleading alternative legal remedies."  *Gamez v. Summit Nats. Inc*., 2022 WL

19  17886027, at *9 (C.D. Cal. Oct. 24, 2022) (citing *Johnson-Jack v. Health-Ade LLC*,

20  2022 WL 562827, at *13 (N.D. Cal. Feb. 24, 2022) (collecting cases); *Eason v.*

21  *Roman Cath. Bishop of San Diego*, 414 F. Supp. 3d 1276, 1282 (S.D. Cal. 2019)).

22  Rather than address the complexity of the law and prevailing authority in this area,

23  Rite Aid ignores it.  This is fatal, and the Court should deny Rite Aid's motion.

24       **B.    Plaintiffs' Equitable Claims for Restitution Are More**
             **Certain, Prompt, or Efficient than Damages**

25

26       A "'remedy at law does not exclude one in equity unless it is equally prompt

27  and certain and in other ways efficient.'"  *Sonner*, 971 F.3d at 844 n.8 (quoting *Am.*

28  *Life*, 300 U.S. at 214).  So a complaint satisfies *Sonner* when "viewed in the light most

favorable to plaintiff" the "allegations sufficiently plead that 'restitution under the CLRA or UCL would be more certain, prompt, or efficient' than the monetary damages she seeks, but may ultimately not attain." *Coleman v. Mondelez Int'l Inc.*, 554 F. Supp. 3d 1055, 1065 (C.D. Cal. 2021). *Sonner*, therefore, does not foreclose equitable claims if the asserted legal claims "require proof of conduct beyond that which must be shown to establish liability under the [equitable claims]." *Elgindy v. AGA Serv. Co.*, 2021 WL 1176535, at *15 (N.D. Cal. Mar. 29, 2021). This is because such legal claims are not as "'equally prompt and certain'" as the equitable claims. *Id.* (quoting *Am. Life*, 300 U.S. at 214).

Here, Plaintiffs can prove their equitable UCL claim by establishing that Rite Aid violated California Civil Code §§1572, 1573, 1709, 1710, 1711, 1770, California Business & Professions Code §17200, *et seq.*, the Federal Trade Commission Act, 15 U.S.C. §45(a)(1), Cal. Penal Code §550, 42 C.F.R. §447.512(b)(2), Cal. Welf. & Inst. Code §14105.455, 31 U.S.C. §§3729, *et seq.*, 42 U.S.C. §1320c-5(a)(1), 42 U.S.C. §1320a-7(b)(6), 42 C.F.R. §§423.505(i)(4)(iv), (k)(3), 42 C.F.R. §447.512(b), and by violating the common law. ECF 146, ¶133 (alleging a violation of the "unlawful" prong of the UCL); ECF 145, ¶89. And proving the unjust enrichment claim *requires only that Rite Aid received a direct and unjust benefit, at Plaintiffs' expense*. ECF 146, ¶¶113-114; ECF 145, ¶¶111-112. Plaintiffs' legal claims, in contrast, require more than this. The CLRA damages claim requires that Rite Aid engaged in deceptive acts as defined by that particular statute. ECF 146, ¶146; ECF 145, ¶101. Negligent misrepresentation requires that Rite Aid made a misrepresentation upon which the Plaintiffs justifiably relied. ECF 146, ¶¶96-106; ECF 145, ¶¶116-121. Thus, for this independent reason, Plaintiffs can plead their equitable claims alongside their legal claims.

## C.   Damages Are an Inadequate Remedy for Future Harm

In addition to being allowed to plead in the alternative, a party is permitted to pursue both equitable and legal remedies when the types of relief sought are different.

4875-1628-7826.v1

1    *See Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 687 (N.D. Cal. 2021).  "The core
2    equitable rule is that simply having ***any*** remedy at law is not sufficient to foreclose
3    equitable relief; instead, the remedy must be ***adequate***.  The Supreme Court has often
4    affirmed that retrospective money damages play a markedly different role than
5    prospective injunctive relief."  *Id.* (citing *Milliken v. Bradley*, 433 U.S. 267, 288–90
6    (1977)).  Like in *Zeiger*, the damages Plaintiffs seek under the CLRA and negligent
7    misrepresentation claims are an inadequate remedy to redress the future harm to
8    Plaintiffs.  *Id.* ("retrospective damages are not an adequate remedy for that prospective
9    harm").  Thus, district courts have correctly interpreted *Sonner* as leaving unchanged
10   the traditional practice by which a plaintiff can request money damages for past harm
11   and an injunction to prevent future harm.  *See*, *e.g.*, *Gross v. Vilore Foods Co., Inc.*,
12   2020 WL 6319131, at *3 (S.D. Cal. Oct. 28, 2020) ("Plaintiffs respond that *Sonner* is
13   distinguishable because it involved only a request for restitution, not a request for
14   injunctive relief, which is part of the remedy Plaintiffs request here.  The Court agrees
15   with Plaintiffs that *Sonner* is distinguishable[.]"); *Dekker v. Vivint Solar, Inc.*, 2022
16   WL 827246, at *3 (N.D. Cal. Mar. 18, 2022) ("Manifest differences thus exist
17   between, for example, the retrospective equitable remedy of restitution and the
18   prospective equitable remedy of an injunction.  Pursuant to that distinction, district
19   courts have permitted claims for injunctive relief to stand while dismissing
20   retrospective equitable claims."); *Andino v. Apple, Inc.*, 2021 WL 1549667, at *5
21   (E.D. Cal. Apr. 20, 2021) ("*Sonner* does not warrant dismissal of [the plaintiff's]
22   request for injunctive relief.  Money damages are an inadequate remedy for future
23   harm, as they will not prevent Defendant from continuing the allegedly deceptive
24   practice."); *Brooks v. Thomson Reuters Corp.*, 2021 WL 3621837, at *11 (N.D. Cal.
25   Aug. 16, 2021) ("Without an injunction, as in *Zeiger* and *Andino*, there is no way the
26   Court can ensure that Thomson Reuters will stop selling Plaintiffs' personal
27   information without their consent.  Damages for past sales are not likely to dissuade
28   Thomson Reuters from continuing this behavior in the future.").

1    Stafford pleads that Rite Aid continues to report artificially inflated U&C prices

2    and therefore seeks injunctive relief under the CLRA.  ECF 145, ¶¶58, 85, 106, Prayer

3    for Relief, ¶D.  Josten similarly pleads that Rite Aid's misconduct is ongoing and

4    seeks injunctive relief under the UCL, CLRA, and Declaratory Judgment Act.  ECF

5    146, ¶¶59, 61, 93, 122-123, 128, 138, 147, 153, 156-158.  Each also pleads that he

6    "anticipates filling future prescriptions for [Rx Savings Program] generic drugs at a

7    Rite Aid pharmacy, and thus, faces the prospect of paying additional inflated

8    copayments in the future if Rite Aid continues its wrongful conduct."  ECF 145, ¶22;

9    ECF 146, ¶18.  The Court previously held that Plaintiffs adequately "alleged future

10   harm" based on these allegations.  *Stafford I*, 2018 WL 4680043, at *5; *Josten I*, 2018

11   WL 6062415, at *4.

12   Plaintiffs thus allege on the face of the complaints that they lack an adequate

13   remedy at law for future harm.  Furthermore, Josten pleads that "[l]egal remedies are

14   inadequate to address the substantial likelihood of future harm Plaintiff will sustain in

15   making purchases of [Rx Savings Program] Generics" and that "an injunction would

16   benefit the public by controlling skyrocketing prescription drug costs for hundreds of

17   thousands, if not millions, of consumers and the third-party payors that pay for

18   prescription benefit coverage for those individuals."  ECF 146, ¶¶159, 161.  Taking

19   Plaintiffs' allegations in the light most favorable to them and drawing all inferences in

20   their favor, as the Court must, *Austad*, 386 F.2d at 149, Plaintiffs adequately plead that

21   they seek equitable relief for which a legal remedy in the form of money damages is

22   inadequate.  Thus, the Court must deny Rite Aid's motion as to Plaintiffs' claims for

23   injunctive relief.[3]

24

25   ---

     [3]   Rite Aid also argues that Plaintiffs' requests for injunctive relief fail because "Rite
     Aid discontinued the RSP program in October 2020," and thus, according to Rite Aid,
26   "there is nothing left for Plaintiffs to enjoin."  Def. Br. at 6 n.1.  Rite Aid's factual
     assertion is outside the four corners of Plaintiffs' operative complaints.  The Court
27   therefore ***cannot*** consider a factual challenge on a Rule 12(c) motion.  *Hal Roach
     Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989)
28   (when deciding a Rule 12(c) motion, "the allegations of the non-moving party must be
     accepted as true, while the allegations of the moving party which have been denied are

1

### D. Equitable Relief Under the Declaratory Judgment Act Can Be Sought Regardless of Whether Another Adequate Remedy Exists

2

3       Rite Aid also seeks dismissal of Josten's claim for declaratory and ancillary

4   equitable relief under the DJA.  Defendants' Memorandum of Points & Authorities in

5   Support of Defendants' Partial Motion for Judgment on the Pleadings, ECF 266-1.

6   Rite Aid, however, completely ignores that this federal statutory right to equitable

7   relief does not require legal remedies to be inadequate.  *See* 28 U.S.C. §2201 ("any

8   court of the United States . . . may declare the rights and other legal relations of any

9   interested party seeking such declaration, ***whether or not further relief is or could be***

10  ***sought***."); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (declaratory

11  relief under the DJA is permitted when there is a "'substantial controversy, between

12  parties having adverse legal interests, of sufficient immediacy and reality to warrant

13  the issuance of a declaratory judgment.'").  Indeed, Rule 57 expressly states that the

14  "existence of another adequate remedy does not preclude a declaratory judgment that

15  is otherwise appropriate."  Fed. R. Civ. P. 57.  Thus, Rite Aid's argument must be

16  rejected.  *Cf. Steen v. Am. Nat'l Ins. Co.*, 2022 WL 2358464, at *4 (C.D. Cal. June 30,

17  2022) (holding declaratory relief claims, which are prospective in nature, necessarily

18  are not duplicative of legal claims seeking retrospective damages).  Thus, the Court

19  must deny Rite Aid's motion as to Josten's DJA claim.

20      ### E. Rite Aid's Cited Cases Are Not Persuasive

21      Rite Aid's cited cases are not persuasive.  For example, *Shay v. Apple Inc.*,

22  2021 WL 1733385, at *5 (S.D. Cal. May 3, 2021) and *Rivera v. Jeld-Wen, Inc.*, 2022

23  WL 3702934, at *13 (S.D. Cal. Feb. 4, 2022), which take a contrary view of the

24  alternative pleading approach, are representative of the intra-district split that exists.

25  These cases, however, did not analyze the split of authority or the subsequent cases

26

27  assumed to be false.").  Whether Rite Aid has ceased, to what extent, and whether it
    may restart its wrongful practices are matters for the parties to uncover in discovery,

28  which is ongoing.

4875-1628-7826.v1

1  that recognize since *Sonner* that pleading in the alternative is permissible.  *Shay*, 2021

2  WL 1733385, at *5 (the briefing only "cites [cases that] pre-date *Sonner*"); *Rivera*,

3  2022 WL 3702934, at *13 ("the majority of cases cited by Plaintiffs pre-date

4  *Sonner*").  Moreover, *Shay* did not categorically foreclose pleading in the alternative;

5  instead, the court interpreted *Sonner* to require plaintiffs to plausibly plead an

6  inadequate legal remedy.  *Shay*, 2021 WL 1733385, at *5 ("[T]he Court agrees with

7  the district court in *Sharma* stating that '[t]he issue is not whether a pleading may seek

8  distinct forms of relief in the alternative, but rather whether a prayer for equitable

9  relief states a claim if the pleading does not demonstrate the inadequacy of a legal

10  remedy.  On that point, *Sonner* holds that it does not.' . . . [The Court] now considers

11  whether Plaintiff has ***plausibly*** alleged an inadequate remedy at law.").  Similarly, in

12  *Rivera*, when presented with more fulsome briefing, the court later recognized the

13  split of authority on this point and appears to have retreated, in part, from its prior

14  holding: "Consistent with this District's recent analyses on the matter, the Court finds

15  that plaintiffs may plead a UCL claim as an alternate remedy predicated on the same

16  underlying facts as a separate claim for damages."  *Rivera v. Jeld-Wen, Inc.*, 2022 WL

17  3219411, at *5 (S.D. Cal. Aug. 9, 2022) (holding that when a UCL claim borrows the

18  statute of limitations from a cause of action with a shorter limitations period that

19  renders the legal remedy inadequate).  Likewise, in *Klaehn v. Cali Bamboo, LLC*,

20  2020 WL 3971518, at *9 (S.D. Cal. July 13, 2020), the court agreed that "the

21  availability of monetary damages does not necessarily preclude the availability of

22  equitable relief under the UCL" and granted leave to amend to allow the plaintiffs to

23  specify the equitable relief they sought and why legal relief was not adequate.  In

24  *Zaback v. Kellogg Sales Co.*, 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020),

25  while the court *in dicta* dismissed the equitable claims for failing to plead inadequate

26  legal remedies under *Sonner* (after dismissing the same claims on the merits), the

27  plaintiff cited no case law in opposing the *Sonner* challenge.  *See* Plaintiff's

28  Memorandum of Points and Authorities in Opposition to Defendant's Motion to

4875-1628-7826.v1

Dismiss First Amended Class Action Complaint, *Zaback*, ECF 19 at 17-18.  Finally, *Zeller v. Optavia, LLC*, 2022 WL 17858032, at *7 (S.D. Cal. Dec. 22, 2022), relied on each of the foregoing cases, which again do not foreclose pleading in the alternative. As discussed above, taking the allegations in the light most favorable to plaintiffs and drawing all inferences in their favor, both Plaintiffs have plausibly alleged an inadequate remedy at law.[4]

### F.  Rite Aid Should Not Be Allowed to File Successive Motions Testing Whether Plaintiffs Have Stated a Claim for Equitable Relief

Rule 12(g) means:

> If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

*Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988); Fed. R. Civ. P. 12(g).  "'The philosophy underlying [Rule 12(g)] is simple and basic: a series of motions should not be permitted because that results in delay and encourages dilatory tactics.'"  *Id.* at 1475 n.2.

> It is inconsistent with this policy to find that defendants may avoid [Rule] 12(g)'s consolidation requirement merely by framing their motion as a motion for judgment on the pleadings.  Further, it is a waste of judicial resources to consider motion after motion in which defendants raise the same defense over and over, each time testing a new argument. Allowing such a tactic means that defendants potentially could stall litigation indefinitely as long as they can conjure up a new argument on which to base a failure to state a claim defense.

*Sprint*, 311 F. Supp. 2d at 905.  Here, Rite Aid seeks to do just that.

Rite Aid already tested the sufficiency of Plaintiffs' allegations.  Rite Aid lost. *See Stafford I*, 2018 WL 4680043; *Josten I*, 2018 WL 6062415, at *3; *Josten II*, 2019 WL 3718739.  Indeed, Rite Aid raised the ***same*** issue that Plaintiffs failed to allege an

---

[4]   Rite Aid recognizes that Josten does not seek monetary damages under the CLRA but argues that is irrelevant under *Sonner*.  ECF 266-1 at 6 n.2.  For all of the above reasons, Rite Aid's motion should be denied as to both Stafford and Josten.  But, in light of the fact Josten has not alleged monetary damages under the CLRA, that makes Josten's opposition even stronger.

4875-1628-7826.v1

1   inadequate remedy at law – albeit without citing *Sonner* – in the motion to dismiss

2   briefing and lost.  *See* ECF 32 at 19-20 (raising adequate remedy at law arguments);

3   ECF 34 at 19-20 (responding to same); *Josten*, ECF 15-1 at 17-18; *Josten*, ECF 19 at

4   20.

**G.    Rule 12(g) Was Designed as a Tool to Mitigate Exactly This Type of Attempt to Relitigate Issues that Closed at the Pleading Stage**

7        This Court has the discretion to refuse to consider Rite Aid's motion.  *Brecher*

8   *v. Citigroup Glob. Mkts., Inc.*, 2013 WL 12205124, at *3 (S.D. Cal. Mar. 27, 2013)

9   ("[t]he Court shares Plaintiffs' concern that Defendants' request for a proverbial

10  'second bite at the apple' is impertinent").  That is especially true here, where Rite

11  Aid's litigation conduct has already interposed significant delay on this case (*see*

12  *generally* Order (1) Vacating Hearing, and (2) Denying Defendants' Motion to Stay,

13  ECF 239 at 5-6; Plaintiffs' Opposition to Defendants Rite Aid Corporation's and Rite

14  Aid Hdqtrs. Corp's Motion to Stay Pending Resolution of Ninth Circuit Appeal in

15  *Washington v. CVS Pharmacy, Inc.*, ECF 233 at 3-4) and addressing Rite Aid's

16  motion would not expedite resolution of the case on the merits – as this case will

17  proceed regardless of how the Court rules on Rite Aid's motion.

**H.    The Law-of-the-Case Doctrine Bars Rite Aid's Motion**

19       The law-of-the-case doctrine "posits that when a court decides upon a rule of

20  law, that decision should continue to govern the same issues in subsequent stages in

21  the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983).  "Law of the case

22  rules are founded upon 'the sound public policy that litigation must come to an

23  end. . . . [A] court cannot efficiently perform its duty to provide expeditious justice to

24  all if a question once considered and decided by it were to be litigated anew in the

25  same case . . . .'" *Jeffries v. Wood*, 114 F.3d 1484, 1489 (9th Cir. 1997) (quoting

26  *Kimball v. Callahan*, 590 F.2d 768, 771 (9th Cir. 1979)), *overruled on other grounds*

27  *by Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012).  The law of the case

28  doctrine "also serves to maintain consistency." *Id*. (citing 18 Charles A. Wright,

4875-1628-7826.v1

Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* §4478 (1981)).  The doctrine "is not a limitation on a tribunal's power, but rather a guide to discretion." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).  Although "[a] court has the power to revisit prior decisions of its own . . . [it] should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988); *see also Yoon v. Lopez*, 2007 WL 1755957, at *1 (S.D. Cal. June 15, 2007) ("A district court should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice.").

One recognized exception to this doctrine is "[t]he 'intervening controlling authority' exception [that] applies if there is a binding 'opinion directly on point and irreconcilable with the earlier decision.'" *United States ex rel. Godecke v. Kinetic Concepts, Inc.*, 2016 WL 11673222, at *5 (C.D. Cal. Nov. 16, 2016) (citing 3 Moore's Manual – *Federal Practice and Procedure* §30.31 (2022)).

As discussed above, Rite Aid raised and lost this same issue before:  this Court already sustained Plaintiffs' claims for equitable remedies.  That is law-of-the-case.  Rite Aid cannot fit within the intervening controlling authority exception because, as discussed above, neither *Sonner* nor *Guzman* is irreconcilable with this Court's prior opinions.

1

## V.    CONCLUSION

2

Rite Aid's motion should be denied.   To the extent this Court dismisses

3    Plaintiffs' equitable claims, in whole or in part, Plaintiffs request that the dismissal be

4    without prejudice, consistent with *Guzman.*

5    DATED:  February 23, 2023                    Respectfully submitted,

6                                                 ROBBINS GELLER RUDMAN
                                                     & DOWD LLP
7                                                 DAVID W. MITCHELL
                                                  ROBERT R. HENSSLER JR.
8                                                 ARTHUR L. SHINGLER III

9

10                                                      s/ David W. Mitchell
                                                   DAVID W. MITCHELL
11
                                                  655 West Broadway, Suite 1900
12                                                San Diego, CA  92101
                                                  Telephone:  619/231-1058
13                                                619/231-7423 (fax)

14                                                ROBBINS GELLER RUDMAN
                                                     & DOWD LLP
15                                                STUART A. DAVIDSON (*pro hac vice*)
                                                  MARK J. DEARMAN (*pro hac vice*)
16                                                ERIC S. DWOSKIN (*pro hac vice*)
                                                  225 NE Mizner Boulevard, Suite 720
17                                                Boca Raton, FL  33432
                                                  Telephone:  561/750-3000
18                                                561/750-3364 (fax)

19                                                ROBBINS LLP
                                                  GEORGE C. AGUILAR
20                                                GREGORY E. DEL GAIZO
                                                  5060 Shoreham Place, Suite300
21                                                San Diego, CA  92122
                                                  Telephone:  619/525-3990
22                                                619/525-3991 (fax)

23                                                HOFFMAN & FORDE
                                                  SCHUYLER V.V. HOFFMAN
24                                                3033 Fifth Avenue, Suite 400
                                                  San Diego, CA  92103
25                                                Telephone:  619/546-7880
                                                  619/546-7881 (fax)
26
                                                  Attorneys for Plaintiff Bryon Stafford
27

28

4875-1628-7826.v1

1
2
3
4
5
6

7
8
9
10

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCOTT+SCOTT ATTORNEYS
  AT LAW LLP
JOSEPH P. GUGLIELMO (*pro hac vice*)
ERIN GREEN COMITE (*pro hac vice*)
CAREY ALEXANDER (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY  10169
Telephone:  212/233-6444
212/233-6334 (fax)

SCOTT+SCOTT ATTORNEYS
  AT LAW LLP
HAL D. CUNNINGHAM
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone:  619/233-4565
619/233-0508 (fax)

LAW OFFICE OF ALFRED G.
  YATES, JR., P.C.
ALFRED G. YATES, JR.
1575 McFarland Road, Suite 305
Pittsburgh, PA 15216
Telephone:  412/391-5164
412/471-1033 (fax)

Attorneys for Plaintiff Robert Josten

4875-1628-7826.v1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 23, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David W. Mitchell
DAVID W. MITCHELL

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  davidm@rgrdlaw.com

4875-1628-7826.v1

# Mailing Information for a Case 3:17-cv-01340-TWR-AHG Stafford v. Rite Aid Corporation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **George Carlos Aguilar**
  gaguilar@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,notice@robbinsllp.com,rsalazar@robbinsllp.com

- **Carey Alexander**
  calexander@scott-scott.com,carey@recap.email,kjager@scott-scott.com,efile@scott-scott.com

- **Ethan Samuel Binder**
  ebinder@scott-scott.com

- **Erin Green Comite**
  ecomite@scott-scott.com,kjager@scott-scott.com

- **Hal D. Cunningham**
  hcunningham@scott-scott.com,efile@scott-scott.com

- **Stuart A. Davidson**
  sdavidson@rgrdlaw.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com,sdavidson@ecf.courtdrive.com

- **Mark Jeffrey Dearman**
  mdearman@rgrdlaw.com,e_file_sd@rgrdlaw.com,MDearman@ecf.courtdrive.com,e_file_fl@rgrdlaw.com,AShingler@rgrdlaw.com

- **Gregory E. Del Gaizo**
  gdelgaizo@robbinsllp.com,notice@robbinsllp.com

- **Christopher Dufek**
  cdufek@huntonak.com

- **Eric Scott Dwoskin**
  edwoskin@rgrdlaw.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Neil K Gilman**
  ngilman@huntonak.com

- **Courtney Glaser**
  courtneyglaser@huntonak.com

- **Joseph P. Guglielmo**
  jguglielmo@scott-scott.com,scott-scott@ecf.courtdrive.com,tharo@scott-scott.com

- **Robert R Henssler , Jr**
  BHENSSLER@RGRDLAW.COM,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Kelsey Hope**
  kelseyhope@andrewskurth.com

- **Kirk Hornbeck**
  khornbeck@HuntonAK.com,andersonb@huntonak.com

- **David Charles Magagna , Jr**
  dmagagna@lfsblaw.com

- **David William Mitchell**
  DavidM@rgrdlaw.com,slandry@rgrdlaw.com,e_file_sd@rgrdlaw.com,bomara@rgrdlaw.com,dwatts@rgrdlaw.com,ckopko@rgrdlaw.com

- **Ann Marie Mortimer**
  amortimer@huntonAK.com,johnsonm@huntonak.com

- **Walter W. Noss**
  wnoss@koreintillery.com,efile@scott-scott.com

- **Brianne Michelle Reese**
  breese@huntonak.com

- **Charles E. Schaffer**
  cschaffer@lfsblaw.com,vjennings@lfsblaw.com

- **John Bruce Shely**
  jshely@huntonak.com,rstjulian@huntonak.com,mgaston@huntonak.com

- **Destiny T. Stokes**
  dstokes@hunton.com

- **Alfred G. Yates , Jr**
  yateslaw@aol.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)