**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (Bar No. 169077)
amortimer@HuntonAK.com
Kirk A. Hornbeck (Bar No. 241708)
khornbeck@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, CA 90071
Telephone: (213) 532-2000

Attorneys for Defendants
RITE AID CORPORATION and
RITE AID HDQTRS. CORP.

*[Additional Counsel Listed On Next Page]*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON STAFFORD, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>   vs.<br><br>RITE AID CORPORATION and RITE AID HDQTRS. CORP.,<br><br>          Defendants. | Lead Case No.: 3:17-cv-01340-TWR-AHG (Consolidated with No. 3:18-cv-00152-TWR-AHG)<br><br>Applicable to both *Stafford v. Rite Aid Corp.*, Case No. 3:17-cv-01340-TWR-AHG and *Josten v. Rite Aid Corp.*, Case No. 3:18-cv-00152-TWR-AHG.<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Date:  March 23, 2023<br>Time: 3:00 p.m.<br>Judge: Hon. Todd W. Robinson<br><br>Stafford Third Amended Complaint and Josten Second Amended Complaint filed Mar. 6, 2020<br><br>Trial Dates:  None Set |

Neil K. Gilman (*pro hac vice*)
District of Columbia Bar No. 449226
ngilman@HuntonAK.com
Christopher J. Dufek (*pro hac vice*)
District of Columbia Bar No. 1020954
cdufek@HuntonAK.com
Brianne Reese (*pro hac vice*)
District of Columbia Bar No. 1672902
breese@HuntonAK.com
Destiny T. Stokes (Bar No. 343002)
dstokes@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Ave., N.W.
Washington, D.C. 20037
Telephone: (202) 955-1500

John B. Shely (*pro hac vice*)
Texas Bar No. 18215300
jshely@HuntonAK.com
Courtney B. Glaser (*pro hac vice*)
Texas Bar No. 24059824
cglaser@HuntonAK.com
Kelsey J. Hope (*pro hac vice*)
Texas Bar No. 24092538
khope@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
600 Travis Street
Houston, TX 77002
Telephone: (713) 220-4200

Attorneys for Defendants
RITE AID CORPORATION and
RITE AID HDQTRS. CORP.

1

# TABLE OF CONTENTS

2  INTRODUCTION .............................................................................................. 1

3  ARGUMENT ..................................................................................................... 1

4      I.    RITE AID'S MOTION IS PROCEDURALLY PROPER ................... 1

5      II.   PLAINTIFFS' EQUITABLE RELIEF CLAIMS FAIL BECAUSE
6            THEY ARE NOT ADEQUATELY PLED ......................................... 3

7      III.  PLAINTIFFS HAVE NOT SHOWN THEIR EQUITABLE CLAIMS
             ARE MORE CERTAIN, PROMPT, OR EFFICIENT THAN
8            DAMAGES ..................................................................................... 7

9      IV.   PLAINTIFFS FACE NO FUTURE HARM ....................................... 9

10  CONCLUSION .................................................................................................. 10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5    *Coleman v. Mondelez Int'l, Inc*.,
        554 F. Supp. 3d 1055 (C.D. Cal. 2021)....................................................8

6

7    *Edleson v. Travel Insured Int'l, Inc*.,
        No. 21-CV-323-WQH-AGS, 2021 WL 4334075 (S.D. Cal. Sept.

8        23, 2021).........................................................................................3, 4

9    *Elgindy v. AGA Serv. Co*.,
        No. 20-CV-06304-JST, 2021 WL 1176535 (N.D. Cal. Mar. 29,

10       2021).................................................................................................8

11

12   *Fierro v. Capital One, N.A*.,
        No. 22-CV-00493-BAS-BLM, 2023 WL 1999482 (S.D. Cal. Feb.

13       14, 2023)........................................................................................4, 5

14   *Guzman v. Polaris Indus. Inc*.,
        49 F.4th 1308 (9th Cir. 2022)..............................................................6

15

16   *Goldstein v. Gen. Motors LLC*,
        No. 19-CV-1778-LL-AHG, 2022 WL 484995 (S.D. Cal. Feb. 16,

17       2022).................................................................................................7

18   *Josten v. Rite Aid Corp*.,
        2019 WL 3718739 (S.D. Cal. Aug. 7, 2019)......................2, 4, 9, 10

19

20   *Klaehn v. Cali Bamboo LLC*,
        No. 21-55738, 2022 WL 1830685 (9th Cir. June 3, 2022)............3, 4

21

22   *Rivera v. Jeld-Wen, Inc*.,
        No. 21-CV-01816-AJB-AHG, 2022 WL 3702934 (S.D. Cal. Feb. 4,

23       2022).........................................................................................*passim*

24

25   *Sharma v. Volkswagen AG*,
        524 F. Supp. 3d 891 (N.D. Cal. 2021)..............................................5, 7

26

27   *Shay v. Apple Inc*.,
        No. 20-CV-1629-GPC-BLM, 2021 WL 1733385 (S.D. Cal. May 3,

28       2021).......................................................................................3, 4, 5, 6, 8

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) .......................................................................*passim*

*Turnier v. Bed Bath & Beyond Inc.*,
    517 F. Supp. 3d 1132 (S.D. Cal. 2021) .................................................. 6

*Zaback v. Kellogg Sales Co.*,
    No. 20-CV-00268-BEN-MSB, 2020 WL 6381987 (S.D. Cal. Oct.
    29, 2020) ...................................................................................................... 3, 6

*Zeller v. Optavia, LLC*,
    No. 22-CV-434-DMS-MSB, 2022 WL 17858032 (S.D. Cal. Dec.
    22, 2022) .....................................................................................................*passim*

**Statutes and Regulations**

California's Unfair Competition Law, §17200 *et seq.* .....................................*passim*

California's Consumer Legal Remedies Act, § 1750 *et seq.* ............................*passim*

**Federal Rules of Civil Procedure**

Rule 11 ............................................................................................................ 9

Rule 12 ............................................................................................................ 2, 5, 6

Defendants Rite Aid Corporation and Rite Aid Hdqtrs. Corp. (collectively, "Rite Aid") submit this reply in support of their Motion for Partial Judgment on the Pleadings, ECF No. 266 ("Motion") and in response to Plaintiffs' Memorandum of Law In Opposition to Rite Aid's Motion, ECF No. 277 ("Opposition").

## INTRODUCTION

*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) and its progeny—especially in this district—require dismissal of Plaintiffs' equitable claims. *Sonner* held that plaintiffs can only seek equitable remedies if they lack an adequate legal remedy, i.e., monetary damages. *Id.* This holding has been expanded by subsequent opinions in both the Ninth Circuit and this district to apply to equitable claims under California's Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA") as well as claims for injunctive relief and unjust enrichment. Mot. at 3. There is no dispute that Plaintiffs' Complaints,[1] which each seek equitable as well as legal remedies, fail to allege that their legal remedies are inadequate. This is fatal to their equitable claims.

Plaintiffs do not even dispute this pleading shortfall. Instead, they advance *eight* separate arguments in an attempt to get around the central requirement of *Sonner*. However, as explained below, each of these arguments fail to preserve Plaintiffs' equitable claims. The Court should therefore enter judgment and/or dismiss each of Plaintiffs equitable-based claims as they do not comply with the requirements of *Sonner* and its progeny.

## ARGUMENT

### I.   RITE AID'S MOTION IS PROCEDURALLY PROPER

Rite Aid's Motion is procedurally proper under both the case scheduling order and the rules. The operative scheduling order agreed to by the parties and entered by the Court contemplates that "[a]ny motion for judgment on the pleadings must be

---

[1] Stafford's Corrected Third Amended Complaint, ECF No. 145, and Josten's Corrected Second Amended Complaint, ECF No. 146, are referred to herein as "Plaintiffs' Complaints."

filed by January 9, 2023." ECF No. 242. There is no dispute that Rite Aid's Motion is timely.

Plaintiffs assert that Rite Aid's Motion violates Rule 12(g) as well as the "law-of-the-case" doctrine. Both arguments fail for the simple reason that *Sonner* and its progeny *post-date* any prior Rule 12 motions or opinion in this case. All the decisions in which Plaintiffs assert Rite Aid has "already tested the sufficiency of Plaintiffs' allegations" pre-date *Sonner*, which Plaintiffs reluctantly acknowledge. Opp'n at 14-15.[2] Rule 12(g) is intended to prevent a party from raising a defense or objection in a motion that *was available to it in an earlier motion*, but that it chose to not raise or omit. Fed. R. Civ. P. 12(g). Since *Sonner* was published after Rite Aid's prior Rule 12 motions were briefed and decided, Rule 12(g) is not a bar to Rite Aid raising it now.[3]

Plaintiffs' "law-of-the-case" argument also fails. Plaintiffs contend that Rite Aid's Motion should be barred because *Sonner* and its progeny are not irreconcilable with the Court's prior opinions. Opp'n at 16. As an initial matter, Plaintiffs concede that *Sonner* and its progeny are relevant, intervening authorities. *Id.* And to answer the question of whether they are reconcilable with the Court's prior decisions first requires the Court to address the merits of Rite Aid's Motion. For the reasons outlined below, *Sonner* and its progeny have changed the *status quo* and Plaintiffs' claims for equitable relief should be dismissed. The "law-of-the-case" has no bearing on the outcome of this Motion.

---

[2] Plaintiffs concede that Rite Aid's last motion to dismiss in this matter was filed against Josten on December 21, 2018, and the Court's last opinion was dated August 7, 2019. Opp'n at 4; *Josten v. Rite Aid Corp.*, 2019 WL 3718739 (S.D. Cal. Aug. 7, 2019). The Ninth Circuit, however, did not issue its decision in *Sonner* until June 17, 2020.

[3] Plaintiffs' assertions that Rite Aid has repeatedly delayed this case (Opp'n at 15) mischaracterize the posture of the case and the disputes at issue, but are nevertheless irrelevant with respect to the merits of Rite Aid's Motion. Notably, and contrary to Plaintiffs' contention, Rite Aid is neither relitigating an old issue or otherwise delaying the schedule in any way. The Scheduling Order expressly contemplated this Motion and its other dates will remain unaffected by its outcome as Rite Aid only seeks to dispose of the equitable portions of Plaintiffs' case.

## II. PLAINTIFFS' EQUITABLE RELIEF CLAIMS FAIL BECAUSE THEY ARE NOT ADEQUATELY PLED

Numerous courts in *this* district have applied *Sonner* and its progeny to bar equitable claims for restitution, injunctive relief, and unjust enrichment at the pleading stage.[4] *See e.g.*, *Zeller v. Optavia, LLC*, No. 22-CV-434-DMS-MSB, 2022 WL 17858032, at *7 (S.D. Cal. Dec. 22, 2022) (J. Sabraw) (holding "a plaintiff must plead inadequate legal remedies in the operative pleading to properly allege claims for equitable relief under the UCL and CLRA");[5] *Shay v. Apple Inc.*, No. 20-CV-1629-GPC-BLM, 2021 WL 1733385, at *4 (S.D. Cal. May 3, 2021) (holding same); *Rivera v. Jeld-Wen, Inc.*, No. 21-CV-01816-AJB-AHG, 2022 WL 3702934, at *13 (S.D. Cal. Feb. 4, 2022) (holding same);[6] *Zaback v. Kellogg Sales Co.*, No. 20-CV-00268-BEN-MSB, 2020 WL 6381987, at *4 (S.D. Cal. Oct. 29, 2020) (holding same)[7]. Indeed, this principle was reaffirmed recently by the Ninth Circuit. *Klaehn v. Cali Bamboo LLC*, No. 21-55738, 2022 WL 1830685, at *3 (9th Cir. June 3, 2022) (citing *Sonner*, 971 F.3d at 844) (finding "[a plaintiff] must establish that she lacks

---

[4] Plaintiffs' attempt to distinguish each of the cases on which Rite Aid relies in Section E of their Opposition fails. *See* Opp'n at 12-14. As an initial matter, Plaintiffs may claim these cases are not persuasive, but aside from Plaintiffs' reference to *Edleson v. Travel Insured Int'l, Inc.*, No. 21-CV-323-WQH-AGS, 2021 WL 4334075 (S.D. Cal. Sept. 23, 2021), they are the *only* cases addressing these issues *from this district*. And for the reasons outlined *infra* pp. 4-5, *Edleson* is not persuasive here.

[5] Plaintiffs seek to distinguish *Zeller* on the basis that it does not foreclose pleading in the alternative, but Plaintiffs fail to provide any explanation as to why. Opp'n at 14. Nevertheless, Plaintiffs miss the point. *Zeller* recognizes that this district does not permit equitable claims to proceed under *Sonner* if a plaintiff fails to establish they lack an adequate remedy at law—the exact problem Plaintiffs face here. *Zeller*, 2022 WL 17858032, at *7 (finding plaintiffs' request for a refund under their legal claims is the same as their request for restitution under their equitable claims, thereby barring the equitable claims).

[6] Plaintiffs attempt to distinguish *Shay* and *Rivera* on the basis that they do not directly address the alternate pleading approach discussed in the Northern District of California. Opp'n at 12-13. Plaintiffs, however, ignore the underlying holding in each case that "[t]he issue is not whether a pleading may seek distinct forms of relief in the alternative, but rather whether a prayer for equitable relief states a claim if the pleading does not demonstrate the inadequacy of a legal remedy." *Shay*, 2021 WL 1733385, at *5; *Rivera*, 2022 WL 3702934, at *13.

[7] Plaintiffs try to distinguish *Zaback* because the plaintiff in that case did not cite any authority in opposing *Sonner*, but this is a distinction without a difference and does not take away from *Zaback's* application here. Opp'n at 13.

an adequate remedy at law before securing equitable restitution for past harm under the UCL").[8] As recently as last month, a court in this district affirmed and adopted the reasoning in *Shay*, 2021 WL 1733385, at *2-5, and dismissed the plaintiff's UCL claim because she "[did] not plausibly allege she lacks an inadequate remedy of law." *Fierro v. Capital One, N.A.*, No. 22-CV-00493-BAS-BLM, 2023 WL 1999482, at *6 (S.D. Cal. Feb. 14, 2023) (analyzing *Shay* and holding "[t]he Court finds this reasoning persuasive and adopts it here").

Rite Aid's Motion makes clear, and Plaintiffs do not dispute, that each Complaint fails to allege there are inadequate legal remedies that would permit their equitable claims to survive. Mot. at 4-6. Notably, the phrase "inadequate remedy at law" does not appear in Stafford's Complaint, and Josten's Complaint only alleges that the "[l]egal remedies are inadequate to address the substantial likelihood of *future harm*" in support of his claim for injunctive relief. Mot. at 5-6 (citing *Josten* Compl. ¶ 159 (emphasis added)). Indeed, both Plaintiffs acknowledge that monetary damages will compensate them for Rite Aid's past conduct should they prevail. *Id.*; *see also Stafford* Compl., Prayer for Relief, ¶ A (seeking "the difference between their paid copayments and the 'usual and customary' price offered to the general public for all prescriptions purchased during the life of the RSP"). These allegations alone are inadequate to plead claims for equitable relief under *Sonner* and its progeny in this district.

In response, Plaintiffs point to *one* case from this district for the proposition that "no controlling authority prevents a plaintiff from asserting alternative legal remedies at the pleading stage." Opp'n at 6 (citing *Edleson*, 2021 WL 4334075, at *6).[9] But even viewing this case in a vacuum does not save Plaintiffs' equitable

---

[8] Plaintiffs' attempt to distinguish *Klaehn* (Opp'n at 13) ignores the opinion affirming it at the Ninth Circuit, which recognizes the relevance of *Sonner*. *Klaehn*, 2022 WL 1830685, at *3.

[9] Plaintiffs point to a series of cases from the Northern District of California that have accepted a more permissive view of *Sonner* where courts have permitted plaintiffs to plead claims in the alternative. Opp'n at 6-7. However, these cases are not binding

1   claims. Multiple courts in this district and others have recognized that "[t]he issue is
2   not whether a pleading may seek distinct forms of relief in the alternative, but rather
3   whether a prayer for equitable relief states a claim if the pleading does not
4   demonstrate the inadequacy of a legal remedy. On that point, *Sonner* holds that it
5   does not." *Rivera*, 2022 WL 3702934, at *13 (citing *Sharma v. Volkswagen AG*, 524
6   F. Supp. 3d 891, 907 (N.D. Cal. 2021)); *see also Shay*, 2021 WL 1733385, at *5
7   (holding same); *Fierro*, 2023 WL 1999482, at *6 (adopting *Shay* and finding it
8   persuasive). So even if Plaintiffs are permitted to plead their claims for equitable
9   relief in the alternative, the Court must still analyze whether they have satisfactorily
10  stated a claim. Plaintiffs have not for the reasons stated in the Motion. Mot. at 4-6.

11      Plaintiffs next contend that it would be premature to determine the adequacy
12  of any potential legal remedies on the pleadings because (1) discovery could reveal
13  their claims providing legal remedies are inadequate, or (2) the legal remedies may
14  not provide adequate recovery. Opp'n at 7. Plaintiffs argument lacks merit. First, they
15  do not explain what constitutes an "inadequate legal remedy." If discovery shows
16  that Rite Aid complied with the contracts that governed what it was required to report
17  as its usual and customary price, then all of Plaintiffs' claims, both legal and
18  equitable, will be found to be inadequate. In other words, both Plaintiffs' legal and
19  equitable claims will rise and fall based on the same set of facts and evidence, so
20  "saving equitable claims in case their legal claims fail" is not a basis to oppose this
21  Motion. *See Zeller*, 2022 WL 17858032, at *7 (holding "Plaintiffs' arguments that
22  equitable claims provide greater remedy and are easier to prove does not make their
23  equitable claims proper"). Moreover, this argument ignores the question before the
24  Court, which is whether Plaintiffs have adequately pled their equitable claims. And
25  under *Sonner* and its progeny in this district, Plaintiffs have not.

26      Finally, Plaintiffs contend that that a Rule 12(c) motion is not the proper
27  vehicle through which to seek dismissal of Plaintiffs' equitable claims. Opp'n at 8.
28  on courts in this district, which take a more stringent approach to *Sonner* at the
pleading stage.

Plaintiffs rely on the Ninth Circuit's decision in *Guzman v. Polaris Indus. Inc*., where it found on summary judgment that where a plaintiff had adequate legal remedies, the district court lacked equitable jurisdiction to hear the plaintiff's UCL claim. 49 F. 4th 1308, 1313 (9th Cir. 2022). The Ninth Circuit then reversed the entry of judgment on the UCL claims, holding that because the district court lacked equitable jurisdiction, it "should have dismissed [the plaintiff's] UCL claim without prejudice to refiling the same claim in state court." *Id*. at 1314. Plaintiffs then argue that this holding "strongly supports" the idea that this issue should be resolved at summary judgment. Opp'n at 8.

Plaintiffs' reliance on *Guzman* is flawed in several respects. First, contrary to Plaintiffs' assertion, *Guzman* recognizes that instead of entering judgment, the district court could have dismissed the claim without prejudice at the summary judgment stage. *Guzman* at 1314. The Court here has the same power on a Rule 12(c) motion. Indeed, a significant amount of time and effort of both the parties and the Court will be saved by dismissing Plaintiffs' equitable claims now, as opposed to waiting for them to be briefed in a voluminous summary judgment motion, given the deficiencies outlined above. Second, for *Guzman* to apply, Plaintiffs would need to acknowledge that the Court does not have equitable jurisdiction. In other words, Plaintiffs would need to concede that they have adequate legal remedies that prevent the Court from hearing their equitable claims. If Plaintiffs truly are relying on *Guzman*, then this counsels in favor of dismissal of their equitable claims. And third, the courts in this district routinely apply *Sonner* at the pleadings stage. *See e.g.*, *Turnier v. Bed Bath & Beyond Inc.*, 517 F. Supp. 3d 1132, 1140-41 (S.D. Cal. 2021) (dismissing Plaintiff's UCL claim based on insufficient pleadings); *Rivera*, 2022 WL 3702934, at *1; *Shay*, 2021 WL 1733385, at *1; *Zaback*, 2020 WL 6381987, at *1; *Zeller*, 2022 WL 17858032, at *1. The fact that *Guzman* made the determination at the summary judgment stage (*Sonner* was published after the defendant answered the complaint) does not bar the Court from making such a determination now.

### III. PLAINTIFFS HAVE NOT SHOWN THEIR EQUITABLE CLAIMS ARE MORE CERTAIN, PROMPT, OR EFFICIENT THAN DAMAGES

Plaintiffs next cite a footnote in *Sonner* to contend that Rite Aid's Motion should be denied because their equitable claims are "more certain, prompt, or efficient" than the monetary damages they seek. Opp'n at 8-9. This argument fails for multiple reasons.

First, Plaintiffs put the cart before the horse in their analysis. It is well-settled in this district that "the issue is not whether a pleading may seek distinct forms of relief in the alternative, but rather whether a prayer for equitable relief states a claim if the pleading does not demonstrate the inadequacy of a legal remedy." *Rivera*, 2022 WL 3702934, at *13 (citing *Sharma*, at 907); *see also Goldstein v. Gen. Motors LLC*, No. 19-CV-1778-LL-AHG, 2022 WL 484995, at *6 (S.D. Cal. Feb. 16, 2022). Plaintiffs cannot use dicta from *Sonner* to skip this initial and necessary step in the analysis. And for the reasons outlined above and in Rite Aid's Motion, Plaintiffs fail to meet this requirement. *Supra* § II.

Second, Plaintiffs ignore the full footnote in *Sonner*. In addition to recognizing the generic principle that Plaintiffs cite, *Sonner* made two key qualifications that ultimately resulted in the court not accepting the plaintiff's argument. First, it found that the principle did not apply because "Sonner fails to explain how damages are any less prompt, certain, or efficient than restitution." *Sonner*, 971 F.3d at 844, n.8. While Plaintiffs' argument focuses on the elements of their respective claims, they fail to address the threshold issue of how restitution differs from their legal remedies (it does not). Mot. at 4-6. Second, *Sonner* recognizes that even though the UCL created new remedies not available at common law, this is not dispositive because it "does not account for subsequently enacted statutes, such as the CLRA." *Sonner*, 971 F.3d at 844, n.8.

Third, while Plaintiffs contend that their UCL claims can be established by a showing that Rite Aid violated various statutes, Opp'n at 9, Plaintiffs offer no

explanation or analysis of what is required to establish a violation of any one of these statutes or how those elements may compare to their legal claims. This is not sufficient to establish that their equitable claims are more certain, prompt or efficient than their legal claims.[10]

Plaintiffs also give short shrift to the requirements of their unjust enrichment claims and ignore that to establish the receipt of an unjust benefit by Rite Aid, they must rely on the same evidence that they will need to show for their legal claims. Thus, Plaintiffs cannot separate the requirements of their unjust enrichment claim from their legal claims.[11] Nor is it clear that a showing that Rite Aid was unjustly enriched is less burdensome than the additional elements in their legal claims. Plaintiffs provide no authority supporting their position. And even if the elements of one of their equitable claims is "easier to prove," courts in *this* district do not find that persuasive. *See Zeller*, 2022 WL 17858032, at *7.

Finally, courts in this district routinely dismiss UCL and CLRA claims based on substantially similar legal claims that Plaintiffs pursue here. *See e.g.*, *Shay*, 2021 WL 1733385, at *4 (granting motion to dismiss UCL claim and equitable portions for CLRA claim finding that plaintiff failed to show legal claims, *including negligent misrepresentation*, were not adequate legal remedies); *Zeller*, 2022 WL 17858032, at *7 (finding that common law fraud claims are adequate legal remedies to equitable

---

[10] This also distinguishes the two out-of-district cases that Plaintiffs cite. In *Coleman v. Mondelez Int'l, Inc.*, the court found that the plaintiff's *complaint* contained specific allegations that established that equitable remedies may be more certain, prompt or efficient than legal remedies. 554 F. Supp. 3d 1055, 1065 (C.D. Cal. 2021). Plaintiffs' Complaints here do not contain such allegations, and in fact state the contrary. *See* Mot. at 4-6. Similarly, the court in *Elgindy v. AGA Serv. Co.* analyzed specific allegations in the plaintiff's complaint that highlighted the differences between their equitable claims and their legal claims. No. 20-CV-06304-JST, 2021 WL 1176535, at *15 (N.D. Cal. Mar. 29, 2021). Plaintiffs fail to make similar allegations or a similar showing here.

[11] Plaintiffs' assertion that their CLRA claims require a showing that Rite Aid engaged in deceptive acts and their negligent misrepresentation claims require a showing that Rite Aid made a misrepresentation that Plaintiffs justifiably relied upon do not advance Plaintiffs' case. To the extent they establish Rite Aid did not properly report its U&C, the added burden of these elements is minimal when compared with the showing that Rite Aid was unjustified in what it was doing or that it violated any of the numerous statutes that Plaintiffs list.

1   claims under the FAL, UCL, unjust enrichment, and equitable portions of the CLRA);

2   *Rivera*, 2022 WL 3702934, at \*13 (dismissing UCL claims because plaintiffs failed

3   to show remedies from legal claims were not adequate).

4       Ultimately, Plaintiffs' failure to allege that their legal remedies are inadequate

5   dooms their equitable claims under *Sonner*. Moreover, Plaintiffs' lack of explanation

6   or analysis as to how their equitable claims could be more certain, prompt, or efficient

7   than their legal claims further derails their Opposition to Rite Aid's Motion.

8   **IV.   PLAINTIFFS FACE NO FUTURE HARM**

9       Plaintiffs' assertion that there continues to remain a question of "[w]hether

10  Rite Aid has ceased" or "could restart" its Rx Savings Card Program is truly

11  remarkable. Opp'n at 11-12, n.3. Discovery has been on-going for years. There can

12  be no dispute that Rite Aid ended the Rx Savings Card Program ("RSP") in 2020.

13  And more importantly, RSP is not offered at *any* Rite Aid location today. The "future

14  harm" as Plaintiffs have alleged in their Complaint exclusively pertains to the

15  continued operation of the RSP. While the "four corners" of the Plaintiffs'

16  Complaints filed in 2018 may still allege the RSP is on-going, Plaintiffs are under no

17  illusions of the same and they cannot argue otherwise in a manner consistent with

18  Rule 11. Thus, any allegations of further harm to Mr. Stafford or Mr. Josten,

19  assuming they continue shopping at Rite Aid stores, is speculative and illusory. As

20  such, there is no threat of future harm, as Plaintiffs have alleged in their complaints,

21  so the argument that their injunctive relief claim should be exempt from *Sonner* fails.

22  *See Zeller*, 2022 WL 17858032 at \*7 (dismissing injunctive relief claim because no

23  future harm was plead); *see also* Mot. at 6, n.1.

24      For the same reasons, Josten's equitable claim for declaratory relief (Count 6)

25  should be dismissed. Josten asks this Court to "enter a judgment declaring that Rite

26  Aid's conduct *continues* to violate the statutes and laws referenced herein." *Josten*

27  Compl. ¶ 157. However, the only "conduct" at issue in Josten's Complaint is Rite

28  Aid's RSP. Since this program has been terminated, there is no "substantial

1   controversy between the parties … of sufficient immediacy and reality to warrant the
2   issuance of declaratory judgment," as Plaintiffs assert in their Opposition. Opp'n at
3   12. As such, Josten's request for declaratory relief should be dismissed.

4   Finally, even if the Court takes as true Plaintiffs' representations within the
5   four corners of their Complaints that the RSP continues, the fact that Plaintiffs'
6   injunctive or declaratory relief claims may survive *Sonner* at this stage of the case
7   does not save Plaintiffs' other equitable claims for restitution and unjust enrichment.
8   They still must be dismissed. *See supra* § II.

9                                   **CONCLUSION**

10   For the foregoing reasons and those outlined in Defendants' Motion, the Court
11   should enter judgment against and/or dismiss Counts I, II, and III of the *Stafford*
12   Complaint and Counts II, III, IV, V, and VI of the *Josten* Complaint.

13

14   Dated:   March 9, 2023              **HUNTON ANDREWS KURTH LLP**
                                          Ann Marie Mortimer
15                                        Kirk A. Hornbeck

16                                        By:      */s/ Kirk A. Hornbeck*
                                                      Kirk A. Hornbeck
17

18                                        Neil K. Gilman (*pro hac vice*)
                                          District of Columbia Bar No. 449226
19                                        ngilman@HuntonAK.com
                                          Christopher J. Dufek (*pro hac vice*)
20                                        District of Columbia Bar No. 1020954
                                          cdufek@HuntonAK.com
21                                        Brianne Reese (*pro hac vice*)
                                          District of Columbia Bar No. 1672902
22                                        breese@HuntonAK.com
                                          Destiny Stokes (Bar No. 343002)
23                                        dstokes@HuntonAK.com
                                          Destiny T. Stokes (Bar No. 343002)
24                                        dstokes@HuntonAK.com
                                          **HUNTON ANDREWS KURTH LLP**
25                                        2200 Pennsylvania Ave., N.W.
                                          Washington, D.C. 20037
26                                        Telephone: (202) 955-1500

27                                        John B. Shely (*pro hac vice*)
                                          jshely@HuntonAK.com
28                                        Texas Bar No. 18215300
                                          Courtney B. Glaser (*pro hac vice*)

Texas Bar No. 24059824
cglaser@HuntonAK.com
Kelsey J. Hope (*pro hac vice*)
Texas Bar No. 24092538
khope@HuntonAK.com

**HUNTON ANDREWS KURTH LLP**
600 Travis Street
Houston, TX 77002
Telephone: (713) 220-42003

Attorneys for Defendants
RITE AID CORPORATION and
RITE AID HDQTRS. CORP.

1

### CERTIFICATE OF SERVICE

2          I hereby certify that on March 9, 2023, I caused the attached document to be

3  electronically transmitted the Clerk's office using the CM/ECF System for filing and

4  transmittal of a Note of Electronic Filing to the CM/ECF registrants on record.

5

6                              By:    _/s/ Kirk A. Hornbeck_____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28