UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON STAFFORD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RITE AID CORPORATION and RITE AID HDQTRS. CORP.,<br><br>Defendants. | Lead Case No.: 17-CV-1340 TWR (JLB) (consolidated with No. 18-CV-152 TWR (JLB))<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>(ECF No. 266) |

Presently before the Court is the Motion for Partial Judgment on the Pleadings ("Mot.," ECF No. 266) filed by Defendants Rite Aid Corporation and Rite Aid Hdqtrs. Corp. (together, "Rite Aid"), as well as Plaintiffs Bryon Stafford and Robert Josten's Response in Opposition to ("Opp'n," ECF No. 277) and Defendants' Reply in Support of ("Reply," ECF No. 282) the Motion. The Court held a hearing on March 23, 2023. (*See* ECF No. 284.) Having carefully considered the pleadings, the Parties' arguments, and the relevant law, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion, as follows.

## BACKGROUND

Plaintiff Bryon Stafford initiated this putative class action on June 30, 2017, alleging causes of action against Rite Aid Corporation for violations of the California Unfair

Competition Law ("UCL"), violations of the California Consumer Legal Remedies Act ("CLRA"), unjust enrichment, and negligent misrepresentation. (*See generally* ECF No. 1.) Specifically, Plaintiff alleged that, "[a]t bottom, this action concerns Rite Aid's illegal practice of overcharging customers enrolled in public or private health care plans for generic prescription drugs by submitting to third-party payors claims for payment at prices that Rite Aid has knowingly and intentionally inflated above its 'usual and customary' prices." (*See id.* ¶ 8.)

Plaintiff Stafford amended his Complaint on July 28, 2017, (*see generally* ECF No. 18), and Rite Aid Corporation moved to dismiss. (*See generally* ECF No. 19.) On December 19, 2017, the Honorable Anthony J. Battaglia granted Rite Aid Corporation's motion to dismiss, dismissing without prejudice Plaintiff Stafford's claims as time-barred. (*See generally* ECF No. 29.)

Plaintiff Stafford filed a further amended complaint on January 9, 2018, adding allegations to support equitable tolling of the statute of limitations. (*See generally* ECF No. 30.) Defendant Rite Aid Corporation again moved to dismiss on January 23, 2018, arguing, among other things, that Plaintiff Stafford's UCL claim must fail because "there is an adequate remedy at law." (*See generally* ECF No. 32.)

Plaintiff Robert Josten also filed his own putative class action on January 23, 2018, alleging similar causes of action for negligent misrepresentation, unjust enrichment, violation of the unfair and unlawful prongs of the UCL, violation of the CLRA, and declaratory and injunctive relief. (*See generally* No. 18-CV-152, ECF No. 1.) Rite Aid Corporation moved to dismiss the *Josten* action on March 16, 2018. (*See generally* No. 18-CV-152, ECF No. 15.)

On September 28, 2018, Judge Battaglia denied Rite Aid Corporation's motion to dismiss the *Stafford* action, concluding that Plaintiff Stafford had adequately alleged his causes of action. (*See generally* ECF No. 41.) As is relevant to the instant Motion, Judge Battaglia rejected Rite Aid Corporation's argument that "Stafford's UCL claims should be dismissed because the remedies at law are unsupported under the UCL" because that

"argument . . . assume[d] Stafford's claims are grounded only in contract law—a contention the Court reject[ed]." (*See id.* at 14 n.1.) Judge Battaglia also found "Stafford's representation that he is seeking restitution adequate and not grounds for dismissal of his UCL claims." (*See id.* at 15.) Rite Aid Corporation subsequently answered Stafford's Second Amended Complaint, (*see generally* ECF No. 42), and the case proceeded to discovery. (*See generally* Docket.) Rite Aid Corporation then moved to compel arbitration on June 17, 2019. (*See generally* ECF No. 78.)

Meanwhile, Judge Battaglia granted Rite Aid Corporation's motion to dismiss the *Josten* action for failure adequately to plead tolling of the statute of limitations on November 20, 2018. (*See generally* No. 18-CV-152, ECF No. 25.) Plaintiff Josten filed an amended complaint on December 11, 2018, (*see generally* No. 18-CV-152, ECF No. 27), which Rite Aid Corporation moved to dismiss on December 21, 2018. (*See generally* No. 18-CV-152, ECF No. 28.) Judge Battaglia denied the motion on August 7, 2019, concluding that Plaintiff Josten had "appropriately allege[d] tolling" and that "Josten's claims do not arise under The Medicare Act and are thus not subject to its exhaustion requirements." (*See generally* No. 18-CV-152, ECF No. 38.)

At the Parties' request, (*see* ECF No. 100; No. 18-CV-152, ECF No. 57), the *Stafford* and *Josten* actions were consolidated on October 24, 2019. (*See* ECF No. 101; No. 18-CV-152, ECF No. 58.) Rite Aid filed a motion to compel arbitration as to Plaintiff Josten on December 30, 2019. (*See generally* ECF No. 114.) Judge Battaglia denied the motion to compel arbitration as to Plaintiff Stafford on February 25, 2020, (*see* ECF No. 134), and granted the Parties' joint motion to add Rite Aid Hdqtrs. Corp. as a Defendant on March 4, 2020. (*See* ECF No. 138.) Plaintiffs filed their respective operative complaints on March 6, 2020. (*See* ECF Nos. 145 ("Stafford's TAC"), 146 ("Josten's SAC") (together, the "Operative Complaints").)

On March 24, 2020, Defendant Rite Aid Corporation appealed Judge Battaglia's denial of its motion to compel arbitration as to Plaintiff Stafford. (*See* ECF No. 148.) The Parties then proceeded to discovery, (*see, e.g.*, ECF No. 152), and Defendant Rite Aid

Hdqtrs. Corp. moved to compel arbitration as to Plaintiff Stafford, (*see* ECF No. 163), and Plaintiff Josten. (*See* ECF No. 166.) On June 10, 2020, Defendants moved *ex parte* to stay the consolidated actions in light of their then-pending appeal of the arbitration issue, (*see* ECF No. 183), and Judge Battaglia granted that request on July 30, 2020. (*See* ECF No. 196.)

These consolidated actions were then transferred to the undersigned on October 6, 2020, (*see* ECF No. 201), at which time the Court denied without prejudice the pending motion to compel arbitration as to Plaintiff Josten. (*See* ECF No. 202.) On May 21, 2021, the Ninth Circuit affirmed Judge Battaglia's denial of Defendant Rite Aid Corporation's motion to compel arbitration as to Plaintiff Stafford. *See Stafford v. Rite Aid Corp.*, 998 F.3d 862 (9th Cir. 2021). The Court therefore lifted the stay on July 20, 2021. (*See* ECF No. 209.)

On August 3, 2021, however, the Parties jointly moved to stay these proceedings pending mediation. (*See* ECF No. 211.) These consolidated actions remained stayed pending mediation for over a year until the Court lifted the stay on September 1, 2022, (*see* ECF No. 227), following an "impasse" in the Parties' settlement negotiations. (*See* ECF No. 226.)

On September 15, 2022, Rite Aid moved to stay these consolidated actions pending resolution of the Ninth Circuit's appeal in *Washington v. CVS Pharmacy, Inc.*, No. 21-16162 (9th Cir. filed July 12, 2021). (*See generally* ECF No. 230.) The Court denied the motion on November 3, 2022, and directed the Parties to contact Magistrate Judge Allison H. Goddard's chambers to obtain an updated scheduling order. (*See generally* ECF No. 239.) Judge Goddard issued a Scheduling Order on November 15, 2022, requiring that any motion for judgment on the pleadings be filed by January 9, 2023. (*See* ECF No. 242.) This Motion followed on that deadline. (*See generally* ECF No. 266.)

/ / /

/ / /

/ / /

## LEGAL STANDARD

A party may file a motion for judgment on the pleadings after that party files an answer. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings pursuant to Rule 12(c) is functionally identical to a Rule 12(b)(6) motion and "the same standard of review applies to motions brought under either rule." *Gregg v. Haw. Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quotation omitted). The court must accept all factual allegations as true, draw reasonable inferences in favor of the non-moving party, and decide whether the allegations "plausibly suggest an entitlement to relief." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). Under this standard, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)); *see also Cafasso*, 637 F.3d at 1058 ("Normally, when a viable case may be pled [under Rule 12(c)], a district court should freely grant leave to amend." (citing *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002))). "A district court does not err in denying leave to amend where the amendment would be futile." *Id*. (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991)).

/ / /

/ / /

# ANALYSIS

Through the instant Motion, Rite Aid seeks partial judgment on the pleadings as to "each of Plaintiffs' claims seeking equitable relief fail because they cannot show the lack of an adequate legal remedy." (*See* Mot. at 1.)  The specific claims at issue are Plaintiff Stafford's first cause of action for violation of the UCL, second cause of action for violation of the CLRA, and third cause of action for unjust enrichment, as well as Plaintiff Josten's second cause of action for unjust enrichment, third and fourth causes of action for violation of the UCL, fifth cause of action for violation of the CLRA, and sixth cause of action for declaratory and injunctive relief. (*See id.*)  Rite Aid's Motion relies on two recent Ninth Circuit cases: *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020), and *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1312 (9th Cir. 2022). (*See* ECF No. 266-1 ("Mem.") at 3.)

In *Sonner*, the named plaintiff brought a class action for false advertising seeking restitution under the UCL and CLRA and damages under the CLRA.  *See* 971 F.3d at 837–38.  Two months before trial, the named plaintiff sought to dismiss her $32 million damages claim under the CLRA so that she could instead seek the same amount in restitution through a bench trial.  *See id.* at 838.  The district court granted her motion and vacated the jury trial, following which the defendant moved to dismiss on the grounds that the lead plaintiff could not establish that she lacked an adequate remedy at law.  *See id.*  The district court granted the defendant's motion, finding that the plaintiff "could not proceed on her equitable claims for restitution in lieu of a claim for damages" because she had "failed to establish that she lacked an adequate legal remedy."  *See id.*  The Ninth Circuit affirmed, concluding that the lead plaintiff was required to "establish that she lack[ed] an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA, but that she had "fail[ed] to make such a showing" because "the operative complaint d[id] not allege that [she] lack[ed] an adequate legal remedy" and, "[m]ore importantly, . . . she s[ought] the same sum in equitable restitution as 'a full refund of the purchase price'—$32,000,000—as she requested in damages to compensate her for

the same past harm." *See id.* at 844. The Ninth Circuit noted that the lead plaintiff had "fail[ed] to explain how the same amount of money for the exact same harm is inadequate or incomplete," *see id.*, or "how damages are any less prompt, certain, or efficient than restitution." *See id.* at 844 n.8.

Similarly, in *Guzman*, the named plaintiff brought a class action for false advertising alleging claims under the CLRA; UCL; and California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq*. *See* 49 F.4th at 1310. The district court dismissed the CLRA and FAL claims as time-barred, leaving only the UCL claims. *See id.* at 1311. Relying on *Sonner*, the district court granted summary judgment in the defendant's favor on the UCL claim on the grounds that he did not have an inadequate remedy at law because he "still had an adequate legal remedy under the CLRA, even though his CLRA claim for damages had been dismissed as time-barred." *See id.* On appeal, the Ninth Circuit "agree[d] with the district court that [the named plaintiff] could not bring his equitable UCL claim in federal court because he had an adequate legal remedy in his time-barred CLRA claim."[1] *See id.*

According to Defendants, "[c]ourts in this district . . . have applied *Sonner* and *Guzman* to not only bar claims for restitution under the UCL and CLRA, but to also bar claims for injunctive relief under the UCL and CLRA as well as claims for restitution under the unjust enrichment doctrine." (*See* Mem. at 3–4 (collecting cases).) Plaintiffs respond that "[n]umerous district courts have correctly recognized that *Sonner*'s holding applies to **securing** equitable remedies, not to **pleading** them." (*See* Opp'n at 6–7 (emphasis in original) (collecting cases).)

Although the Court recognizes that there is a split among the district courts in this Circuit, as the Honorable Cynthia Bashant recently explained in *Fierro v. Capital One,*

---

[1] Nonetheless, the Ninth Circuit remanded the case on the grounds that it was error for the district court to dismiss the lead plaintiff's UCL claim with prejudice because the dismissal was for lack of equitable jurisdiction and "a California court might allow [the named plaintiff] to pursue his UCL claim." *See Guzman*, 49 F.4th at 1313–15.

*N.A.*, No. 22-CV-00493-BAS-BLM, --- F. Supp. 3d ---, 2023 WL 1999482 (S.D. Cal. Feb. 14, 2023), "[m]uch ink has been spilled on this issue already, including in this District." *See id.* at *6. "In *Shay v. Apple Inc.*, the Honorable Gonzalo P. Curiel thoroughly examined *Sonner* and rebutted a plaintiff's attempts to escape its reach." *Id.* (citing *Shay*, No. 20-cv-1629-GPC(BLM), 2021 WL 1733385, at *2–5 (S.D. Cal. May 3, 2021)). "Judge Curiel concluded '*Sonner* is binding on this Court' and requires a UCL plaintiff to plausibly allege 'an inadequate remedy at law' before pursuing equitable relief in the form of restitution or an injunction." *Id.* (quoting *Shay*, 2021 WL 1733385, at *5) (citing *Goldstein v. Gen. Motors LLC*, No. 19-cv-1778-LL-AHG, 2022 WL 484995, at *5 (S.D. Cal. Feb. 16, 2022) (Lopez, J.); *Rivera v. Jeld-Wen, Inc.*, No. 21-cv-01816-AJB-AHG, 2022 WL 3702934, at *13 (S.D. Cal. Feb. 4, 2022) (Battaglia, J.)). Like Judge Bashant and the other judges in this District, "[t]he Court finds this reasoning persuasive and adopts it here." *See id.* Accordingly, Plaintiffs' prayer for equitable relief must plausibly allege "the inadequacy of a legal remedy." *See, e.g.*, *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021).

Plaintiffs fail to do so in their Operative Complaints. As Defendants note, (*see* Mem. at 5; Reply at 4), and Plaintiffs conceded at oral argument, Stafford's Third Amended Complaint does not even contain the phrase "inadequate remedy at law." (*See generally* Stafford's TAC.) Stafford's claims for equitable relief are therefore facially deficient and warrant dismissal. *See, e.g.*, *Sonner*, 971 F.3d 834 (noting that the plaintiff failed to establish that she lacked an adequate remedy at law because "the operative complaint does not allege that [the plaintiff] lacks an adequate legal remedy" (citing *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)).

As for Josten, his Second Amended Complaint alleges only that "[l]egal remedies are inadequate to address the substantial likelihood of future harm Plaintiff will sustain in making purchases of PSC Generics," explicitly conceding that "monetary damages will compensate Plaintiff for Rite Aid's past misconduct." (*See* Josten's SAC ¶ 159.) Thus, with the exception of Josten's claim for declaratory relief under the Declaratory Judgments

Act, *see, e.g.*, *Steen v. Am. Nat'l Ins. Co.*, No. 2:20-cv-11226-ODW (SKx), 2022 WL 2358464, at *4 (C.D. Cal. June 30, 2022), his equitable claims for alleged past harm must be dismissed.

This leaves Josten's claims for future equitable relief. Defendants argue only that Plaintiffs can suffer no future harm because Rite Aid discontinued the underlying Rx Savings Program ("RSP") in October 2020. (*See* Mem. at 6 n.1; Reply at 9–10.) The Court agrees with Plaintiffs that it may not consider that fact for purposes of the instant Motion. (*See* Opp'n at 11 n.3.) Not only is that fact not "generally known" or capable of being "accurately and readily determined from sources whose accuracy cannot reasonable be questioned," *see* Fed. R. Evid. 201(b), but Defendants were not certain at the hearing that documents establishing the discontinuation of the RSP had been produced to Plaintiffs in this litigation. The Court therefore **DENIES** Defendants' Motion as to Josten's claims for future equitable relief.

Plaintiffs raise one other argument in their Opposition that merits further consideration,[2] namely, that dismissal of their equitable claims for relief is not warranted if "the allegations sufficiently plead that restitution under the CLRA or UCL would be more certain, prompt, or efficient than the monetary damages [they] seek[], but may ultimately not attain." (*See* Opp'n at 9 (quoting *Coleman v. Mondelez Int'l Inc.*, 554 F. Supp. 3d 1055, 1065 (C.D. Cal. 2021)). Specifically, Plaintiffs contend that their legal claims are not equally prompt and certain as their equitable claims because their "legal claims 'require proof of conduct beyond that which must be shown to establish liability under the [equitable claims].'" (*See id.* (alteration in original) (quoting *Elgindy v. AGA Serv. Co.*, No. 20-cv-06304-JST, 2021 WL 1176535, at *15 (N.D. Cal. Mar. 29, 2021)).)

---

[2] The Court is unpersuaded by Plaintiffs' argument that Rite Aid should be precluded from bringing a "successive" motion under Rule 12(g) or the law-of-the-case doctrine, (*see* Mem. at 12–16), because both *Sonner* and *Guzman* were issued after the resolution of Rite Aid's last challenge to Plaintiffs' pleadings. (*Cf.* 17cv1340 ECF No. 41 (September 28, 2018 Order denying Rite Aid's motion to dismiss Stafford's Second Amended Complaint); 18cv152 ECF No. 38 (August 7, 2019 Order denying Rite Aid's motion to dismiss Josten's First Amended Complaint).)

Plaintiffs argue, for example, that their "CLRA damages claim requires that Rite Aid engaged in deceptive acts as defined by that particular statute." (*See id.* (citing Stafford's TAC ¶ 146; Josten's SAC ¶ 101).) But Plaintiffs' cases—*Coleman* and *Elgindy*—"were decided before *Guzman*, in which the Ninth Circuit stated that despite the plaintiff's UCL and CLRA claims not being perfectly interchangeable due to the different statutes of limitations, there was still no support for the plaintiff's argument that the CLRA claim did not provide an adequate legal remedy."[3] *See Clevenger v. Welch Foods Inc.*, No. SACV-20-01859-CJC-JDEX, 2022 WL 18228288, at *5 (C.D. Cal. Dec. 14, 2022) (citing *Guzman*, 49 F.4th at 1313 n.2); *see also Zeller v. Optavia, LLC*, No. 22-CV-434-DMS-MSB, 2022 WL 17858032, at *7 (S.D. Cal. Dec. 22, 2022) ("Plaintiffs' arguments that equitable claims provide greater remedy and are easier to prove does not make their equitable claims proper."). In any event, Plaintiffs have made no allegations that this is the type of case in which "the process of seeking damages would create . . . complications that make that remedy inadequate." *Cf. Sharma*, 524 F. Supp. 3d at 908.

Because Stafford fails plausibly to allege that he lacks an adequate remedy at law, the Court **GRANTS** Defendants' Motion and **DISMISSES** his claims for equitable relief in their entirety. As for Josten, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion consistent with the above analysis. "It is hard to fathom how Plaintiff[s] can correct this deficiency considering the Court has greenlit several substantive claims that provide for damages and other relief. Nonetheless, because the Court has not previously addressed this point, the Court **GRANTS** Plaintiff[s] leave to amend." *See Fierro*, 2023 WL 1999482, at *7 (emphasis added).

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion for Partial Judgment on the Pleadings (ECF No. 266). Specifically,

---

[3] *Guzman*'s holding on this point also disposes of Plaintiffs' argument premised on *Rivera v. Jeld-Wen, Inc.*, No. 21-cv-1816-AJB-AHG, 2022 WL 3219411, at *5 (S.D. Cal. Aug. 9, 2022), (*see* Opp'n at 13), which was decided before the Ninth Circuit issued its decision in *Guzman* on September 29, 2022.

1 | the Court **GRANTS** the Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff
2 | Stafford's first cause of action for violation of the UCL, second cause of action for violation
3 | of the CLRA, and third cause of action for unjust enrichment and, solely to the extent they
4 | are predicated on past harms, Plaintiff Josten's second cause of action for unjust
5 | enrichment, third and fourth causes of action for violation of the UCL, fifth cause of action
6 | for violation of the CLRA, and sixth cause of action for injunctive relief. The Motion is
7 | otherwise **DENIED**. The Court **GRANTS** Plaintiffs leave to file amended complaints
8 | remedying the deficiencies identified herein <u>within fourteen (14) days</u> of the electronic
9 | docketing of this Order. *Should Plaintiffs decline to file further amended complaints, this*
10 | *action shall proceed as to their surviving claims.*
11 |     **IT IS SO ORDERED.**
12 | Dated: April 10, 2023

                                                                _/s/ Todd Robinson_____
                                                            Honorable Todd W. Robinson
                                                            United States District Judge