1
2
3
4
5
6
7
8
9        UNITED STATES DISTRICT COURT

10       SOUTHERN DISTRICT OF CALIFORNIA

11

12   BRYON STAFFORD, individually and on       Lead Case No.:  3:17-cv-1340-TWR-AHG
     behalf of all others similarly situated,    Consolidated with: 3:18-cv-152-TWR-AHG
13
                                 Plaintiff,      **ORDER:**
14
     v.
15                                               **(1) DENYING WITHOUT**
     RITE AID CORPORATION,                       **PREJUDICE MOTION FOR ENTRY**
16                                               **OF ORDER CONCERNING**
                                 Defendant.      **DISCOVERY AND OTHER**
17                                               **PRETRIAL MATTERS;**
18
                                                 **(2) SETTING STATUS**
19                                               **CONFERENCE; and**
20
                                                 **(3) SETTING MANDATORY**
21                                               **SETTLEMENT CONFERENCE**
22
                                                 **[ECF No. 286]**
23
24
25
26
27
28

1

Before the Court is the parties' Joint Motion for Entry of Stipulation and Proposed Order Concerning Discovery and Other Pretrial Matters. ECF No. 286. In the Joint Motion, the parties request that the Court dismiss without prejudice Plaintiff Robert Josten and the operative Josten Complaint (ECF No. 146), permit a new additional plaintiff to file a Motion for Intervention by May 1, 2023, and extend the deadlines in the case schedule by approximately four months each. ECF No. 286 at 4. The parties seek such a lengthy extension of the case schedule not only to conduct discovery regarding the anticipated new plaintiff, but also to complete other outstanding discovery, including class-wide discovery, depositions and/or document discovery of third parties, and additional discovery regarding Defendant Rite Aid's transactional data. *Id.* at 3-4.

Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment.

Here, although the Court recognizes that the requested dismissal of Plaintiff Josten and anticipated motion to intervene by a new plaintiff may require some additional discovery, the Court finds the parties have not shown good cause to grant a four-month carte-blanche extension of the case schedule. In particular, the parties have not established that they have acted diligently to complete class-wide discovery, third-party deposition and document discovery, and discovery regarding Rite Aid's transactional data in the seven months since the stay was lifted in this case (or in the five months since the Court issued the operative Scheduling Order).

Given the age of the case and its interest in efficient docket management, the Court

3:17-cv-1340-TWR-AHG

will require the parties to provide a more detailed explanation of what discovery remains to be completed before the parties are able to brief the class certification motion, and will set deadlines and constraints to ensure that such discovery is completed diligently and in a streamlined manner. To that end, the Court will hold a Status Conference on **April 20, 2023** at **2:00 p.m.** before Magistrate Judge Allison H. Goddard. The Status Conference shall take place via videoconference using the Court's official Zoom account. Chambers staff will circulate the Zoom invitation to all counsel of record by April 19, 2023.

In the meantime, the parties' Joint Motion is **DENIED without prejudice**.[1] The Court will discuss an appropriate scope and timeline for any remaining discovery with the parties during the Status Conference.

Additionally, upon review of the record, the Court **SETS** a Mandatory Settlement Conference for **May 26, 2023** at **9:30 a.m.** before Magistrate Judge Allison H. Goddard. In preparation for the MSC, Plaintiffs must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **May 5, 2023**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **May 12, 2023**.

Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **May 19, 2023**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at

---

[1] The undersigned notes that this Order is issued upon consultation with the presiding District Judge, who will ultimately decide the parties' requests related to the dismissal of Plaintiff Josten and the anticipated motion to intervene by a new additional plaintiff.

3:17-cv-01340-TWR-AHG

https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).  Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **May 19, 2023**.  The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed).  Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.  **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.[2]**

Like the Status Conference, the MSC shall take place via videoconference for all attendees, using the Court's official Zoom account. In addition to complying with Judge Goddard's MSC Rules, the parties must adhere to the following mandatory procedures and deadlines for the videoconference:

1.     The Court will use its official Zoom video conferencing account to hold the Settlement Conference. **If you are unfamiliar with Zoom:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[3] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an

---

[2] The Court notes that Judge Goddard's MSC Rules require the personal attendance of all parties, party representatives, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation at the conference. AHG.MSC.R. ¶ 3. Named plaintiffs are included in this requirement and are not excused from attendance. If Plaintiffs' counsel wish to request the excusal of the named plaintiffs from attending the MSC, they may do so by joint motion or by email (with opposing counsel copied) at efile_Goddard@casd.uscourts.gov.

[3]     If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

3:17-cv-1340-TWR-AHG

account, install Zoom and familiarize themselves with Zoom in advance of the Settlement Conference.[4] There is a cost-free option for creating a Zoom account.

2.      No later than **May 19, 2023**, counsel for each party shall send an email to the Court at efile_goddard@casd.uscourts.gov containing the following:

      a.      The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

      b.      An **email address for each participant** to receive the Zoom video conference invitation;

      c.      A **telephone number where each participant** may be reached; and

      d.      A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the conference to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

3.      At least one day before the Settlement Conference, the Court will email each identified participant an invitation to join a Zoom video conference. If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the

---

[4]      For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

invitation.

4.     Zoom's functionalities will allow the Court to conduct the Settlement Conference as it ordinarily would conduct an in-person one. The Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms. In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

5.     All participants shall display the same level of professionalism during the Settlement Conference and be prepared to devote their full attention to the Settlement Conference as if they were attending in person (e.g., cannot be driving or in a car while speaking to the Court), and should be seated indoors and prepared to appear on camera. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

6.     Counsel are advised that although the Settlement Conference will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, including by dressing in appropriate courtroom attire.

**IT IS SO ORDERED.**

Dated: April 12, 2023

Honorable Allison H. Goddard
United States Magistrate Judge