ROBBINS GELLER RUDMAN
  & DOWD LLP
DAVID W. MITCHELL (199706)
ROBERT R. HENSSLER JR. (216165)
ARTHUR L. SHINGLER III (181719)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
davidm@rgrdlaw.com
bhenssler@rgrdlaw.com
ashingler@rgrdlaw.com

ROBBINS LLP
GEORGE C. AGUILAR (126535)
GREGORY E. DEL GAIZO (247319)
5060 Shoreham Place, Suite 300
San Diego, CA  92122
Telephone:  619/525-3990
619/525-3991 (fax)
gaguilar@robbinsllp.com
gdelgaizo@robbinsllp.com

Attorneys for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON STAFFORD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RITE AID CORPORATION and RITE AID HDQTRS. CORP.,<br><br>Defendants. | Lead Case No. 3:17-cv-01340-TWR-AHG (Consolidated with No. 3:18-cv-00152-TWR-AHG)<br><br>CLASS ACTION<br><br>PLAINTIFF BRYON STAFFORD'S UNOPPOSED *EX PARTE* APPLICATION FOR CLARIFICATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS<br><br>DATE:        *Ex Parte*<br>TIME:        *Ex Parte*<br>CTRM:       3A/Third Floor<br>JUDGE:     Hon. Todd W. Robinson |

4879-2341-3086.v1

Pursuant to Federal Rule of Civil Procedure Rule 60(a) and CivLR 83.3(g), Plaintiff Bryon Stafford ("Plaintiff Stafford") hereby respectfully moves *ex parte* for clarification of the Court's April 10, 2023 Order Granting in Part and Denying In Part Defendants' Motion for Partial Judgment on the Pleadings (ECF 287) ("Order") with respect to the Court's dismissal of the second cause of action in Plaintiff Stafford's Corrected Third Amended Class Action Complaint (ECF 145) ("Stafford TAC") for violation of the California Consumer Legal Remedies Act ("CLRA"). The Order dismissed Plaintiff Stafford's CLRA claim ***in its entirety***, which appears to be an inadvertent oversight that can be clarified under Rule 60(a). The Stafford TAC seeks ***both*** damages and equitable relief under the CLRA. *See* ECF 145, ¶¶103, 106. Indeed, Plaintiff Stafford's request for damages under the CLRA served as one of the bases for Rite Aid to argue that Plaintiffs' equitable claims should be dismissed under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). *See* Defendants' Memorandum of Points and Authorities in Support of Defendants' Partial Motion for Judgment on the Pleadings (ECF 266-1) ("Mem.") at 3-6. Because legal claims are not subject to dismissal under *Sonner* and its progeny, Plaintiff Stafford respectfully requests that the Court clarify that Plaintiff Stafford's second cause of action for violation of the CLRA is dismissed without prejudice only to the extent the CLRA claim seeks equitable relief such that Plaintiff Stafford would remain entitled to pursue the CLRA claim for damages.

Plaintiff Stafford respectfully submits that grounds for considering this application on an *ex parte* basis exist. The Court granted Plaintiff Stafford leave to amend the Stafford TAC within fourteen days of the docketing of the Court's Order, which is April 24, 2023. Order at 11. Prejudice will result without the requested *ex parte* relief because Plaintiff Stafford will be unable to assess whether and how to amend the Stafford TAC without the requested clarification of the Order within the timeframe set by the Court. Plaintiff Stafford has acted diligently in bringing this issue to the attention of Defendants Rite Aid Corporation and Rite Aid Headquarters

Corporation (collectively, "Rite Aid") within a reasonable time prior to filing this application.   Declaration of David W. Mitchell, filed concurrently herewith, ¶2. Plaintiff Stafford met and conferred with Rite Aid on April 13, 2023, to discuss the need for clarification of the Order and allowed Rite Aid to review this application. *Id.*, ¶3.  Rite Aid does not oppose this application.  *Id.*, ¶4.

### A.   Plaintiff Stafford Seeks *Both* Damages and Equitable Relief Under the CLRA

Plaintiff Stafford seeks both damages and equitable relief under the CLRA. Specifically, Plaintiff Stafford alleges that he gave notice, under section 1782 of the CLRA, to Rite Aid of its CLRA violations on June 15, 2017, and requested that Rite Aid rectify its practices and give notice to all affected consumers of its intent to do so. *See* ECF 145, ¶102.  Plaintiff Stafford further alleges that Rite Aid received the notice on June 19, 2017 and that Rite Aid failed to provide appropriate relief for its CLRA violations within thirty days of receipt of Plaintiff's notification.  *See id.*, ¶¶102-103. Therefore, Plaintiff Stafford alleges that he and the subclass are entitled to recover and obtain: (a) actual damages under CLRA section 1780(a)(1); (b) restitution of property under CLRA section 1780(a)(3); (c) punitive damages under CLRA section 1780(a)(4) because Rite Aid has engaged in fraud, malice or oppression; and (d) any other relief the Court deems proper under CLRA section 1780(a)(5).[1]  *Id.*, ¶103. Plaintiff Stafford also alleges that he seeks injunctive relief under the CLRA.  *See id.*, ¶106.

Rite Aid did not seek dismissal of Plaintiff Stafford's CLRA damages claim. Indeed, the existence of Plaintiff Stafford's request for damages under the CLRA served as a basis for Rite Aid's Motion for Partial Judgment on the Pleadings.  Rite Aid acknowledged in its briefing that Plaintiff Stafford sought damages and equitable

---

[1]   Unlike Plaintiff Stafford, Plaintiff Robert Josten ("Plaintiff Josten") does not seek damages under the CLRA.  *See* Corrected Second Amended Class Action Complaint (ECF 146), ¶¶139-153.  Thus, no clarification is necessary regarding the Court's dismissal of Plaintiff Josten's Fifth Claim for Relief for violation of the CLRA.  *See* Order at 11.

relief under the CLRA, stating Plaintiffs "seek **both** the classic legal remedy of monetary damages through counts for . . . violations of California's Consumer Legal Remedies Act (Count II of the Stafford TAC), as well as claims for equitable relief, including restitution and injunctive relief under . . . the Consumer's Legal Remedies Act." Mem. at 1.[2] Rite Aid also pointed out that in the Stafford TAC, "paragraph 103(a) asserts Plaintiffs are entitled to receive 'actual damages under CLRA section 1780(a)(1)', while paragraph 103(b) asserts Plaintiffs are entitled to receive 'restitution of property under CLRA section 1780(a)(3).'" *Id*. at 4. Rite Aid further argued that the Stafford TAC's Prayer for Relief seeking damages under the CLRA affirmed Plaintiff Stafford's desire for monetary damages, thereby making equitable relief inappropriate. *Id*. at 4-5. Accordingly, Plaintiff Stafford's CLRA damages claim was not intended to be subject to dismissal.

**B.  Under *Sonner* and Its Progeny, Only Plaintiff Stafford's Equitable Claims, not His CLRA Damages Claim, Were Subject to Dismissal**

Relying on *Sonner* and *Guzman v. Polaris Indus. Inc*., 49 F.4th 1308, 1312 (9th Cir. 2022), Rite Aid sought partial judgment on the pleadings, arguing "Plaintiffs' claims *seeking equitable relief* fail because they cannot show the lack of an adequate legal remedy." Defendants' Notice of Motion and Motion for Partial Judgment on the Pleadings (ECF 266) at 1; *see also* Mem. at 3. In *Sonner*, the Ninth Circuit held that in a diversity action "traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL [or] CLRA." *Sonner*, 971 F.3d at 844. *Sonner* held that Plaintiffs can only seek equitable remedies if they lack an adequate legal remedy, *i.e.*, monetary damages. *Id*. at 838. The Ninth Circuit then reaffirmed this decision in *Guzman*, clarifying that "*Sonner's* holding applies to equitable UCL claims when there is a viable CLRA damages claim." 49 F.4th at 1313. Thus, under

---

[2]  Citations are omitted and emphasis is added unless otherwise noted.

*Sonner* and its progeny, only Plaintiff Stafford's requests for restitution and injunctive relief under the CLRA (*see* ECF 145, ¶¶103(b), 106, Prayer for Relief, ¶¶D-E) are subject to dismissal, not his requests for legal relief under the CLRA (*see id.*, ¶¶103(a), (c), Prayer for Relief, ¶¶C, F-J).  *See, e.g.*, *Zeller v. Optavia, LLC*, 2022 WL 17858032, at *7 (S.D. Cal. Dec. 22, 2022) (where plaintiff sought "damages by way of a refund under the CLRA," dismissing only "requests for injunctive relief and equitable restitution under the CLRA"); *Ibarra v. Pharmagenics LLC*, 2023 WL 2445397, at *4-*5 (C.D. Cal. Mar. 8, 2023) (finding that plaintiff's "claim for damages under the CLRA, which is predicated on the same conduct as his claims for equitable relief, undermines any potential inadequacy of legal remedies" and dismissing "claim under the CLRA for equitable relief," but not the CLRA damages claim); *Clevenger v. Welch Foods Inc.*, 2022 WL 18228288, at *1-*2, *6 (C.D. Cal. Dec. 14, 2022) (where plaintiff sought "restitution and monetary damages under the CLRA," dismissing only "claim for restitution under the CLRA").  *Cf. Ary v. Target Corp.*, 2023 WL 2622142, at *5 (N.D. Cal. Mar. 23, 2023) (dismissing CLRA claim for equitable relief and granting plaintiff leave to amend to add a CLRA damages claim).

### C. Clarification Of the Order Under Rule 60(a) Is Warranted to Make Clear that Plaintiff Stafford's CLRA Claim for Damages Is Not Dismissed

Despite that Plaintiff Stafford seeks damages under the CLRA, the Order dismissed Plaintiff Stafford's CLRA claim in its entirety.  The Court held: "Because Stafford fails plausibly to allege that he lacks an adequate remedy at law, the Court GRANTS Defendants' Motion and DISMISSES his claims for equitable relief in their entirety," and specifically "DISMISSES WITHOUT PREJUDICE Plaintiff Stafford's . . . second cause of action for violation of the CLRA."  Order at 10-11.  Because the CLRA damages claim is not subject to dismissal under *Sonner* and its progeny Plaintiff Stafford respectfully requests that the Court clarify its Order to state that it dismisses without prejudice Plaintiff Stafford's second cause of action for violation of

1  the CLRA *only* to the extent that the CLRA claim seeks equitable relief such that
2  Plaintiff Stafford would remain entitled to pursue the CLRA claim for damages.

3      "'A court may clarify its order for any reason.'"  *Optronic Techs., Inc. v.*
4  *Ningbo Sunny Elec. Co*., 2020 WL 1914953, at *1 (N.D. Cal. Apr. 20, 2020).
5  Moreover, Rule 60(a) provides that "[t]he court may correct a clerical mistake or a
6  mistake arising from oversight or omission whenever one is found in a judgment,
7  order, or other part of the record." Fed. R. Civ. P. 60(a).  Rule 60(a) may be invoked
8  to "make a judgment reflect the actual intentions and necessary implications of the
9  court's decision." *Robi v. Five Platters, Inc*., 918 F.2d 1439, 1445 (9th Cir. 1990)
10 (citing *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987)).  In the Ninth
11 Circuit, Rule 60(a) permits "clarification and explanation . . . even in the absence of
12 ambiguity." *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012).  This "'allows
13 a court to clarify a judgment in order to correct a failure to memorialize part of its
14 decision, to reflect the necessary implications of the original order, to ensure that the
15 court's purpose is fully implemented, or to permit enforcement.'" *Tattersalls, Ltd. v.*
16 *Dehaven*, 745 F.3d 1294, 1298 (9th Cir. 2014) (citing *Garamendi*, 683 F.3d at 1079).
17 Here, given that the entire point of a *Sonner* challenge is that an adequate legal
18 remedy exists and that Rite Aid argued that Plaintiff Stafford's clear request for
19 damages under the CLRA was a basis for its contention that his equitable claims
20 should be dismissed, it appears to be an inadvertent oversight that the Court did not
21 expressly limit the dismissal of the second cause of action from the Stafford TAC only
22 to the extent that the CLRA claim seeks the equitable relief.  Thus, modification of the
23 Order is appropriate under Rule 60(a).  *See, e.g*., *Franco v. City of W. Covina*, 2019
24 WL 8161159, at *3 (C.D. Cal. Nov. 14, 2019).

25
26
27
28

4879-2341-3086.v1

1       For the foregoing reasons, Plaintiff Stafford requests that the Court grant this *ex*

2  *parte* application for clarification and enter the proposed order submitted to the Court

3  herewith.

4  DATED:  April 18, 2023                Respectfully submitted,

5                             ROBBINS GELLER RUDMAN

6                                &amp; DOWD LLP
                             DAVID W. MITCHELL

7                             ROBERT R. HENSSLER JR.
                             ARTHUR L. SHINGLER III

8

9                                   s/ David W. Mitchell
                              DAVID W. MITCHELL

10

11                             655 West Broadway, Suite 1900
                             San Diego, CA  92101

12                             Telephone:  619/231-1058
                             619/231-7423 (fax)

13                             ROBBINS GELLER RUDMAN
                              &amp; DOWD LLP

14                             STUART A. DAVIDSON (*pro hac vice*)
                             MARK J. DEARMAN (*pro hac vice*)

15                             ERIC S. DWOSKIN (*pro hac vice*)
                             225 NE Mizner Boulevard, Suite 720

16                             Boca Raton, FL  33432
                             Telephone:  561/750-3000

17                             561/750-3364 (fax)

18                             ROBBINS LLP
                             GEORGE C. AGUILAR

19                             GREGORY E. DEL GAIZO
                             5060 Shoreham Place, Suite 300

20                             San Diego, CA  92122
                             Telephone:  619/525-3990

21                             619/525-3991 (fax)

22                             HOFFMAN & FORDE
                             SCHUYLER V.V. HOFFMAN

23                             3033 Fifth Avenue, Suite 400
                             San Diego, CA  92103

24                             Telephone:  619/546-7880
                             619/546-7881 (fax)

25

26                             Attorneys for Plaintiff Bryon Stafford

27

28

1
2
3
4
5
6
7

8
9
10
11
12

13
14
15
16

17
18
19
20
21
22
23
24
25
26
27
28

SCOTT+SCOTT ATTORNEYS
  AT LAW LLP
JOSEPH P. GUGLIELMO (*pro hac vice*)
ERIN GREEN COMITE (*pro hac vice*)
CAREY ALEXANDER (*pro hac vice*)
AMANDA M. ROLON (*pro hac vice*)
ETHAN BINDER (*pro hac vice*)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY  10169
Telephone:  212/233-6444
212/233-6334 (fax)

SCOTT+SCOTT ATTORNEYS
  AT LAW LLP
HAL D. CUNNINGHAM
ALEX OUTWATER
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone:  619/233-4565
619/233-0508 (fax)

LAW OFFICE OF ALFRED G.
  YATES, JR., P.C.
ALFRED G. YATES, JR.
1575 McFarland Road, Suite 305
Pittsburgh, PA 15216
Telephone:  412/391-5164
412/471-1033 (fax)

Attorneys for Plaintiff Robert Josten

3:17-cv-01340-TWR-AHG

4879-2341-3086.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on April 18, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David W. Mitchell
DAVID W. MITCHELL

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  davidm@rgrdlaw.com

# Mailing Information for a Case 3:17-cv-01340-TWR-AHG Stafford v. Rite Aid Corporation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **George Carlos Aguilar**
  gaguilar@robbinsllp.com,noticerobbinsllp@ecf.courtdrive.com,notice@robbinsllp.com,rsalazar@robbinsllp.com

- **Carey Alexander**
  calexander@scott-scott.com,carey@recap.email,kjager@scott-scott.com,efile@scott-scott.com

- **Ethan Samuel Binder**
  ebinder@scott-scott.com

- **Erin Green Comite**
  ecomite@scott-scott.com,kjager@scott-scott.com

- **Hal D. Cunningham**
  hcunningham@scott-scott.com,efile@scott-scott.com

- **Stuart A. Davidson**
  sdavidson@rgrdlaw.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com,sdavidson@ecf.courtdrive.com

- **Mark Jeffrey Dearman**
  mdearman@rgrdlaw.com,e_file_sd@rgrdlaw.com,MDearman@ecf.courtdrive.com,e_file_fl@rgrdlaw.com,AShingler@rgrdlaw.com

- **Gregory E. Del Gaizo**
  gdelgaizo@robbinsllp.com,notice@robbinsllp.com

- **Christopher Dufek**
  cdufek@huntonak.com

- **Eric Scott Dwoskin**
  edwoskin@rgrdlaw.com,jdennis@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Neil K Gilman**
  ngilman@huntonak.com

- **Courtney Glaser**
  courtneyglaser@huntonak.com

- **Joseph P. Guglielmo**
  jguglielmo@scott-scott.com,scott-scott@ecf.courtdrive.com,tharo@scott-scott.com

- **Robert R Henssler , Jr**
  BHENSSLER@RGRDLAW.COM,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Kelsey Hope**
  kelseyhope@andrewskurth.com

- **Kirk Hornbeck**
  khornbeck@HuntonAK.com,andersonb@huntonak.com

- **David Charles Magagna , Jr**
  dmagagna@lfsblaw.com

- **David William Mitchell**
  DavidM@rgrdlaw.com,slandry@rgrdlaw.com,e_file_sd@rgrdlaw.com,bomara@rgrdlaw.com,dwatts@rgrdlaw.com,ckopko@rgrdlaw.com

- **Ann Marie Mortimer**
  amortimer@huntonAK.com,johnsonm@huntonak.com

- **Walter W. Noss**
  wnoss@koreintillery.com,efile@scott-scott.com

- **Brianne Michelle Reese**
  breese@huntonak.com

- **Amanda Marie Rolon**
  arolon@scott-scott.com

- **Charles E. Schaffer**
  cschaffer@lfsblaw.com,vjennings@lfsblaw.com

- **John Bruce Shely**
  jshely@huntonak.com,rstjulian@huntonak.com,mgaston@huntonak.com

- **Arthur L Shingler , III**
  AShingler@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Destiny T. Stokes**
  dstokes@hunton.com

- **William T Um**
  wum@jassyvick.com,mrios@jassyvick.com

- **Alfred G. Yates , Jr**
  yateslaw@aol.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Alex                    Outwater
Del Mar Law Group, LLP
12250 El Camino Real
Suite 120
San Diego, CA 92130
```