UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON STAFFORD, individually and on behalf of all others similarly situated,<br><br>                          Plaintiff,<br><br>v.<br><br>RITE AID CORPORATION and RITE AID HDQTRS. CORP.,<br><br>                          Defendants. | Lead Case No.: 17-CV-1340 TWR (JLB) (consolidated with No. 18-CV-152 TWR (JLB))<br><br>**ORDER GRANTING PLAINTIFF BRYON STAFFORD'S UNOPPOSED *EX PARTE* APPLICATION FOR CLARIFICATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>(ECF Nos. 287, 290) |

      Presently before the Court is Plaintiff Bryon Stafford's Unopposed *Ex Parte* Application for Clarification of Order Granting in Part and Denying in Part Defendants' Motion for Partial Judgment on the Pleadings ("*Ex Parte* App.," ECF No. 290), in which Plaintiff Stafford requests that the Court clarify that its April 10, 2023 Order Granting in Part and Denying in Part Defendants' Motion for Partial Judgment on the Pleadings (the "Order," ECF No. 287) dismissed without prejudice Plaintiff Stafford's second cause of action for violation of the California Consumers Legal Remedies Act ("CLRA") "only to

the extent the CLRA claim seeks equitable relief such that Plaintiff Stafford would remain entitled to pursue the CLRA claim for damages." (*See Ex Parte* App. at 1.)

As noted in the Order, the Court concluded that "Stafford's claims for equitable relief [we]re . . . facially deficient and warrant[ed] dismissal." (*See* Order at 8 (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)).) "Because Stafford fail[ed] plausibly to allege that he lack[ed] an adequate remedy at law, the Court **GRANT[ED]** Defendants' Motion and **DISMISSE[D]** his claims for equitable relief in their entirety." (*See id.* at 10 (emphasis in original).) To the extent the Court erroneously "**DISMISSE[D] WITHOUT PREJUDICE** Plaintiff Stafford's . . . second cause of action for violation of the CLRA" in its entirety in the Conclusion of the Order, (*see id.* at 10–11 (emphasis in original)), the Court therefore **GRANTS** the *Ex Parte* Application and clarifies the Conclusion of its Order as follows: The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff Stafford's second cause of action for violation of the CLRA only to the extent that his CLRA claim seeks equitable relief.

**IT IS SO ORDERED.**

Dated: April 19, 2023

_____
Honorable Todd W. Robinson
United States District Judge