**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (Bar No. 169077)
amortimer@HuntonAK.com
Kirk A. Hornbeck (Bar No. 241708)
khornbeck@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, CA 90071
Telephone: (213) 532-2000

Attorneys for Defendants
RITE AID CORPORATION and
RITE AID HDQTRS. CORP.

*[Additional Counsel Listed On Signature Page]*

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYON STAFFORD and ELIZABETH DAVIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>RITE AID CORPORATION, and RITE AID HDQTRS. CORP.<br><br>Defendants. | Lead Case No. 3:17-cv-01340-TWR-AHG (Consolidated with Case No. 3:18-cv-00152-TWR-AHG)<br><br>Applicable to *Stafford v. Rite Aid Corporation*, Case No. 3:17-cv-01340-TWR-AHG<br><br>**DEFENDANT RITE AID CORPORATION'S ANSWER TO PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT** |

Defendant Rite Aid Corporation (hereinafter "Defendant") submits this Answer and Affirmative Defenses to Plaintiffs Bryon Stafford and Elizabeth Davis's ("Plaintiffs") Fourth Amended Complaint ("FAC"), filed in the above-captioned case and states as follows:[1]

## NATURE OF THE ACTION

1.     Defendant denies the allegations contained in paragraph 1.

2.     Defendant admits that for the fiscal year ending March 4, 2017, the Retail Pharmacy Segment, as defined in Rite Aid Corporation's 2017 SEC Form 10-K filing (available at https://www.sec.gov/Archives/edgar/data/84129/000104746917003159/a2231929z10-k.htm), had $18.2 billion in prescription drug sales—as opposed to "pharmacy sales" as stated in the as stated in the FAC. Defendant denies the remaining allegations in paragraph 2.

3.     Defendant denies that it owns or operates pharmacy stores.  Defendant admits that in fiscal year 2017, Rite Aid-branded stores filled approximately 302 million prescriptions and served, on average, two million customers per day. Defendant further admits that in fiscal year 2017, prescription drug sales accounted for 68.3% of total drugstore sales for the Retail Pharmacy Segment.  Defendant admits that the *2016 Generic Drug Savings and Access in the United States Report* states that "Generics make up 89% of prescriptions dispensed."  Defendant denies any further characterization of the referenced report, and denies that this report has any relevance in this case.  As to the remaining allegations in paragraph 3, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.

---

[1] Plaintiffs' complaint makes allegations about "Rite Aid," which is defined as meaning both Rite Aid Corporation and Rite Aid Hdqtrs. Corp. ("Rite Aid HQ"). Defendant Rite Aid Corporation answers these allegations solely on its own behalf.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

4.   Defendant admits that generic drugs typically cost less than their brand-name counterparts.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 4 and therefore denies such allegations.

5.   Defendant admits that sales of prescription drugs reimbursed by third-party payors, including the Medicare Part D plans and state sponsored Medicaid and related managed care Medicaid agencies, represented 98.2% of Rite Aid-branded pharmacy sales in fiscal 2017.  As to the remaining allegations in paragraph 5, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.

6.   Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 6 and therefore denies such allegations.

7.   Defendant denies that it owns or operates pharmacy stores.  Defendant admits that Rite Aid-branded pharmacies typically collect copayments from customers at the time their prescription is filled at a Rite Aid-branded pharmacy.  Defendant denies that it engaged "in a false, deceptive, and unfair pricing scheme."  The remaining allegations in paragraph 7 constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies such allegations.

8.   Defendant denies the allegations contained in paragraph 8.

9.   Defendant denies that it owns or operates pharmacy stores.  Defendant further denies that it operates the Rx Savings Program.  Defendant admits the Rx Savings Program offered customers purchasing prescription drugs without insurance the option to purchase hundreds of prescription drugs at $9.99 for a 30-day supply and $15.99 for a 90-day supply.  Defendant denies that Plaintiffs were unaware of the Rx Savings Program prior to May 2017.  Defendant lacks sufficient information or

knowledge to form a belief as to what else was or was not allegedly known by Plaintiffs until May 2017.  Defendant denies the remaining allegations in paragraph 9.

10.    Defendant admits that any member of the general public was eligible to enroll in the Rx Savings Program, if they provided certain personal information and also agreed to its terms and conditions.  The remaining allegations in paragraph 10 constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies these allegations.

11.    Defendant admits that the Rx Savings Program was created in 2008. Defendant denies that it has "purposefully disregarded the RSP Prices in setting its 'usual and customary' prices for the drugs when they are sold to customers using insurance for their purchase," and that it "submitted falsely inflated `usual and customary' prices for the drugs to third-party payors, and in the process, overcharged customers paying for the drugs with insurance by collecting falsely inflated copayments."  Defendant denies that Plaintiffs were unaware of the Rx Savings Program prior to May 2017.  Defendant lacks sufficient information or knowledge to form a belief as to what else was or was not allegedly known by Plaintiffs until May 2017.  The remaining allegations in this paragraph constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies these allegations.

12.    Defendant denies the allegations in paragraph 12.

13.    Defendant denies the allegations in paragraph 13.

14.    Defendant denies that it owns or operates pharmacy stores.  Defendant admits that any member of the general public was eligible to enroll in the Rx Savings Program, if they provided certain personal information and also agreed to its terms and conditions.  Defendant denies that the Rx Savings Program was not advertised in any Rite Aid-branded pharmacies.  Defendant admits that Plaintiffs' description in footnote 5 of the function of pharmacy benefit managers is generally accurate, though

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Defendant lacks sufficient information or knowledge to form a belief as to the truth of whether that description is accurate in all circumstances, and therefore denies the allegations to the extent it states that it absolutely does.  Defendant denies that pharmacists at Rite Aid-branded pharmacies never advised customers about the Rx Savings Program or its pricing.  As to the remaining allegations in paragraph 14, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.

15.     Defendant denies that it owns or operates pharmacy stores and therefore denies that it reports prices to third-party payors.  Defendant denies that a customer would not be able to ascertain whether his/her co-pay exceeded prices available through the Rx Savings Program.  Defendant denies any "illegal scheme" or that Rite Aid-branded stores reported inflated "usual and customary" prices.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 15 and therefore denies such allegations.

16.     Defendant denies that it owns or operates pharmacy stores.  Further, the allegations in paragraph 16 constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph 16.

## JURISDICTION AND VENUE

17.     The allegations in this paragraph constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies these allegations.

18.     The allegations in this paragraph constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies these allegations.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1

**THE PARTIES**

2    19.    Defendant denies that it owns or operates pharmacy stores in California,

3    all of which are owned and operated by Thrifty Payless, Inc.  Defendant admits that

4    Plaintiff Stafford carried private health insurance and purchased prescription drugs

5    from Rite Aid-branded pharmacies located in California between January 2015 and

6    December 2017.  Defendant, however, denies that Plaintiff Stafford's purchases of

7    prescription drugs from Rite Aid-branded pharmacies began in or around January

8    2015.  Defendant lacks sufficient information or knowledge to form a belief as to the

9    truth of the remaining allegations in paragraph 19 and therefore denies such

10   allegations.

11   20.    Defendant denies that it owns or operates pharmacy stores in California,

12   all of which are owned and operated by Thrifty Payless, Inc.  Defendant lacks

13   sufficient information or knowledge to form a belief as to the truth of the remaining

14   allegations in paragraph 20 and therefore denies such allegations.

15   21.    Defendant admits that Plaintiff Stafford made purchases of generic

16   prescription drugs that were "contained on the RSP formulary" and that at least some

17   of those purchases were covered by Plaintiff Stafford's insurance.  Defendant lacks

18   sufficient information or knowledge to form a belief as to the truth of the remaining

19   allegations in paragraph 21 and therefore denies such allegations.

20   22.    Defendant denies the allegations in paragraph 22.

21   23.    Defendant denies that it owns or operates pharmacy stores in California,

22   all of which are owned and operated by Thrifty Payless, Inc.  Defendant further denies

23   that it has engaged in any "wrongful conduct," or that it will engage in "wrongful

24   conduct" in the future.  Defendant lacks sufficient information or knowledge to form a

25   belief as to the truth of the remaining allegations in paragraph 23 and therefore denies

26   such allegations.

27   24.    Defendant denies the allegations in paragraph 24.

28

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

25.    Defendant admits that Rite Aid Corporation is a corporation organized and existing under the laws of the State of Delaware and its headquarters is located at 1200 Intrepid Ave., Philadelphia, Pennsylvania.  Defendant admits to the remaining allegations in paragraph 25.

26.    Defendant admits that Rite Aid Hdqtrs. Corp. ("Rite Aid HQ") is a corporation organized and existing under the laws of the State of Delaware and its headquarters is located at 1200 Intrepid Ave., Philadelphia, Pennsylvania.  Defendant admits that Rite Aid HQ was incorporated in 1984.  Defendant denies that Rite Aid HQ "does business as" Rite Aid Corporation.

27.    Defendant denies that it owns or operates pharmacy stores.  Defendant admits to the remaining allegations in paragraph 27.

28.    Defendant admits that as of March 4, 2017, its subsidiaries operated 4,536 stores in thirty-one states of the United States and the District of Columbia, including 582 stores, three distribution centers and locations in Woodland (513,000 and 200,000 sq. ft.) and Lancaster (914,000 sq. ft.), California, and a 32,000 square foot storage facility and a 55,600 square foot ice cream manufacturing facility in El Monte, California.  Defendant denies the remaining allegations in paragraph 28.

## BACKGROUND

### The Process for Paying for Prescription Drugs[2]

29.    Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 29 and therefore denies such allegations.

30.    Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 30 and therefore denies such allegations.

---

[2] For ease of reference, Defendant includes the section headings from the FAC in this answer. Defendant does not incorporate or admit any allegation contained in those section headings. To the extent any section heading calls for a response, Defendant denies the allegations in such section heading.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

31.    Defendant admits that the National Council for Prescription Drug Programs (the "NCPDP") purports to be a not-for-profit, multi-stakeholder forum for developing and promoting industry standards and business solutions that improve patient safety and health outcomes, while also decreasing costs.  Defendant denies that the NCPDP standards control where they are contradicted and/or superseded by private insurance contracts.  The allegations in footnote 7 to paragraph 31 constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies such allegations.  As for the remaining allegations in paragraph 31, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.

32.    Defendant denies that it owns or operates pharmacy stores.  Defendant admits that the remaining allegations in paragraph 32 are typically accurate for Rite Aid-branded pharmacies where the customer purchases prescription drugs using his or her insurance but lacks sufficient information or knowledge to form a belief as to the truth of those allegations as applying to all such transactions and therefore denies such allegations.

33.    Defendant admits that the NCPDP provides a standardized form for Rite Aid-branded pharmacies to complete and send to third-party payors when filling prescriptions and that this form includes the Transmission Pricing Record Field No. 426-DQ, where pharmacies may report a "usual and customary" price of the prescription being filled.  Defendant denies that Rite Aid-branded pharmacies are required in all instances to report the "usual and customary" prices of prescriptions being filled.  Defendant admits that the quoted portions paragraph 33 appear in the NCPDP Reference Manual on Flat File Format and California's Medi-Cal provider agreement form DHCS 6208, in at least certain versions of those documents. Defendant denies any further characterization of the quoted passages.  Defendant further denies that these documents have any relevance in this case.  The remaining

allegations in this paragraph constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies these allegations.

34.    Defendant admits that quoted portions of paragraph 34 appear in the Express Scripts, Inc.'s Pharmacy Network Manual and Prime Therapeutics LLC's Pharmacy Provider Manual, in at least certain versions of those documents. Defendant denies any further characterization of the quoted passages in paragraph 34. Defendant further denies that these manuals have any relevance in this case.  As for the remaining allegations in paragraph 33, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.

35.    Defendant denies that it owns or operates pharmacy stores and therefore denies it is reimbursed by third-party payors.  Defendant admits that the allegations in paragraph 35 regarding the reimbursement of the remainder of the drug price by third-party payors after payment of the copayment are typically accurate for Rite Aid-branded pharmacies where the customer purchases prescription drugs using his or her insurance, but lacks sufficient information or knowledge to form a belief as to the truth of those allegations as applying to all such transactions and therefore denies such allegations.  As for the remaining allegations in paragraph 35, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.

36.    Defendant admits that in some situations customer copayments may only be charged as a percentage of the "usual and customary" price.  As for the remaining allegations in paragraph 36, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.

37.    Defendant admits that, since 2015, Rite Aid Corporation has owned Elixir Rx Solutions, LLC (formerly known as EnvisionRx and Envision RxOptions)

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

("Elixir"). Defendant further admits that Elixir is a pharmacy benefit manager ("PBM"), and that, as part of its operations, Elixir provides pharmacy benefit management services, including claims processing. As for the remaining allegations in paragraph 37, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.

38.     Defendant admits that quoted portions of paragraph 38 appear in at least certain versions of the EnvisionRx Provider Portal Supplemental Policies, Procedures, and Regulations manual.  Defendant denies any further characterization of the quoted passage in paragraph 38.  Moreover, Defendant denies that this document has any relevance in this case.

**Big Box Retailers Exert Substantial Pressure on Generic Drugs**

39.     Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 39 and therefore denies such allegations.

40.     To the extent paragraph 40 purports to quote, reference, or characterize statements by the Centers for Medicaid and Medicare Services ("CMS"), Defendant lacks sufficient information to or knowledge to form a belief as to the accuracy of those allegations and therefore denies such allegations.  Defendant denies further characterization of such statements, and denies that these statements have any relevance in this case.  As for the remaining allegations of paragraph 40, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.

41.     Defendant admits that Rite Aid-branded stores launched the Rx Savings Program in 2008, and that individuals were not charged a fee to enroll in the Rx Savings Program.  Defendant further admits that individuals wishing to join the Rx Savings Program were required to provide certain personal information and agree to its terms and conditions, and that the Rx Savings Program allowed any customer purchasing prescription drugs without insurance to purchase certain specified

prescriptions at prices listed in the Rx Savings Program formulary, and there were over 350 prescription drugs in various dosages on the formulary list.  Defendant denies that Plaintiffs' description of the Rx Savings Program is accurate, including, without limitation, because it is incomplete.  As for the remaining allegations of paragraph 41, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.

42.   Defendant denies that Rx Savings Program was not advertised in Rite Aid-branded pharmacies.  Defendant admits that the Rx Savings Program was not a limited or one-time offer, that the Rx Savings Program was not a health insurance policy or intended as a substitute for insurance, that the Rx Savings Program was offered to customers for multiple years, and that the Rx Savings Program allowed any customer purchasing prescription drugs without insurance to purchase those prescriptions at prices listed in the Rx Savings Program formulary.  Defendant denies that the Rx Savings Program was not a "third-party plan" because the Rx Savings Program was always administered by third parties.  As for the remaining allegations of paragraph 42, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.

43.   Defendant admits that quoted portions of paragraph 43 appear in at least certain versions of the CMS Manual.  Defendant denies any further characterization of the quotations.  Defendant further denies that the CMS Manual has any relevance in this case.  Defendant denies that the prices charged under the Rx Savings Program were the prices Rite Aid-branded pharmacies charged to the "general public."  The remaining allegations in this paragraph constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies these allegations.

44.     The allegations in paragraph 44 constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies these allegations.

## A SPECIAL RELATIONSHIP EXISTS BETWEEN RITE AID AND MEMBERS OF THE CLASS

45.     Defendant denies that it owns or operates pharmacy stores.  As for the remaining allegations of paragraph 45, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.

46.     Defendant admits that quoted portions of paragraph 46 appear in the September 2007 article in *Pharmacy Times.*  Defendant denies any further characterization of the quoted passage and denies that the article has any relevance in this case.  Defendant denies the remaining allegations in paragraph 46.

47.     Defendant denies that the quoted passage in paragraph 47 appears on Rite Aid.com.  Defendant denies any further characterization of this purported quotation, and Defendant denies that this statement has any relevance in this case.

48.     To the extent paragraph 48 purports to quote, reference, or characterize a statement attributed to Defendant, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.  Defendant denies any further characterization of this purported quotation and denies that the statement has any relevance in this case.

49.     To the extent paragraph 49 purports to quote, reference, or characterize a statement Plaintiffs attribute to Defendant, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.  Defendant denies any further characterization of this purported quotation, and Defendant denies that the statement has any relevance in this case.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## RITE AID ILLEGALLY INFLATES ITS "USUAL AND CUSTOMARY" PRICE

50.     Defendant denies the allegations in paragraph 50.

51.     Defendant denies the allegations in paragraph 51.

52.     Defendant admits that, since 2015, Rite Aid Corporation has owned Elixir Rx Solutions, LLC (formerly known as EnvisionRx and Envision RxOptions) ("Elixir"). Defendant further admits that Elixir is a pharmacy benefit manager ("PBM"), and that, as part of its operations, Elixir provides pharmacy benefit management services, including claims processing. Defendant denies the remaining allegations in paragraph 52.

53.     Defendant denies that it owns or operates pharmacy stores and therefore denies it charges prices to customers using insurance to purchase prescriptions. Defendant admits that there are contracts, including pharmacy agreements and manuals, establishing the prices that can be charged to insured customers for prescription drugs.  As for the remaining allegations in paragraph 53, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.

54.     Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 54 and therefore denies such allegations.

55.     Defendant denies the allegations in paragraph 55.

56.     Defendant denies the allegations in paragraph 56.

57.     Defendant denies the allegations in paragraph 57.

58.     Defendant denies the allegations in paragraph 58.

59.     Defendant denies the allegations in paragraph 59.

60.     Defendant denies the allegations in paragraph 60.

61. Defendant denies the existence of any "scheme."  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 61 and therefore denies such allegations.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies that it owns or operates pharmacy stores and therefore denies that it charges prices to customers using insurance to purchase prescriptions. Defendant denies that the Rx Savings Program prices were the "usual and customary" prices for all putative class members.  As for the remaining allegations in paragraph 63, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies that it owns or operates pharmacy stores and therefore denies it submits any prices to third-party payors.  Defendant further denies any practice of illegally submitting inflated "usual and customary" prices to third-party payors.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 65 and therefore denies such allegations.

66. Defendant denies the allegations in paragraph 66.

## CLASS ALLEGATIONS

67. The allegations in this paragraph constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies that a class can be certified as defined and denies that this matter is appropriate for class certification.

68. The allegations in this paragraph constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies that a class can be certified as defined and denies that this matter is appropriate for class certification.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

69.     The allegations in this paragraph constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies that a class can be certified as defined and denies that this matter is appropriate for class certification.

70.     The allegations in this paragraph constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies that a class can be certified as defined and denies that this matter is appropriate for class certification.

71.     The allegations in this paragraph constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies that a class can be certified as defined and denies that this matter is appropriate for class certification.

72.     The allegations in this paragraph constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies that a class can be certified as defined and denies that this matter is appropriate for class certification.

73.     The allegations in this paragraph constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies that a class can be certified as defined and denies that this matter is appropriate for class certification.  Defendant further denies the remaining allegations in paragraph 73.

74.     The allegations in this paragraph constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies that a class can be certified as defined and denies that this matter is appropriate for class certification.

75.     The allegations in this paragraph constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

denies that a class can be certified as defined and denies that this matter is appropriate for class certification.

## **TOLLING OF THE STATUTE OF LIMITATIONS**

76.     Defendant denies that Plaintiffs did not have actual knowledge of the Rx Savings program.  Defendant denies that Plaintiffs or the other members of the putative class did not have constructive knowledge of the facts constituting their claims until recently.  As for the remaining allegations in paragraph 76, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.

77.     Defendant denies that Plaintiffs did not discover the Rx Savings Program until recently.  Defendant denies that Plaintiffs or the other members of the putative class could not have discovered through the exercise of reasonable diligence the existence of the allegations underlying their claims until recently.  Defendant denies that it has engaged in any "unlawful conduct."  As for the remaining allegations in paragraph 77, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.

78.     Defendant denies the allegations in paragraph 78.

79.     Defendant denies that it engaged in any "secret scheme."  Defendant denies that Plaintiffs or putative Class members paid artificially inflated prices.  Defendant denies that it engaged in any unlawful conduct.  As for the remaining allegations in paragraph 79, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.

80.     Defendant denies the allegations in paragraph 80.

81.     Defendant denies the allegations in paragraph 81.

82.     Defendant denies the allegations in paragraph 82.

83.     Defendant denies the allegations in paragraph 83.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

84.     Defendant denies that it engaged in, or affirmatively concealed, any "scheme."  Defendant denies that Plaintiffs and the putative Class members did not have sufficient information to cause a reasonably diligent person to investigate.  As for the remaining allegations in paragraph 84, Defendant lacks sufficient information or knowledge to form a belief as to the truth of those allegations and therefore denies such allegations.

85.     Defendant denies any "active concealment."  The remaining allegations paragraph 85 constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies these allegations.

86.     Defendant denies the allegations in paragraph 86.

## COUNT I

### Against Defendants, on Behalf of the Subclass, for Violation of California Unfair Competition Law

87.     Defendant incorporates all preceding paragraphs as though fully set forth herein.

88.     Defendant admits that Plaintiff Stafford purports to bring this claim individually and behalf of the members of a putative subclass.  However, to the extent that a response is required, Defendant denies that a class can be certified as defined and denies that this matter is appropriate for class certification.

89.     The allegations in paragraph 89 constitute legal or other conclusions to which no response is required.

90.     Defendant denies the allegations in paragraph 90.

91.     Defendant denies the allegations in paragraph 91.

92.     Defendant lacks sufficient information or knowledge to form a belief as to the truth of what influenced or would have influenced Plaintiff Stafford's or the putative subclass' prescription drug purchase decisions and therefore denies such allegations.  Defendant denies the remaining allegations in paragraph 92.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

93.   Defendant denies the allegations in paragraph 93.

94.   The allegations in paragraph 94 constitute legal or other conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 94.

## COUNT II

### Against Defendant, on Behalf of the Subclass, for
### Violation of California Consumer Legal Remedies Act

95.   Defendant incorporates all preceding paragraphs as though fully set forth herein.

96.   Defendant admits that Plaintiffs bring this claim individually and behalf of the members of a putative subclass.  However, to the extent that a response is required, Defendant denies that a class can be certified as defined and denies that this matter is appropriate for class certification.

97.   The allegations in paragraph 97 constitute legal or other conclusions to which no response is required.

98.   The allegations in paragraph 98 constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies these allegations.

99.   The allegations in paragraph 99 constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies these allegations.

100.   The allegations in paragraph 100 constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies these allegations.

101.   Defendant denies the allegations in paragraph 101.

102.   Defendant denies the allegations in paragraph 102.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

103.   Defendant admits that a letter dated June 15, 2017 was received on or around June 19, 2017 purporting to provide notice of Plaintiff Stafford's California Consumer Legal Remedies Act ("CLRA") claim.  The remaining allegations in paragraph 103 constitute legal or other conclusions to which no response is required. To the extent that a response is required, Defendant denies these allegations.

104.   Defendant denies that it had any obligation to provide any relief, given that it denies that it violated any provision of the CLRA.  The remaining allegations in paragraph 104 constitute legal or other conclusions to which no response is required. To the extent that a response is required, Defendant denies these allegations.

105.   The allegations in paragraph 105 constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies these allegations.

106.   Defendant lacks sufficient information or knowledge to form a belief as to the truth of what influenced or would have influenced Plaintiffs' or the putative subclass' prescription drug purchase decisions and therefore denies such allegations. Defendant denies the remaining allegations in paragraph 106.

107.   Defendant lacks sufficient information or knowledge to form a belief as to the truth of what influenced or would have influenced Plaintiffs' or the putative subclass' prescription drug purchase decisions and therefore denies such allegations. Defendant denies the remaining allegations in paragraph 107.

## COUNT III

**Against Defendants, on Behalf of the Class and Subclass,
for Unjust Enrichment**

108.   Defendant incorporates all preceding paragraphs as though fully set forth herein.

109.   Defendant denies the allegations in paragraph 109.

110.   Defendant denies the allegations in paragraph 110.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

111.   Defendant denies the allegations in paragraph 111.

112.   Defendant denies the allegations in paragraph 112.

113.   The allegations in paragraph 113 regarding the dictates of "the common law doctrine of unjust enrichment" constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies these allegations.  Defendant denies the remaining allegations in paragraph 113.

114.   Defendant denies the allegations in paragraph 114.

115.   The allegations in paragraph 115 constitute legal or other conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 115.

## COUNT IV

### Against Defendants, on Behalf of the Class and Subclass, for Negligent Misrepresentation

116.   Defendant incorporates all preceding paragraphs as though fully set forth herein.

117.   The allegations in paragraph 117 constitute legal or other conclusions to which no response is required.  To the extent that a response is required, Defendant denies these allegations.

118.   Defendant denies the allegations in paragraph 118.

119.   Defendant denies the allegations in paragraph 119.

120.   Defendant denies the allegations in paragraph 120.

121.   Defendant denies the allegations in paragraph 121.

122.   Defendant denies the allegations in paragraph 122.

123.   The allegations in paragraph 123 constitute legal or other conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 123.

## **PRAYER FOR RELIEF**

Defendant denies that Plaintiffs or anyone they seek to represent is entitled to any relief whatsoever, including any of the relief demanded in the FAC or Prayer for Relief.

## **AFFIRMATIVE DEFENSES**

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Defendant' knowledge, information, and belief at this time.  Defendant specifically reserves the right to modify, amend, or supplement any defense contained herein at any time.  Without admitting any of the allegations of the FAC and without admitting or acknowledging that Defendant bears any burden of proof, Defendant asserts the following affirmative defenses:

## **FIRST AFFIRMATIVE DEFENSE**

### **(Arbitration)**

1.     The FAC and each of the causes of action are not properly before this Court because they are inextricably based on the enforcement of third-party contracts that contain mandatory arbitration provisions that do not permit class action arbitration.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Personal Jurisdiction)**

2.     The Court lacks jurisdiction over Defendant for any absent class member's claims because Defendant does not maintain its principal place of business in California, is not incorporated in California, and has no activities in California that give rise to or relate to Plaintiffs' claims.  Further, the Court lacks personal jurisdiction over Defendant with respect to claims of any putative class members who were not California residents at the time of the purchases underlying their claims and did not make those purchases in California.  The mere fact that non-residents

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

purchased prescriptions in other states and allegedly suffered the same injury as Plaintiffs does not allow California to assert personal jurisdiction over Defendant for the non-residents' claims. *See* Dkt. Nos. 19-1, 32-1; *Carpenter v. PetSmart Inc.,* 2020 WL 996947 at *5 (S.D. Cal. Mar. 2, 2020).

## THIRD AFFIRMATIVE DEFENSE

### (Improper Party)

3.      Rite Aid Corporation is not a proper party to this action.  Rite Aid Corporation is purely a holding company with no operations of its own.  Rite Aid Corporation's operating subsidiary – which has oversight over Rite Aid-branded pharmacies – is Rite Aid HQ.  The Rite Aid- branded pharmacies at issue in this case are owned and operated by Thrifty Payless, Inc., a subsidiary of Rite Aid Corporation.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

4.      The FAC and each of the causes of action are barred, in whole or in part, by any and all applicable statutes of limitations including without limitation Cal. Civ. Code § 1783 (CLRA), Cal. Civ. Proc. Code § 338(d) (Negligent Misrepresentation and Unjust Enrichment), and Cal. Bus. & Prof. Code § 17208 (UCL).

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel Waiver)

5.      Plaintiffs and all members of the putative class that they seek to represent have waived and are estopped from asserting any and all claims, rights, and demands made in the FAC.  Plaintiffs and putative class members purchased prescription drugs with insurance and failed to invoke rights to alter or stop their third-party payors' approval of the reported prescription drug prices, even though they had actual or constructive knowledge of their option to join and/or make purchases through the Rx Savings Program as well as the prices being reported as usual and customary for those purchases, which were printed on receipts.  Further, Plaintiffs' and putative class

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

members' third-party payors, with actual or constructive knowledge of the existence of the Rx Savings Program, accepted and approved prescription drug prices Defendant reported for purchases made by Plaintiffs and all members of the putative class. Therefore, Plaintiffs and/or the putative class members have knowingly waived their rights to now complain about not receiving the Rx Savings Program prices.

## SIXTH AFFIRMATIVE DEFENSE

### (Contractual Standing)

6.     The FAC and each of the causes of action are barred, in whole or in part, because they are inextricably based on enforcement of contractual obligations that they, as third parties, have no right to enforce.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

7.     Plaintiffs and all members of the putative class that they seek to represent failed to take reasonable steps to protect themselves from the damage or injury alleged in the FAC and failed to mitigate any such alleged damage or injury, including failing to join and/or make purchases through the Rx Savings Program, of which they had actual or constructive knowledge, and instead choosing to continue using their insurance to purchase prescription drugs from Rite Aid-branded pharmacies, and failing to invoke rights to alter or stop their third-party payors' approval of the reported prescription drug prices.

## EIGHTH AFFIRMATIVE DEFENSE

### (Voluntary Payment)

8.     The FAC and each of the causes of action are barred, in whole or in part, by Plaintiffs' and each putative class member's knowing and voluntary payment of the sums in dispute.  Plaintiffs and putative class members knew and agreed to the amount to be paid in exchange for the prescriptions being purchased, prior to making their purchases.  The amount Plaintiffs and putative class members agreed to pay is the

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

amount paid by Plaintiffs and putative class members for their prescriptions and the amount was communicated to them and their third-party payors prior to the purchases.

## NINTH AFFIRMATIVE DEFENSE

### (Set-Off)

9.     Any damages awarded to Plaintiffs and putative class members are subject to a set-off of all sums due and owing to Defendant, or the reasonable value of the prescriptions that Plaintiffs and the putative class received from Defendant. Plaintiffs and putative class members have had access to and the ability to utilize the prescriptions at issue since the time they made their purchases.

## TENTH AFFIRMATIVE DEFENSE

### (Windfall Damages)

10.     Plaintiffs' request for damages and the request for damages by the putative class that Plaintiffs seek to represent are barred because the damages they seek would result in Plaintiffs and putative class members receiving more money than they are entitled to because the prescriptions Plaintiffs and putative class members purchased were worth the purchase prices paid.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

11.     The FAC and each of the causes of action are barred, in whole or in part, by the doctrines of laches, given their actual or constructive knowledge of the existence of the Rx Savings Program and the Rite Aid-branded pharmacies' reporting of usual and customary prices, and unreasonable and prejudicial delay in suing Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

12.     The FAC and each of the causes of action are barred, in whole or in part, by the doctrine of accord and satisfaction because Plaintiffs and putative class

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

members agreed to accept the prescriptions they purchased for the prices paid. Plaintiffs have furthermore never complained about the quality of the prescriptions nor attempted to return them and has not invoked rights to alter or stop their third-party payors' approval of the reported prescription drug prices.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Consent)

13. The FAC and each of the causes of action are barred, in whole or in part, by the doctrine of consent. Plaintiffs and putative class members consented to or voluntarily participated in all actions alleged in the FAC because they intended to make their purchases and agreed to the amount to be paid in exchange for the prescriptions being purchased. Plaintiffs and putative class members were specifically informed of the amount they would pay prior to their purchases and the Rx Savings Program was widely publicized.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

14. The FAC and each of the causes of action are barred, in whole or in part, by the doctrine of ratification. Plaintiffs and putative class members subsequently ratified the alleged conduct of Defendant because, after learning or despite having knowledge of the allegedly wrongful conduct, Plaintiffs and putative class members continued to make purchases using their insurance instead of joining and/or purchasing through the Rx Savings Program and failed to invoke rights to alter or stop their third-party payors' approval of the reported prescription drug prices.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

15. The FAC and each of the causes of action are barred, in whole or in part, by the doctrine of unclean hands.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

16.     To the extent Plaintiffs and the putative class members seek equitable relief against Defendant, they are not entitled to that relief because they have an adequate remedy at law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

17.     Plaintiffs have failed to join indispensable parties, including third-party payors, such that the FAC is defective, and he and putative Class members are thereby precluded from any recovery whatsoever as prayed for therein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Absence of Intent)

18.     To the extent Defendant engaged in any wrongful conduct, which Defendant expressly denies, such conduct was not willful and/or knowledgeable.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

19.     The FAC and each of the causes of action are barred, in whole or in part, because the alleged damages are speculative and because of the impossibility of the ascertainment and allocation of these alleged damages.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Good Faith Compliance)

20.     Plaintiffs' claims and the claims of the putative class that Plaintiffs seek to represent are barred, in whole or in part, on the ground that Defendant has acted in good-faith compliance with federal and California law, or was otherwise engaged in proper, justified, and/or privileged conduct, including without limitation based on the following:  Cal. Health & Safety Code § 1371.22 and Cal. Bus. & Prof. Code § 657(c), which provide that prices offered through discounted fee programs offered to

---

uninsured customers cannot be deemed a health care provider's usual and customary fee; and Cal. Code Regs. Tit. 28, § 1300.67.24(c)(1), (f), which mandates that prescription drug benefit provider contracts include provisions requiring the insured customers be charged the lesser of their copayment or "retail" price (not usual and customary price).  Further, Defendant complied at all relevant times with accepted industry practices, customs, and procedures.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unintentional)

21.    The FAC and each of the causes of action are barred, in whole or in part, because Defendant's alleged wrongful conduct was unintentional and/or resulted from a bona fide error, despite reasonable procedures to avoid such an error, because Defendant did not intend to deceive consumers.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Contributory Negligence)

22.    The FAC and each of the causes of action are barred, in whole or in part, by Plaintiffs' and putative Class members' contributory negligence.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Remedies)

23.    The FAC and each of the causes of action are barred, in whole or in part, by Plaintiffs' and the putative Class members' failure to exhaust contractual and/or administrative remedies.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Third-Party Fault)

24.    Any loss, injury or damage to Plaintiffs and the putative class was proximately caused or contributed to by the negligent or tortious acts, omissions, conduct, of persons, entities, or parties other than Defendant, and any and all damages recoverable by Plaintiffs and the putative class must be diminished in proportion to

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

the amount of fault attributable to said other parties as an offset against damages, if any, awarded against Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Superseding/Intervening Causation)

25.     Any loss, injury, or damage, if any, incurred by Plaintiffs and all members of the putative class that they seek to represent was the result of superseding or intervening causes arising from the negligent or willful acts or omissions of other parties which Defendant neither controlled nor had the right to control, and that said loss, injury, or damage was not proximately caused or legally caused by any act, omission, or other conduct of Defendant.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Standing)

26.     Plaintiffs and putative class members have no standing or right to sue for the claims alleged, and therefore they fail to state facts sufficient to constitute a cause of action against Defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Subject Matter Jurisdiction)

27.     The Court lacks subject matter jurisdiction over an alleged nationwide class action because Plaintiffs lack Article III standing to assert claims based on the laws of other states.  Plaintiffs effectively seek to represent 50 state-specific subclasses for violations of the common law claims of each of those 50 states but he has no traceable injury to violations of those laws, having only purchased prescriptions in California.  *See Carpenter v. PetSmart Inc.,* 2020 WL 996947 at *8 (S.D. Cal. Mar. 2, 2020).

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

28.   The FAC and each of the causes of action fail to state a claim upon which relief can be granted, and insofar as any cause of action in the FAC sounds in fraud, the FAC fails to plead fraud with particularity.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Fulfillment of Contractual Obligations)**

29.   The FAC and each of the causes of action are barred, in whole or in part, because they are based on alleged breaches of obligations that are governed by contracts between Defendant and third-party payors or pharmacy benefit managers, and Defendant complied with its contractual obligations.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Economic Loss Doctrine)**

30.   The FAC and each of the causes of action are barred, in whole or in part, because Plaintiffs seek to recover in tort for the alleged breach of contractual obligations owed by Defendant to third parties.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(UCL Safe Harbor)**

31.   Plaintiffs' First cause of action is barred because California law does not allow a plaintiff to bring a UCL claim where federal or state law legalizes the defendant's practice. *See Augustine v. FIA Card Servs., N.A.,* 485 F. Supp. 2d 1172, 1176 (E.D. Cal. 2007); *see also, e.g.,* Cal. Health & Safety Code § 1371.22 (providing that prices offered through discounted fee programs offered to uninsured customers cannot be deemed a health care provider's usual and customary fee); Cal. Bus. & Prof. Code § 657(c) (same); Cal. Code Regs. Tit. 28, § 1300.67.24(c)(1), (0 (mandating that prescription drug benefit provider contracts include provisions requiring the insured

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

---

DEFENDANT'S ANSWER TO FOURTH AMENDED COMPLAINT
Lead Case No. 3:17-cv-01340-TWR-AHG

customers be charged the lesser of their copayment or "retail" price, not usual and customary price).

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

32.     Defendant specifically reserves all separate or additional defenses that it may have against Plaintiffs or any member of the putative class.  It is not necessary at this time for Defendant to delineate such defenses against the putative class because no class has been certified and the putative class members are not parties to the litigation.  Defendant also specifically reserves the right to assert in response to the FAC any additional or different defenses and affirmative defenses based on information or knowledge obtained during discovery or investigation and/or based on the particular circumstances of the class members in the event a class is certified.

### PRAYER

WHEREFORE, Defendant respectfully requests that:

1.     That Plaintiffs take nothing by this action;

2.     That judgment be entered in favor of Defendant and against Plaintiffs;

3.     That Defendant be awarded the costs of suit herein incurred;

4.     That Defendant be awarded its attorneys' fees according to proof; and

5.     That the Court award Defendant such other and further relief as the Court may deem proper.

Dated:   May 16, 2023            **HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer
Kirk A. Hornbeck


By:  */s/ Kirk A. Hornbeck*
Kirk A. Hornbeck

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Neil K. Gilman (*pro hac vice*)
District of Columbia Bar No. 449226
ngilman@HuntonAK.com
Christopher J. Dufek (*pro hac vice*)
District of Columbia Bar No. 1020954
cdufek@HuntonAK.com
Destiny T. Stokes (Bar No. 343002)
dstokes@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Ave., N.W.
Washington, D.C. 20037
Telephone: (202) 955-1500

John B. Shely (*pro hac vice*)
Texas Bar No. 18215300
jshely@HuntonAK.com
Courtney B. Glaser (*pro hac vice*)
Texas Bar No. 24059824
cglaser@HuntonAK.com
Kelsey J. Hope (*pro hac vice*)
Texas Bar No. 24092538
khope@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
600 Travis Street
Houston, TX 77002
Telephone: (713) 220-42003

Attorneys for Defendants
RITE AID CORPORATION and
RITE AID HDQTRS. CORP.

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

---

DEFENDANT'S ANSWER TO FOURTH AMENDED COMPLAINT
Lead Case No. 3:17-cv-01340-TWR-AHG

1

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2023, I electronically filed the foregoing document with the Clerk of the Court of the United States District Court for the Southern District of California by using the Court's CM/ECF System and served a copy of the same upon all counsel of record via the Court's electronic filing system.

By:   */s/ Kirk A. Hornbeck*
Kirk A. Hornbeck